EXHIBIT (A) 10 Pages

9-4-2023

To whom it may concern.

Let it be known that in April of the year 2015 Mike M. Demora was the victim of wrong doing by his wife at the time michelle Demora AKA mickey michelle Shoemaker of Kuna Idaho.

MRS. Demora is a very mentaly unstabel person who premeditated and put in to Action acts that resulted in mike Demoras Arrest for A probation violation for domestic violence and assult with a deadly weapon.

I know this to be true becouse she (MRS. Demora) brain washed me into her big plan as she liked to refere to it as being.

I've known Mickey Shoemaker sence we were 13-14 years of age we grew-up in Kuna Idaho were we went to school with each other, mickey always had a big crush on me wanted us to be a coupel even offered her verginity to me, I never had a physical relationship with her I noticed at our young age that she was very unstabel. always claiming

2)

that she was being picked on being bullied
by everyone, Always missing school because
she was affraid to be there when in fact
it was all in her demented mind.
she has always played the victim
card always needing to be the center
of attention always the drama Queen.
a month prior to mike being arrested
we (mike mickey and myself) had been
invited to a Bar-B-Que at a mutual
friends house, mickey sent me a text
message through face book wanting
to know if I was going to be there
she was dying to see me as we hadn't
seen each other in over 25 years.
I told her yes I would be there.
After the Bar-B-Que I continued
to get text messages on a daily basis
her wanting to see me, saying her
marriage was not working that she
was filling for a devorse that
mike was abusing her and told me
that he was in prison when they met
on line and he had a record of
domestic violence with his ex-wife
and that he was doing the same to

3.) 

her. She wanted help getting away from him. Started telling me how much she wanted to be with me that she always loved me and wanted us to be together. She knew I was homeless at the time living in my motor home in my friends back yard. Said she wanted me to come live with her and have the relationship she always dreamed we would have back in high school.

I told mickey I wasn't going to get involved with a married women but she was very persistent, continued to text and call me, filling my head with all kinds of bad things that mike was suppose to be doing, talked me into coming over to hang out on several ocations when I didn't notice any wrong doing. mike was a very nice and pleasant person to be around.

After a month of every day texting and phone calls And mickey sneaking around to see me, I ran into mickey at the Albertsons in kuna, she was very upset or so she seemed

Told me that mike was all wasted on pain pills and abusing her. I didn't see any physical signs of abuse, she said she was affraid to go home, she was only suppose to go to the store for cigerettes and come right back and had been gone over an hour and It shouldn't have taken any more then 30 min, at the most mike called her on the phone while we were talking she answered told him she was with me and of course he was upset any man would have been upset that their wife was with another man, she said mike was made because he had found and read the text messages that she had been sending me - I said what do you expect, he has a right to be mad. I told her she needed to go home and straighten things out, she wanted to know if I would help her if he started to abuse her I said only if he is getting physicaly abusive before she left she gave me a big kiss and told me she was putting her big plan to work

I said plan what plan she didn't go into detail just said mike is on probation and she was going to get him violated so he would go back to prison and out of the house and out of the way he would go to prison for sevrel years and during that time she would file and get a devorse. I told her I wanted Not part of it and not to call unless he was phyzcaly abusing her, literaly beating her like she had said he does. She left to go home, less then 10 min had passed and I was getting text messages from mickey saying mike was trying to drowned her in the bathtub trying to kill her strageling her, I told her I would come out a pick her up but she had better not be lying to me. She said stick to the plan, I said I know nothing about any plan and he better be doing what she claimed if she expects any help from me. that was the last communication I had she stop texting I paniced

0.

didn't know what to think or what to do I promised I would help and would feel bad if she was in fact being physicaly abused And I didn't show up.

when I went to my pick-up I suddenly realized I left my keys on the dash of her pick-up when I was in it talking to her - tryed to text her but continued to get ~~too~~ No answer. I ran 4 blocks to a friends house told him the situation and he let my barrow his truck. I drove to mr- and mrs. Demoras house approximently 6-7 miles away when I arrived mike was outside he approched me telling me to leave that it was none of my bussiness I said I just need my keys and to make sure mickey was alright and I would leave, mike grabed a 2LB sledge hamer with long handel started swinging it Said I was a stupid dum redneck I said should I be feared for my life he Said yes I pulled my Gun on him, he ran

7

into the garage. mickey yelled at me said the cops had been called and on ther way. I couldn't understand why she waited so long to call 911 and how I was able to get ther before the cops.

cops arrive arrested mike asked me what happen I explaind my side of story they asked about me pulling my gun I told them it was in self defence they said he was (mike) being arrested for aggravated assult and domestic violence on mickey they left I went inside, mickey was still in the same clottes, her hair was damp but not soaking wet as if she had been in the tub witch ther wasn't time enough between the time she left the store and the time she started texting me for her to have gotten home and in the bathtub and then be completly dressed and her hair dryed before I got there.

IDOC Data Sensitivity Classification - L3 Restricted

anyway as a result of this - she talked me into moving in with her so I wouldn't have to live in my friends back yard and asked me to help her fill out her devorce papers, she new I knew how because she knew I had just gone threw a devorse and did my own paperwork.

She then talked me into going to church and getting babtized into the LDS church in Kuna tha pleasured us to get married because we were living together and presenting ourselves as a couple. So we did! She finaly was getting what she wanted her high school dream sweetheart.

after we got married it didn't take mickey long to get board with me and began complaning about how unhappy she was and putting me down because of all my heath problems. her son came to me and said to watch my back because his mom (mickey) was going to do the samething to me that she did to mise - mickey sent me to florida to take her brather bobby to live with her sister Tammy while I was gone nith mickey packed my thigs changed the locks on the house and filled for devorse. when I got home she moved me and all my thigs to my sisters in new plymoth idaho - for a intyer month. She texted me, wanted me to come back

Live as her roomate to help out with the farm and remodel the bathroom.

finaly I agreed, things wher not going very well at my sisters I was imposing on her Lifestyel. so I moved back in - her Some continued to warn me that nis mom was up to No good.

on december 24th 2017 in the middel of a major snow storm. mickey came home from running arrows and went off on me about her truck not going int 4 wheel drive. told her gno me the key and I will take a look at it - she followe me into the garage yelling and screaming at the top of her lungs, I want you out of here and I have ways of getting rod of you, I left in my truck and was pulled over and arrested for domestic violence. She claimed I had tryed to strangel her and claimed the San Story. She claimed on mike. my public defender



after I excepted plea bargen and before my hearing my public defender was changed at that time I learned that the state had no solid evedence that it was all here say her word agints mine. and I should have faught me case. but know it was to late papers had already been singed and plea was made.

Now I'm doing time Same as mike for a crime that niether one of us has done.

Mickey has serious mental problems that she is sepose to take medication for and refuses to take, she is supose to see a behavier helth dr. who she had been seeing and stopped. she is very unstabel. mickey changes her relationships with men faster then she changes her underware. She would apper in court on either case mike or mine because she couldn't tell the same lie twice because she can't renember from one minute to the next what she has said. has admitted that she cant be expected to renember what she said and what happen. She needs to be stoped.

Bryan E Junge

BRYAN E JUNGE

ublic defender
Reed Smith ada county)

Exhibit (B)                                          9/13/23

Dear Ms Jones,
                        This letter is meant to be
informative about the latest situation I spoke
about in my last letter.
                        Enclosed is a copy of a letter
written and signed by Mr. Bryan Junge who
passed this letter to me in L.D.S. Church services
in this letter he notes the pre-meditated
action of a "Big Plan" as it was referred to
about getting my probation violated and
getting me arrested and sent to prison for
several years to get me out of the
house and out of the way, so they
should live together — Exactly what
my story has been all along
There is mention the constant texting
and sneaking around and all the bad
things that were put in his head
All that Mr. Junge has brought to light
the fact that my ex-wife had what
she refered to as "Her Big Plan"
He still is hiding his much more
involvement in the situation still trying
to lie about a relationship that was proved
to be on going with them by the
statements of Dave Spencer() I knew there
to be a massive amount of texting and

(60)

MESSAGES Trash "FaceBook Messenger Service" APP That
That Used Which I'm Sure Included Evidence
Of Proceived HARM To me — MR Judge does
Change His Testimony Here And Admits To
Sneaking Around + Seeing eachother I
know They Pre Planned Their meeting At The
Store They didn't Just Run into eachother
And its then They BOTH Put THIS
Sinster Plan into ACTION To Imprison me
So He Chould Move in With Her And They
Whould NOT Lose Property Their Community
Community Property — THis Arrest was Fause
And MY Calling MY Friend To Ask
Him To Call Her And Tell Her To
"Fix This" Talk to A COP, Detective Call
The Judge And Tell Them You made A MISTAKE
was merely Trying To Fix Their Wrang
Intimdation OF A WITTNESS — Should Be
Considered Fruit OF The Poison Tree in
LIGHT OF MY FAUSE Accusations — I'm
NOT Sure Where To Go Or how to
Fix This Or Who To Talk TO About
THIS Newly Discovered Situation — Anyhow
MAYBE ~~For~~ MR: Dinger Chould ImPanel
A Special GRAND JURY To Look into THE
Lies And Story's told to The Police,
DETECTIVES Prosecuter + GRAND JURY To

(13)

FINALLY BRING TO LIGHT THE
TRUTH TO THIS TOTAL INJUSTICE
THAT HAS IMPRISONED me FOR
SEVERAL YEARS NOW — ILLEGALLY MAY
I SAY — NO ONE ever LISTENED TO
MY SIDE OF THIS STORY THE
FACTUAL TRUTH — A INNOCENT
MAN STILL SITS IN PRISON BECAUSE
OF THESE PEOPLE PRE-MEDITATED
"BIG PLAN"
I DIDN'T HAVE ANOTHER COPY OF
OF THIS LETTER TO SEND TO
MR. DINGER — MAYBE You Could
FORWARD IT IN MY BEHALF JUST
FOR HIS KNOWLEDGE — NOT THAT I
EXPECT HIM to FIX WHAT WAS done
WRONG TO me. NO one will TAKE THAT
RESPONSIBILITY THEY JUST let me ROT

ADA COUNTY DISTRICT COURT

# CASE SUMMARY
## CASE NO. CV01-23-09325

*EXHIBIT (C) # 1-3*

| | |
|---|---|
| Michael Demoura<br>Petitioner,<br>vs.<br>State of Idaho<br>Respondent. | § § § § § § |

Location: **Ada County District Court**
Judicial Officer: **Hippler, Steven**
Filed on: **06/12/2023**
Criminal Case: **CR-FE-2015-6232**

---

### CASE INFORMATION

Case Type: **H1c- Post Conviction Act Proceedings (District Court)**

Case Status: **07/17/2023   Appealed Case - Supreme Court Appeal**

---

### CASE ASSIGNMENT

**DATE**

**Current Case Assignment**
Case Number       CV01-23-09325
Court             Ada County District Court
Date Assigned     06/12/2023
Judicial Officer  Hippler, Steven

---

### PARTY INFORMATION

| | | |
|---|---|---|
| Petitioner | **Demoura, Michael Norman** | Pro Se<br>2085903253(W) |
| Respondent | **State of Idaho** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 06/12/2023 | New Case - Post Conviction Relief | |
| 06/12/2023 | 🗎 Civil Case Information Sheet | |
| 06/12/2023 | 🗎 Petition for Post-Conviction Relief | |
| 06/12/2023 | 🗎 Motion & Affidavit<br>*in Support for Appointment of Counsel* | |
| 06/12/2023 | 🗎 Motion & Affidavit<br>*for Permission to Proceed on Partial Payment* | |
| 06/12/2023 | 🗎 Certificate of Mailing<br>*of Petition for Post Conviction Relief* | |
| 07/05/2023 | 🗎 Order<br>*Denying Appointment of Counsel* | |
| 07/05/2023 | 🗎 Notice of Intent to Dismiss | |
| 07/06/2023 | 🗎 Motion<br>*for Disqualification* | |

*Printed on 08/22/2023 at 9:51 AM*

ADA COUNTY DISTRICT COURT

# CASE SUMMARY

### CASE NO. CV01-23-09325

2 of 2

| | | |
|---|---|---|
| 07/06/2023 | Affidavit *of Support of Motion for Rule 40(a) Disqualification* | |
| 07/06/2023 | Letter *to Clerk* | |
| 07/14/2023 | Order *on Motion for Disqualification* | |
| 07/17/2023 | Response *to Motion of Intent to Dismiss Post Conviction* | |
| 07/17/2023 | Notice of Appeal *of Order Denying Appointment of Counsel* | |
| 07/17/2023 | Motion for Reconsideration *for Appointment of Counsel* | |
| 07/17/2023 | Motion & Affidavit *in Support for Appointment of Counsel* | |
| 07/17/2023 | Letter *to Clerk* | |
| 07/17/2023 | Appeal Filed in Supreme Court | |
| 07/28/2023 | Order *Denying Motion to Reconsider* | |
| 07/28/2023 | Order of Dismissal | |
| 07/28/2023 | Judgment | |
| 07/28/2023 | **Dismissed With Prejudice** (Judicial Officer: Hippler, Steven) | |
| 08/02/2023 | Notice of Appeal *of Order Denying Motion for Disqualification to Supreme Court from District Court* | |
| 08/02/2023 | Appeal Filed in Supreme Court | |
| 08/02/2023 | Motion *for Extension of Time to Set Hearing for Oral Argument IRCP 7(B)(3)(H)* | |
| 08/02/2023 | Motion & Affidavit *in Support for Appointment of Counsel* | |
| 08/02/2023 | Motion *for Order of Production of Records and Supporting Affidavit* | |
| 08/02/2023 | Affidavit in Support of Motion *for Production Order of Records* | |

*Printed on 08/22/2023 at 9:51 AM*

ADA COUNTY DISTRICT COURT

# CASE SUMMARY
## CASE NO. CV01-23-09325

3 of 3

| | | |
|---|---|---|
| 08/02/2023 | Motion | *for Order of the Production of Treatment Records* |
| 08/02/2023 | Affidavit in Support of Motion | *for the Production of Phycintric Records and Medication Records* |
| 08/02/2023 | Letter | *to Clerk* |
| 08/10/2023 | Notice of Appeal | *of 7/28/23 Judgment to Supreme Court from District Court* |
| 08/10/2023 | Appeal Filed in Supreme Court | |
| 08/10/2023 | Affidavit | *in Support of Notice of Appeal and Motions for Appointment of Counsel and Motions to Compel the Discovery Production of Records* |
| 08/10/2023 | Motion & Affidavit | *in Support for Appointment of Counsel on Appeal* |
| 08/10/2023 | Motion | *for Enlargement of Time to File Brief Pursuant to ICR 35 (54(A)* |
| 08/10/2023 | Motion | *for Production of Compel to Discovery of Records* |
| 08/10/2023 | Motion | *for Discovery Order of Production of Certain Records on Appeal* |
| 08/10/2023 | Motion | *for Order to Compel Production of Records* |
| 08/10/2023 | Motion | *for Order to Compel Production of Records* |
| 08/10/2023 | Motion & Affidavit | *for Permission to Proceed on Partial Payment of Court Fees (Prisoner)* |
| 08/10/2023 | Letter | *to Clerk* |
| 08/11/2023 | Order | *Denying Post-Judgment Motions* |
| 08/15/2023 | Order | *Appointing State Appellate Public Defender* |
| 08/18/2023 | Supreme Court Document Filed-Misc | *Clerk's Record Due-50958-2023* |

*Printed on 08/22/2023 at 9:51 AM*

Filed: 08/22/2023 09:55:50
Fourth Judicial District, Ada County
**Trent Tripple, Clerk of the Court**
By: Deputy Clerk - Trottier-Whitsitt, Kari

IN THE SUPREME COURT OF THE STATE OF IDAHO

Michael Demoura
    Petitioner,
vs.
State of Idaho
    Respondent.

Supreme Court Case No. 50958-2023

CLERK'S RECORD ON APPEAL

Appeal from the District Court of the Fourth Judicial District,

in and for the County of Ada

HONORABLE STEVEN HIPPLER

State Appellate Public Defender

Attorney for Appellant

Boise, Idaho

Raúl R. Labrador

Attorney General of Idaho

Attorney for Respondent

Boise, Idaho

ADA COUNTY DISTRICT COURT
# CASE SUMMARY
### CASE NO. CV01-23-09325

| | |
|---|---|
| 07/06/2023 | Affidavit<br>*of Support of Motion for Rule 40(a) Disqualification* |
| 07/06/2023 | Letter<br>*to Clerk* |
| 07/14/2023 | Order<br>*on Motion for Disqualification* |
| 07/17/2023 | Response<br>*to Motion of Intent to Dismiss Post Conviction* |
| 07/17/2023 | Notice of Appeal<br>*of Order Denying Appointment of Counsel* |
| 07/17/2023 | Motion for Reconsideration<br>*for Appointment of Counsel* |
| 07/17/2023 | Motion & Affidavit<br>*in Support for Appointment of Counsel* |
| 07/17/2023 | Letter<br>*to Clerk* |
| 07/17/2023 | Appeal Filed in Supreme Court |
| 07/28/2023 | Order<br>*Denying Motion to Reconsider* |
| 07/28/2023 | Order of Dismissal |
| 07/28/2023 | Judgment |
| 07/28/2023 | **Dismissed With Prejudice** (Judicial Officer: Hippler, Steven) |
| 08/02/2023 | Notice of Appeal<br>*of Order Denying Motion for Disqualification to Supreme Court from District Court* |
| 08/02/2023 | Appeal Filed in Supreme Court |
| 08/02/2023 | Motion<br>*for Extension of Time to Set Hearing for Oral Argument IRCP 7(B)(3)(H)* |
| 08/02/2023 | Motion & Affidavit<br>*in Support for Appointment of Counsel* |
| 08/02/2023 | Motion<br>*for Order of Production of Records and Supporting Affidavit* |
| 08/02/2023 | Affidavit in Support of Motion<br>*for Production Order of Records* |

*Printed on 08/22/2023 at 9:51 AM*

ADA COUNTY DISTRICT COURT
# CASE SUMMARY
### CASE NO. CV01-23-09325

| 08/02/2023 | 📄 Motion |
| | *for Order of the Production of Treatment Records* |
| 08/02/2023 | 📄 Affidavit in Support of Motion |
| | *for the Production of Phycintric Records and Medication Records* |
| 08/02/2023 | 📄 Letter |
| | *to Clerk* |
| 08/10/2023 | 📄 Notice of Appeal |
| | *of 7/28/23 Judgment to Supreme Court from District Court* |
| 08/10/2023 | Appeal Filed in Supreme Court |
| 08/10/2023 | 📄 Affidavit |
| | *in Support of Notice of Appeal and Motions for Appointment of Counsel and Motions to Compel the Discovery Production of Records* |
| 08/10/2023 | 📄 Motion & Affidavit |
| | *in Support for Appointment of Counsel on Appeal* |
| 08/10/2023 | 📄 Motion |
| | *for Enlargement of Time to File Brief Pursuant to ICR 35 (54(A)* |
| 08/10/2023 | 📄 Motion |
| | *for Production of Compel to Discovery of Records* |
| 08/10/2023 | 📄 Motion |
| | *for Discovery Order of Production of Certain Records on Appeal* |
| 08/10/2023 | 📄 Motion |
| | *for Order to Compel Production of Records* |
| 08/10/2023 | 📄 Motion |
| | *for Order to Compel Production of Records* |
| 08/10/2023 | 📄 Motion & Affidavit |
| | *for Permission to Proceed on Partial Payment of Court Fees (Prisoner)* |
| 08/10/2023 | 📄 Letter |
| | *to Clerk* |
| 08/11/2023 | 📄 Order |
| | *Denying Post-Judgment Motions* |
| 08/15/2023 | 📄 Order |
| | *Appointing State Appellate Public Defender* |
| 08/18/2023 | 📄 Supreme Court Document Filed-Misc |
| | *Clerk's Record Due-50958-2023* |

NO. _____
A.M. **9:54** FILED P.M. _____

JUN 1 2 2023

**CONFIDENTIAL Case Information Sheet** TRENT TRIPPLE, Clerk
By CATERINA MORITZ GUTIERREZ
Fill out this form to start a **General Civil Law case.** DEPUTY
The information you give us is **private.**

Case Number (Clerk fills in case #):
**CVO1-23-09325**
Exempt from Public Disclosure

### DO NOT SERVE THIS DOCUMENT ON OTHER PARTIES

Complete this form for each of the parties for whom you are submitting this initial pleading. It is not necessary to provide information about other parties.

The personal identifiers collected by the Court below are collected for the purpose of ensuring that the Court's party records are accurate and to better differentiate individuals or businesses with common names. It will be used for this purpose alone and will not be disclosed to the public including the parties in the subject lawsuit.

**Information about Party**

Name: **Michael** | **Norman** | **Demoura**
      First | Middle | Last

Legal name of business entity: **N/A**

Any other names used: **N/A**

Address: **Po Box 14** | **Boise** | **Id** | **83707**
         Street | City | State | Zip

Mailing Address (if different): **Same as above**

Phone numbers: Home **N/A** | Work | Cell

Email: **N/A**

Driver's License: State **Id** Number **ZA1237690** Date of Birth: **12-1-62**

If the accompanying pleading is filed on behalf of more than one party, provide information regarding those additional parties below.

**Information about Party**

Name: _____ | _____ | _____
      First | Middle | Last

Legal name of business entity: _____

Any other names used: _____

Address: _____
         Street | City | State | Zip

Mailing address (if different): _____

Phone numbers: Home _____ | Work _____ | Cell _____

Email: _____

Driver's License: State _____ Number _____ Date of Birth: _____

### COMPLETE INFORMATION FOR ADDITIONAL PARTIES ON ADDITIONAL PAGE(S) IF NECESSARY



NO. _____
A.M. _9:52_ FILED P.M. _____

JUN 12 2023

TRENT TRIPPLE, Clerk
By CATERINA MORITZ GUTIERREZ
DEPUTY

Inmate Name **Michael Demoura**
IDOC No. **65065**
Address **Po Box 14**
**Boise Id 83707**

Petitioner

IN THE DISTRICT COURT OF THE **Fourth** JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF **Ada**

| | | |
|---|---|---|
| **Michael. N. Demoura** | ) | Case No. **CVDI-23-09325** |
| Petitioner, | ) | **PETITION AND AFFIDAVIT** |
| | ) | **FOR POST CONVICTION** |
| vs. | ) | **RELIEF** |
| **STATE OF Idaho** | ) | |
| Respondent. | ) | **Judge Hippler** |

The Petitioner alleges:

1. Place of detention if in custody: **Idaho State Correctional Institution**

2. Name and location of the Court which imposed judgement/sentence: **Fourth Judicial Court of Idaho In and For the County of Ada**

3. The case number and the offense or offenses for which sentence was imposed:

   (a) Case Number: **CR15-6232 + CR15-6232 (A)**

   (b) Offense Convicted: **Intimidation of a Witness**

4. The date upon which sentence was imposed and the terms of sentence:

   a. Date of Sentence: **12-28-2015**

   b. Terms of Sentence: **Count IV: 5 years Fixed with one year indeterminate Count V: Zero years Fixed with the remaining 5 years to be indeterminate sentences to**

PETITION FOR POST CONVICTION RELIEF - 1
Revised: 3/24/16

**Run consecutively to one another and to Ada County Case# CR-FE-2011-0005168**



5. Check whether a finding of guilty was made after a plea:

   [X] Of guilty          [ ] Of not guilty

6. Did you appeal from the judgment of conviction or the imposition of sentence?

   [X] Yes   [ ] No

   If so, what was the Docket Number of the Appeal? ___N/A___

7. State concisely all the grounds on which you base your application for post-conviction relief: (Use additional sheets if necessary.)

(a) ___INEFFECTIVE ASSISTANCE OF COUNSEL___

_____

(b) There EXISTS evidence OF MATERIAL FACTS NOT PREVIOUSLY Presented AND heard That would Require The VACATION OF Sentence in The INTEREST OF JUSTICE

(c) SUBJECT TO The PROVISION OF Section 19-4902(a) Through (f) Idaho code That The PETITIONER is INNOCENT OF The OFFENCE.

8. Prior to this petition, have you filed with respect to this conviction:

   a. Petitions in State or Federal Court for habeas corpus? ___NO___

   b. Any other petitions, motions, or applications in any other court? _NO_

   c. If you answered yes to a or b above, state the name and court in which each petition, motion or application was filed:

   _____

   _____

   _____

   d. If you filed a prior petition for post-conviction relief in state court, explain why the claims in this petition were not included in the prior petition.

PETITION FOR POST CONVICTION RELIEF - 2
Revised: 3/24/16



7.D) The TRIAL JUDGE USED CONVICTIONS WITH NO DISPOSITION AS PRIOR FELONYS AT SENTANCING

7.E) ATTORNEY FAILED TO SUBPOENA PERTINANT INFORMATION THAT WHOULD HAVE SHOWN THE DEFENDERS INNOCENCE BEYOND A REASONABLE DOUBT

7.F) ATTORNEY WAS INAFFECTIVE FOR FAILING TO DISCOVER ISSUES HE/SHE WAS TOLD ABOUT IN NUMEROUS LETTERS SENT TO HER

7.G) THE POLICE AND PROSECUTER USED FALSE TESTIMONY THE HE/SHE HAD REASON TO BELIVE WAS FALSE

7.H) THE PETITIONER PLEA WAS NOT KNEWINGLY OR VOLUNTARY ENTERED BECAUSE IT WAS INDUCED AND HE WAS PERSUADED TO PLEAD GUILTY BY THREATS FROM HIS LAWYER AND PROSECUTER OF A POSSIBLE LIFE SENTANCE IF HE DID NOT TAKE THER DEAL

7.I) THE ATTORNEY AND PROSECUTER WITHHELD FAVORABLE INFORMATION ABOUT WITNESSES AND OTHER FAVORABLE INFORMATION FROM THE DEFENCE

P4

7.I) ATTORNEY WAS INAFFECTIVE WHE he/she FAILED TO OBJECT TO CERTIN INFORMATION IN THE DEFENDERS P.S.I. REPORT WHICH WAS UNSUSTANCIATED AND FALSE

7.K) ATTORNEY WAS INAFFECTIVE WHE he/she FAILED TO DISPRUCE MENTAL HEALTH FINDINGS + REPORTS THAT CAST BAD LIGHT ON THE DEFENDENT

7.L) ATTORNEY WAS INAFFECTIVE ON APPEAL BECAUSE THERE WAS NEVER ANY PERSONAL CONTACT WITH THE DEFENDENT ON HIS APPEAL

7.M) POLICE USED FALSE INFORMATION AND CHANGED REPORTS TO HID EVIDENCE OF THE DEFENDERS INNOCENCE

7.N) ATTORNEY FAILED TO CHARGE A PANTY TO THE CASE WITH VIOLATION OF THE CASTLE LAW AFTER HE CAME TO THE DEFENDENS HOME WITH A LOADED FIREARM AND ESCULATED THE SITUATION MAKING him INAFFECTIVE AS COUNSEL FOR NOT PROTECTING THE DEFENDENTS RIGHTS TO PROTECT himself + his home

7.P) The defendant Contends That The
head Detective in his Case Ada-county
Sheriff Detective Charie Tucker hid Information
That was Pertinant to his Case Due To her
Being Biased Of him After Investigating A
Similuer Case Of The defendent On 7-5-2005
Arresting Case # 097856 And Brought US Conversation
When The defendente in his Interview With
her On This Case essentially Asking him
What he had Learned From his Last Prison
Stay Concerning Respecting Women Sharing
her Biased nature This Detective Also
hid Pertinant Information in The
Defendants Case That Would have Shawn Bad Faith
Acts On Part Of The Other Parteys



These Claims Werent Previously Filed Because Some Of The Infomation Was Just Found In County Files

9.  If your application is based upon the failure of counsel to adequately represent you, state concisely *and in detail* what counsel failed to do in representing your interests:

(a) Counsel Failed To Subpocna Phone Calls Text + Message Information Pertinent To The Case
(b) Counsel Failed To Advise Defendant Of Information Pertinent To Witnesses For Him
(c) Counsel Made Deals Without his Consent Or Knowledge

10. Are you seeking leave to proceed in forma pauperis, that is, requesting the proceeding be at county expense? (If your answer is "yes", you must fill out a Motion and Affidavit for fee waiver.)

[X] Yes        [ ] No

11. Are you requesting the appointment of counsel to represent you in this case? (If your answer is "yes", you must fill out a Motion for the Appointment of Counsel and supporting affidavit, as well as a Motion and Affidavit fee waiver.)

[X] Yes        [ ] No

12. State specifically the relief you seek: Vacation Of Sentance And Re-Sentancing

PETITION FOR POST CONVICTION RELIEF - 3
Revised: 3/24/16



WITh NEW TRIAL _____

_____

_____

13.   This Petition may be accompanied by affidavits in support of the petition. (Forms for this are available.)

DATED this 6 7 day of June _____, 20 23

*Michael N. Demours*
Petitioner

## CERTIFICATION UNDER PENALTY OF PERJURY

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Date: 6/6/23 _____

*Michael Demours* _____      *signature*
Typed/Printed                              Signature

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the _6_ day of _June_, 20_23_, I mailed a copy of this PETITION FOR POST CONVICTION RELIEF for the purposes of filing with the court and of mailing a true and correct copy via prison mail system to the U.S. mail system to:

_____A d A_____ County Prosecuting Attorney

200 W. FRONT STREET ROOM B191
Boise   Idaho   83702

_____
Petitioner

PETITION FOR POST CONVICTION RELIEF - 5
Revised: 3/24/16

<u>AFFIDAVIT OF FACTS IN SUPPORT OF POST-CONVICTION PETITION</u>

STATE OF IDAHO            )
                              ) ss
COUNTY OF <u>Ada</u>     )

     <u>Michael DeMoura</u>, being first duly sworn on oath, deposes and says:

That this case involves evidence of material facts that have not been previously presented that the defendant uncovered when he was given a copy of his case file 60 days ago by the Ada County Public Defenders office which would require the vacation of his sentance and the order of a new trial in the interest of justice. The defendant also states that his past attorneys were negligent and deficent in there representation of him in this case by purpously withholding pertinant information they possesed about his case and its partys the defendent contends that his past attorneys were inattective in there representation of him for failing to subpoena information that whould have shown his innocence and that others had planed and commited crimes of perjury to have him arrested and incarcerated he also contends that his appealant attorney failed to contact him about any issues he wanted addressed on appeal due to a wrong address in there system in which the attorney went ahead on her own acord and filed his appeal without consulting with him about any issues he needed claimed

AFFIDAVIT OF FACTS IN SUPPORT OF POST CONVICTION PETITION - 1
Revised: 3/24/16

Further he Contends his ATTorny on his LasT PosT Conviction Unlawfully Talked him into WithdrAwing his STATed Claims After Cohersing him That he WAuld Luse AnYwAYs

Further your affiant sayeth not.

_____
Signature of Affiant

## CERTIFICATION UNDER PENALTY OF PERJURY

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Date: 6|6|23

Michael DeMoura
Name Typed/Printed

_____
Signature

AFFIDAVIT OF FACTS IN SUPPORT OF POST CONVICTION PETITION - 2
Revised: 3/24/16

NO. _____
A.M. _9 :52_ FILED
P.M. _____

JUN 1 2 2023

TRENT TRIPPLE, Clerk
By CATERINA MORITZ GUTIERREZ
DEPUTY

Inmate name _Michael DeMOURA_
IDOC No. _6865_
Address _PO BOX 14_
_Boise Id 83707_

Petitioner

IN THE DISTRICT COURT OF THE _____ _Ada_ _____ JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF _____

_Michael DeMOURA_ ,          )
                             )
          Petitioner,        )     Case No. _CV01-23 - 09325_
                             )
     vs.                     )     MOTION AND AFFIDAVIT IN
                             )     SUPPORT FOR
_State OF Idaho_ ,           )     APPOINTMENT OF
                             )     COUNSEL
          Respondent.        )
                             )
_____ )

COMES NOW, _Michael DeMOURA_ , Petitioner in the above

entitled matter and moves this Honorable Court to grant Petitioner's Motion for Appointment of

Counsel for the reasons more fully set forth herein and in the Affidavit in Support of Motion for

Appointment of Counsel.

    1.    Petitioner is currently incarcerated within the Idaho Department of Corrections

under the direct care, custody and control of Warden _Daus_ ,

of the _Idaho State Correctional Institution_

    2.    The issues to be presented in this case may become to complex for the Petitioner

to properly pursue. Petitioner lacks the knowledge and skill needed too represent him/herself.

MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL - 1
Revised: 3/24/16

3.    Petitioner/Respondent required assistance completing these pleadings, as he/she was unable to do it him/herself.

4.    Other: Petitioner needs n Attorney Bucause OF his Mevtal Illnes

DATED this _6_ day of _June_, 20_23_.

_____
Petitioner

## AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL

STATE OF IDAHO     )
                  ) ss
County of _Ada_     )

Michael Demoura_____, after first being duly sworn upon his/her oath, deposes and says as follows:

1.    I am the Affiant in the above-entitled case;

2.    I am currently residing at the Idaho State Correccional Institution under the care, custody and control of Warden Davis_____;

3.    I am indigent and do not have any funds to hire private counsel;

4.    I am without bank accounts, stocks, bonds, real estate or any other form of real property;

5.    I am unable to provide any other form of security;

6.    I am untrained in the law;

MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL - 2
Revised: 3/24/16

7.      If I am forced to proceed without counsel being appointed I will be unfairly handicapped in competing with trained and competent counsel of the State;

Further your affiant sayeth naught.

WHEREFORE, Petitioner respectfully prays that this Honorable Court issue it's Order granting Petitioner's Motion for Appointment of Counsel to represent his/her interest, or in the alternative grant any such relief to which it may appear the Petitioner is entitled to.

DATED This _6_ day of _June_ , 20_23_

_____
Petitioner

### CERTIFICATION UNDER PENALTY OF PERJURY

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Date_6/6/23_

_Michael Demaira_
Typed/Printed

_____
Signature

MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL - 3
Revised: 3/24/16

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the _6_ day of _June_ , 20_23_, I

mailed a copy of this MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF

COUNSEL for the purposes of filing with the court and of mailing a true and correct copy via

prison mail system for processing to the U.S. mail system to:

_Ada_ County Prosecuting Attorney

_200 W Front Street Room 3191_

_Boise ID 83702_

Defendant-Appellant

MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL - 4
Revised: 3/24/16

NO. _____
A.M. _9:54_ FILED
            P.M. _____

JUN 1 2 2023

TRENT TRIPPLE, Clerk
By CATERINA MORITZ GUTIERREZ
DEPUTY

Michael N Demoura
Full Name of Party Filing Document
Po Box 14
Mailing Address (Street or Post Office Box)
Boise Id
City, State and Zip Code
83707
Telephone
N/A
Email Address (if any)

IN THE DISTRICT COURT FOR THE _Fourt_ JUDICIAL DISTRICT

FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF _Ada_

Michael Demoura ,
                    Plaintiff,
        vs.
State Of Idaho
                    Defendant.

Case No. _CVOI-23-09325_

MOTION AND AFFIDAVIT FOR
PERMISSION TO PROCEED ON PARTIAL
PAYMENT OF COURT FEES (PRISONER)

**IMPORTANT NOTICE:** Idaho Code § 31-3220A requires that you serve upon counsel for the county sheriff, the department of correction or the private correctional facility, whichever may apply, a copy of this motion and affidavit and any other documents filed in connection with this request. You must file proof of such service with the court when you file this document.

☐ Plaintiff ☑ Defendant asks to start or defend this case on partial payment of court fees, and certifies

1. This is an action for (type of case) _Post Conviction_ . I believe I am entitled to get what I am asking for.

2. ☑ I have not previously brought this claim against the same party or a claim based on the same operative facts in any state or federal court. ☐ I have filed this claim against the same party or a claim based on the same operative facts in a state or federal court.

3. I am unable to pay all the court costs now.  I have attached to this affidavit a current statement of my inmate account, certified by a custodian of inmate accounts, that reflects the

MOTION AND AFFIDAVIT FOR PERMISSION TO PROCEED
ON PARTIAL PAYMENT OF COURT FEES (PRISONER)
CAO FW 1-14 07/01/2016

PAGE 1

activity of the account over my period of incarceration or for the last twelve (12) months, whichever is less.

    4.  I understand I will be required to pay an initial partial filing fee in the amount of 20% of the greater of: (a) the average monthly deposits to my inmate account or (b) the average monthly balance in my inmate account for the last six (6) months.  I also understand that I must pay the remainder of the filing fee by making monthly payments of 20% of the preceding month's income in my inmate account until the fee is paid in full.

    5.  I verify that the statements made in this affidavit are true.  I understand that a false statement in this affidavit is perjury and I could be sent to prison for an additional fourteen (14) years.

(Do not leave any items blank.  If any item does not apply, write "N/A".  Attach additional pages if more space is needed for any response.)

**IDENTIFICATION AND RESIDENCE:**

Name: Michael Dermoura   Other name(s) I have used: N/A

Address: PO Box 14  Boise  Id  83707

How long at that address? 3 Years _____ Phone: N/A

Year and place of birth: 1962  Gardner  Massachusetts

**DEPENDENTS:**

I am ☑ single ☐ married.  If married, you must provide the following information:

Name of spouse: _____

My other dependents including minor children (use only initials and age to identify children) are: _____

_____

_____

_____

**INCOME:**

Amount of my income: $ _____ per ☐ week ☐ month

MOTION AND AFFIDAVIT FOR PERMISSION TO PROCEED
ON PARTIAL PAYMENT OF COURT FEES (PRISONER)
CAO FW 1-14 07/01/2016

PAGE 2

Other than my inmate account I have outside money from: _NO Where_

My spouse's income: $_____ per ☐ week ☐ month.

**ASSETS:**

List all real property (land and buildings) owned or being purchased by you.

| Your Address | City | State | Legal Description | Value | Equity |
|---|---|---|---|---|---|
| | | | | | |

List all other property owned by you and state its value.

**Description** (provide description for each item)      Value

| Description | Value |
|---|---|
| Cash | 0 |
| Notes and Receivables | 0 |
| Vehicles | 0 |
| Bank/Credit Union/Savings/Checking Accounts | 0 |
| Stocks/Bonds/Investments/Certificates of Deposit | 0 |
| Trust Funds | 0 |
| Retirement Accounts/IRAs/401(k)s | 0 |
| Cash Value Insurance | 0 |
| Motorcycles/Boats/RVs/Snowmobiles | 0 |
| Furniture/Appliances | 0 |
| Jewelry/Antiques/Collectibles | 0 |

**Description** (provide description for each item)

| Description | Value |
|---|---|
| TVs/Stereos/Computers/Electronics | 0 |
| Tools/Equipment | 0 |
| Sporting Goods/Guns | 0 |
| Horses/Livestock/Tack | 0 |

MOTION AND AFFIDAVIT FOR PERMISSION TO PROCEED
ON PARTIAL PAYMENT OF COURT FEES (PRISONER)    PAGE 3
CAO FW 1-14 07/01/2016

Page 22

Other (describe)_____  ⟲_____

_____  _____

_____  _____

**EXPENSES:** (List all of your monthly expenses.)

| Expense | Average Monthly Payment |
|---|---|
| Rent/House Payment_____ | ⟲ |
| Vehicle Payment(s)_____ | ⟲ |

Credit Cards (List last four digits of each account number.)

_____  ⟲

_____  ⟲

_____  ⟲

Loans (name of lender and reason for loan)

_____  ⟲

_____  ⟲

| Electricity/Natural Gas_____ | ⟲ |
| Water/Sewer/Trash_____ | ⟲ |
| Phone_____ | ⟲ |
| Groceries_____ | ⟲ |
| Clothing_____ | ⟲ |
| Auto Fuel_____ | ⟲ |
| Auto Maintenance_____ | ⟲ |
| Cosmetics/Haircuts/Salons_____ | ⟲ |
| Entertainment/Books/Magazines_____ | ⟲ |
| Home Insurance_____ | ⟲ |

MOTION AND AFFIDAVIT FOR PERMISSION TO PROCEED                    PAGE 4
ON PARTIAL PAYMENT OF COURT FEES (PRISONER)
CAO FW 1-14 07/01/2016

| Expense | Average Monthly Payment |
|---|---|
| Auto Insurance | 6 |
| Life Insurance | 0 |
| Medical Insurance | 0 |
| Medical Expense | 6 |
| Other | 6 |
| | 6 |

**MISCELLANEOUS:**

How much can you borrow? $ _____0_____  From whom? _____

When did you file your last income tax return? 2020  Amount of refund: $ 400.00

**PERSONAL REFERENCES:** (These persons must be able to verify information provided.)

| Name | Address | Phone | Years Known |
|---|---|---|---|
| Ron Norton | 123 Fisher St Nampa | 675-5780 | |

### CERTIFICATION UNDER PENALTY OF PERJURY

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Date: 6/6/23

Michael Demann
Typed/printed

Signature

## Offender Account Activity
### (6/7/2022 - 6/7/2023)

I hereby certify that these reports are true and correct copies of official records or reports of entities therein of the Idaho Department of Correction.

Dated: _____  Signature: _____

| Trans Date | Trans Type | Offender Number | Offender Name | Living Unit | Received From | Paid To | Starting Balance | Trans Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|
| 06/05/2023 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $20.08 | ($20.01) | $0.07 |
| 06/04/2023 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $25.08 | ($5.00) | $20.08 |
| 06/04/2023 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $0.08 | $25.00 | $25.08 |
| 05/22/2023 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $9.72 | ($9.64) | $0.08 |
| 05/15/2023 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $40.20 | ($30.48) | $9.72 |
| 05/08/2023 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $104.24 | ($64.04) | $40.20 |
| 05/08/2023 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $136.02 | ($31.78) | $104.24 |
| 05/08/2023 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $146.02 | ($10.00) | $136.02 |
| 05/08/2023 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $96.02 | $50.00 | $146.02 |
| 05/02/2023 | Check | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | STATE TAX COMMISSION | | ($3.98) | $100.00 | $96.02 |
| 04/26/2023 | Medical Payable | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Medical - IDOC | ($1.98) | ($2.00) | ($3.98) |
| 04/26/2023 | Medical Payable | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Medical - IDOC | $0.02 | ($2.00) | ($1.98) |
| 03/29/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $0.28 | ($0.26) | $0.02 |
| 03/27/2023 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $3.63 | ($3.35) | $0.28 |
| 03/25/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.33 | ($0.70) | $3.63 |
| 03/23/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $5.73 | ($1.40) | $4.33 |
| 03/22/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $6.61 | ($0.88) | $5.73 |
| 03/20/2023 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $36.30 | ($29.69) | $6.61 |
| 03/19/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $38.06 | ($1.76) | $36.30 |
| 03/19/2023 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $48.06 | ($10.00) | $38.06 |
| 03/19/2023 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Cassandra Nordland | | ($1.94) | $50.00 | $48.06 |
| 02/24/2023 | Medical Payable | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Medical - IDOC | $0.06 | ($2.00) | ($1.94) |

Page 1 of 6

Idaho Department Of Correction - II

6/7/2023 01:26 PM

## Offender Account Activity
### (6/7/2022 - 6/7/2023)

I hereby certify that these records are true and correct copies of official records or reports or entries therein of the Idaho Department of Correction.

Dated: _____

Signature: _____

| Trans Date | Trans Type | Offender Number | Offender Name | Living Unit | Received From | Paid To | Starting Balance | Trans Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|
| 02/09/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $0.15 | ($0.09) | $0.06 |
| 02/06/2023 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $26.32 | ($26.17) | $0.15 |
| 02/04/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $27.11 | ($0.79) | $26.32 |
| 02/03/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $28.08 | ($0.97) | $27.11 |
| 02/02/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $28.52 | ($0.44) | $28.08 |
| 02/02/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $31.15 | ($2.63) | $28.52 |
| 02/02/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $31.41 | ($0.26) | $31.15 |
| 02/02/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $31.76 | ($0.35) | $31.41 |
| 01/31/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $34.39 | ($2.63) | $31.76 |
| 01/30/2023 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $44.39 | ($10.00) | $34.39 |
| 01/30/2023 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | ($5.61) | $50.00 | $44.39 |
| 01/18/2023 | Medical Payable | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Medical - IDOC | ($3.61) | ($2.00) | ($5.61) |
| 01/12/2023 | Medical Payable | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Medical - IDOC | ($1.61) | ($2.00) | ($3.61) |
| 01/12/2023 | Medical Payable | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Medical - IDOC | $0.39 | ($2.00) | ($1.61) |
| 01/10/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $1.18 | ($0.79) | $0.39 |
| 01/05/2023 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $2.50 | ($1.32) | $1.18 |
| 12/30/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $3.82 | ($1.32) | $2.50 |
| 12/25/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.43 | ($0.61) | $3.82 |
| 12/24/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.69 | ($0.26) | $4.43 |
| 12/21/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.87 | ($0.18) | $4.69 |
| 12/21/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $5.57 | ($0.70) | $4.87 |
| 12/19/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $6.97 | ($1.40) | $5.57 |

Page 2 of 6

6/7/2023 01:26 PM

# Offender Account Activity
## (6/7/2022 - 6/7/2023)

I hereby certify that these reports are true and correct copies of official ... or reports or entities therein of the Idaho Department of Correction.

Dated: 6/7/23

Signature: _____

| Trans Date | Trans Type | Offender Number | Offender Name | Living Unit | Received From | Paid To | Starting Balance | Trans Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|
| 12/14/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $8.64 | ($1.67) | $6.97 |
| 12/12/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $37.71 | ($29.07) | $8.64 |
| 12/10/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $38.76 | ($1.05) | $37.71 |
| 12/08/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $40.08 | ($1.32) | $38.76 |
| 12/08/2022 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $50.08 | ($10.00) | $40.08 |
| 12/08/2022 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $0.08 | $50.00 | $50.08 |
| 12/07/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $0.34 | ($0.26) | $0.08 |
| 12/01/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $1.13 | ($0.79) | $0.34 |
| 11/24/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $1.83 | ($0.70) | $1.13 |
| 11/21/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.46 | ($2.63) | $1.83 |
| 11/13/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.81 | ($0.35) | $4.46 |
| 11/09/2022 | Medical Payable | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Medical - IDOC | $6.81 | ($2.00) | $4.81 |
| 11/08/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $7.69 | ($0.88) | $6.81 |
| 11/07/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $24.01 | ($16.32) | $7.69 |
| 11/05/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $26.64 | ($2.63) | $24.01 |
| 11/02/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $27.96 | ($1.32) | $26.64 |
| 10/31/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $81.32 | ($53.36) | $27.96 |
| 10/31/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $83.87 | ($2.55) | $81.32 |
| 10/30/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $85.45 | ($1.58) | $83.87 |
| 10/29/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $85.98 | ($0.53) | $85.45 |
| 10/28/2022 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $105.98 | ($20.00) | $85.98 |
| 10/28/2022 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $5.98 | $100.00 | $105.98 |

# Offender Account Activity

## (6/7/2022 - 6/7/2023)

I hereby certify that these records are true and correct copies of official records or reports or entries therein of the Idaho Department of Correction.

Dated: _____

Signature: _____

| Trans Date | Trans Type | Offender Number | Offender Name | Living Unit | Received From | Paid To | Starting Balance | Trans Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|
| 10/27/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $7.38 | ($1.40) | $5.98 |
| 10/26/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $9.84 | ($2.46) | $7.38 |
| 10/24/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $17.44 | ($7.60) | $9.84 |
| 10/23/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $18.67 | ($1.23) | $17.44 |
| 10/18/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $19.28 | ($0.61) | $18.67 |
| 10/17/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $46.85 | ($27.57) | $19.28 |
| 10/15/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $48.17 | ($1.32) | $46.85 |
| 10/14/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $48.52 | ($0.35) | $48.17 |
| 10/13/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $49.22 | ($0.70) | $48.52 |
| 10/10/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $107.15 | ($57.93) | $49.22 |
| 10/10/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $109.26 | ($2.11) | $107.15 |
| 10/09/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $110.31 | ($1.05) | $109.26 |
| 10/09/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $112.94 | ($2.63) | $110.31 |
| 10/09/2022 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $132.94 | ($20.00) | $112.94 |
| 10/09/2022 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $32.94 | $100.00 | $132.94 |
| 10/08/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $34.78 | ($1.84) | $32.94 |
| 10/04/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $37.41 | ($2.63) | $34.78 |
| 10/03/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $40.04 | ($2.63) | $37.41 |
| 10/03/2022 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $50.04 | ($10.00) | $40.04 |
| 10/03/2022 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $0.04 | $50.00 | $50.04 |
| 09/29/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $0.39 | ($0.35) | $0.04 |
| 09/25/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $0.83 | ($0.44) | $0.39 |

6/7/2023 01:26 PM

Page 4 of 6

# Offender Account Activity
## (6/7/2022 - 6/7/2023)

I hereby certify that the ... complete are true and correct copies of ... reports or entries therein of the ... Department of Correction.

Dated: _____

Signature: _____

| Trans Date | Trans Type | Offender Number | Offender Name | Living Unit | Received From | Paid To | Starting Balance | Trans Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|
| 09/18/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $1.53 | ($0.70) | $0.83 |
| 09/12/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $2.06 | ($0.53) | $1.53 |
| 09/04/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $3.11 | ($1.05) | $2.06 |
| 08/31/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $3.90 | ($0.79) | $3.11 |
| 08/31/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.16 | ($0.26) | $3.90 |
| 08/29/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $39.36 | ($35.20) | $4.16 |
| 08/27/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $40.06 | ($0.70) | $39.36 |
| 08/27/2022 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $50.06 | ($10.00) | $40.06 |
| 08/27/2022 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $0.06 | $50.00 | $50.06 |
| 08/14/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $0.15 | ($0.09) | $0.06 |
| 08/07/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $0.76 | ($0.61) | $0.15 |
| 08/01/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $1.73 | ($0.97) | $0.76 |
| 07/23/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $2.96 | ($1.23) | $1.73 |
| 07/20/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $3.66 | ($0.70) | $2.96 |
| 07/18/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $36.33 | ($32.67) | $3.66 |
| 07/17/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $37.38 | ($1.05) | $36.33 |
| 07/16/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $37.56 | ($0.18) | $37.38 |
| 07/14/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $40.02 | ($2.46) | $37.56 |
| 07/14/2022 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $50.02 | ($10.00) | $40.02 |
| 07/14/2022 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $0.02 | $50.00 | $50.02 |
| 07/05/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $0.55 | ($0.53) | $0.02 |
| 07/02/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $2.39 | ($1.84) | $0.55 |

## Offender Account Activity
### (6/7/2022 - 6/7/2023)

| Trans Date | Trans Type | Offender Number | Offender Name | Living Unit | Received From | Paid To | Starting Balance | Trans Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|---|
| 07/01/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $3.97 | ($1.58) | $2.39 |
| 06/27/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.85 | ($0.88) | $3.97 |
| 06/26/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $6.43 | ($1.58) | $4.85 |
| 06/26/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $6.87 | ($0.44) | $6.43 |
| 06/25/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $6.96 | ($0.09) | $6.87 |
| 06/22/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $8.10 | ($1.14) | $6.96 |
| 06/20/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $39.29 | ($31.19) | $8.10 |
| 06/20/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $41.13 | ($1.84) | $39.29 |
| 06/18/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $43.15 | ($2.02) | $41.13 |
| 06/18/2022 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $53.15 | ($10.00) | $43.15 |
| 06/18/2022 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Dan Adamson | | $3.15 | $50.00 | $53.15 |
| 06/16/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $4.64 | ($1.49) | $3.15 |
| 06/15/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $6.22 | ($1.58) | $4.64 |
| 06/15/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $6.31 | ($0.09) | $6.22 |
| 06/15/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $7.28 | ($0.97) | $6.31 |
| 06/13/2022 | Commissary Sale | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | Commissary Sales | $43.67 | ($36.39) | $7.28 |
| 06/12/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $44.90 | ($1.23) | $43.67 |
| 06/11/2022 | Phone Credits | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IC Solutions | $45.69 | ($0.79) | $44.90 |
| 06/11/2022 | Court Ordered Felony - RCR | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | | IDAHO DEPARTMENT OF CORRECTION | $50.69 | ($5.00) | $45.69 |
| 06/11/2022 | Keefe | 0065065 | DEMOURA, MICHAEL NORMAN | 16 | Nanci Willey | | $25.69 | $25.00 | $50.69 |

I hereby certify that these records are true and correct copies of official records or reports or entries therein of the Idaho Department of Correction.

Dated: _____

Signature: _____

6/7/2023 01:26 PM

**Filed:** June 12, 2023 at 10:01 AM
Fourth Judicial District, Ada County
Trent Tripple, Clerk of the Court
By: *Caterina Moritz Gutierrez*, Deputy Clerk

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

Michael Demoura
    Petitioner,
    vs.
State of Idaho
    Respondent.

Case No. CV01-23-09325

Certificate of Mailing

I, Caterina Moritz Gutierrez, the undersigned authority, do hereby certify that I have mailed, by United States Mail, one copy of the: **Petition for Post Conviction Relief** to each of the parties or attorneys of record in this cause in envelopes addressed as follows:

Michael Norman Demoura
#65065
PO Box 14
Boise, ID  83707

adacountyprosecutor@adacounty.id.gov
ageddes@adacounty.id.gov
public.defender@adacounty.id.gov

[ ] By E-mail    [X] By mail
[ ] By fax (number)
[ ] By overnight delivery / FedEx
[ ] By personal delivery

[X] By E-mail

Trent Tripple
Clerk of the District Court

Dated: 06/12/2023

By: *Caterina Moritz Gutierrez*
        Deputy Clerk


Certificate of Mailing

Page 1 of 1

NO. _____
A.M. _____ FILED _____ P.M.

JUL 05 2023

TRENT TRIPPLE, Clerk
By ANNA MEYER
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

MICHAEL N. DEMOURA,

      Petitioner,

vs.

STATE OF IDAHO,

      Respondent.

Case No. CV01-23-09325

ORDER DENYING
APPOINTMENT OF COUNSEL

## I.   INTRODUCTION

On June 12, 2023, Petitioner filed a combined Petition for Post-Conviction Relief and Affidavit in Support (collectively, "Petition") arising from his underlying criminal case, *State v. Demoura*, Ada County Case No. CR-FE-2015-6232. His claims consists of ineffective assistance of both trial and appellate counsel, misconduct by the prosecutor and law enforcement, and error by the trial judge at sentencing. Petitioner has requested appointment of counsel in connection with his Petition.[1] The Court finds that his Petition is frivolous and, thus, counsel at public expense is not required.

## II.   STANDARD

The decision to grant or deny a request for court-appointed counsel in a post-conviction proceeding is discretionary. *Hust v. State*, 147 Idaho 682, 683, 214 P.3d 668, 669 (Ct. App. 2009). Consequently, the court must: 1) correctly perceive the issue as one of discretion; 2) act within the outer boundaries of its discretion; 3) act consistently with the legal standards applicable to the specific choices available to it, and; 4) reach its decision by the exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.   BACKGROUND

In underlying criminal case giving rise to Petitioner's claims, Petitioner was indicted on several offenses, ultimately pleading guilty to two counts of felony intimidation of a witness,

---

[1] Petitioner also filed a motion to proceed on partial payment of court fees. However, there are no filing fees for a petition for post-conviction relief. Thus, the motion is denied as moot.

1

misdemeanor violation of a no-contact order, and misdemeanor possession of a controlled substance. This Court issued a Judgment of Conviction, Order Retaining Jurisdiction and Commitment on December 23, 2015. After a period of retained jurisdiction, the Court suspended the sentence and placed Petitioner on probation. Claiming the sentence was excessive, Petitioner appealed. The Court of Appeals affirmed and issued a Remittitur on March 13, 2017.[2]

Petitioner was arrested on an Agent's Warrant for a new crime shortly thereafter. Finding Petitioner knowingly and willfully violated his probation, this Court revoked probation and reinstated the underlying sentence on August 29, 2017. Petitioner then filed a Notice of Appeal based on "use of false information from probation officer as used in sentencing hearing also numerous other claims" but the appeal was dismissed by the Idaho Supreme Court and a Remittitur was issued on November 16, 2017.

In the meantime, Petitioner filed his first Petition for Post-Conviction Relief, *Demoura v. State,* CV01-17-7207. ("First Petition"). In his First Petition, Petitioner asserted approximately fourteen different claims, the majority being ineffective assistance of trial counsel. These included complaints about counsel lying about, withholding and failing to investigate evidence in his case and pressuring him to plead guilty. He also included claims regarding allegedly flawed or false sentencing information. Counsel was appointed. After consulting with counsel, Petitioner subsequently filed a motion to withdraw his petition, explaining the action will "most likely be futile and [Petitioner] does not wish to expend anymore [sic] time and energy pursuing the action." The Court dismissed the Petition without prejudice.[3]

## IV.   ANALYSIS

A request for appointment of counsel in a post-conviction proceeding is governed by I.C. § 19-4904, which provides that in proceedings under the UPCPA, a court-appointed attorney

---

[2] *State v. Demoura,* 2017 WL 128581 (Idaho Ct. App., Jan. 13, 2017).

[3] Pursuant to IRE 201(c), the Court takes judicial notice of the followings documents from *State v. Demoura,* Ada County Case No. CR-FE-2015-6232: 1) Indictment (June 16, 2015); 2) Guilty Plea Advisory and Form (Oct. 28, 2015); 3) Judgment of Conviction, Order Retaining Jurisdiction and Commitment (Dec. 23, 2015); 4) Order Suspending Sentence After Retained Jurisdiction and Order of Probation (July 29, 2016); 5) Order on Probationer Arrest on Agent's Warrant (May 3, 2017); 6) Order of Revocation of Probation, Imposition of Sentence and Commitment (Aug. 29, 2017); 7) Notice of Appeal (Sept. 1, 2017); 8) Order Dismissing Appeal (Oct. 20, 2017) and *Demoura v. State,* Ada County Case No. CV01-17-7207: 1) Petition and Affidavit for Post-Conviction Relief (April 17, 2017); 2) Order Granting Motion for Appointment of Counsel (April 27, 2017); 3) Motion to Withdraw Petition (July 25, 2017); 4) Statement of Counsel for Petitioner (July 25, 2017); 5) Judgment (Aug. 9, 2017).

"may be made available" to an applicant who is unable to pay the costs of representation. I.C. § 19-4904; *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). The standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007). "In deciding whether the *pro se* petition raises the possibility of a valid claim, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims." *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007). Although "the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims," counsel should be appointed if the facts alleged raise the possibility of a valid claim. *Id.*

Under this standard, the Court finds Petitioner's claims are devoid of any possible merit based on their untimeliness. Under Idaho Code § 19-4902(a), applications for post-conviction relief must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." In this case, the last remittitur in the underlying criminal case was issued on November 16, 2017, after the Idaho Supreme Court dismissed his second appeal from the underlying criminal case. Therefore, the time period for filing a petition for post-conviction relief expired, at the latest, by November 16, 2018. The present Petition, filed June 12, 2023, is nearly five years past the deadline.

Evidently cognizant of the untimeliness of his Petition, Petitioner has alleged that his case "involves evidence of material facts that have not been previously presented that the defendant uncovered when he was given a copy of his case file 60 days ago by the Ada County Public Defender's Officer which whoud [sic] require the vacation of his sentence [sic] and the order of a new trial in the interest of justice." Affidavit in Support of Petition, p. 1. He appears to imply by this statement that equitable tolling of I.C. § 14-4902(a) is warranted.[4]

"The standard for application of equitable tolling in post-conviction actions is a stringent

---

[4] Petitioner also contends that "[s]ubject to the provisions of section 19-4902(a) through (f) Idaho Code that the petitioner is innocent of the offence." Petition, ¶ 7(c). To the extent he is asserting innocence as a basis to toll the statute of limitations, the Idaho Supreme Court recently clarified that a claim of innocence under *Schlup v. Delo*, 513 U.S. 298 (1995) does not apply in noncapital state post-conviction cases. *Hooley v. State*, 2023 WL 2604004, at *8 (Idaho Mar. 23, 2023).

3

one." *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (2011); *see also Mahler v. State*, 157 Idaho 212, 215, 335 P.3d 57, 60 (2014) (noting bar for equitable tolling in post-conviction cases is high). Equitable tolling is allowed if a petitioner is unable to timely file a petition for post-conviction relief due to extraordinary circumstances beyond his effective control or if some unlawful state action has hidden from the petitioner the facts underlying the claim. *Schultz*, 151 Idaho at 386, 256 P.3d at 794; *see also Mahler*, 157 Idaho at 215, 335 P.3d at 60 (noting courts only apply equitable tolling in rare and exceptional circumstances beyond petitioner's control). Equitable tolling is not allowed for "a petitioner's own inaction." *Schultz*, 151 Idaho at 386, 256 P.3d at 794.

The petitioner bears the burden of showing the circumstances warrant the tolling of the one-year statute of limitation. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). Petitioner has made no effort to carry this burden in his Petition. He has not identified what material facts he just learned of, how those facts relate to his claims, or why he was only able to get his file from the Ada County Public Defender sixty days prior to filing the Petition. Moreover, the Court notes that the claims alleged in the Petition overlap significantly with those brought in the First Petition, thus indicating that they are not based new information, but material that Petitioner has long known. Consequently, even if Petitioner expressly raised equitable tolling in his Petition to excuse its untimeliness, he has not presented any information such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims.

Based on the untimeliness of the claims and the lack of allegations supporting the application of equitable tolling, the Court finds the Petition is not one which a reasonable person with adequate means would be willing to bring at his own expense and, therefore, is frivolous. Accordingly, in its discretion, the Court DENIES Petitioner's Motion for Appointment of Counsel.

IT IS SO ORDERED.

DATED this 3 day of June, 2023.

Steven Hippler
District Judge

4

### CERTIFICATE OF SERVICE

I hereby certify that on _July 5, 2023_ I mailed (served) a true and correct copy of the ORDER DENYING APPOINTMENT OF COUNSEL to:

| | |
|---|---|
| **ADA COUNTY PROSECUTOR'S OFFICE**<br>VIA EMAIL:  acpocourtdocs@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>(X) Electronic Mail<br>( ) Facsimile |
| Michael Demoura<br>IDOC No. 65065<br>Idaho State Correctional Institute<br>P.O. Box 14<br>Boise, ID 83707 | (X) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>( ) Electronic Mail<br>( ) Facsimile |
| **ADA COUNTY PUBLIC DEFENDER'S OFFICE**<br>VIA EMAIL: public.defender@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>(X) Electronic Mail<br>( ) Facsimile |

TRENT TRIPPLE
Clerk of the District Court

By: _____
Deputy Clerk

FILED
A.M. _____ P.M. _____

JUL 05 2023

TRENT TRIPPLE, Clerk
By ANNA MEYER
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| MICHAEL N. DEMOURA,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>Respondent. | Case No. CV01-23-09325<br><br>NOTICE OF INTENT TO DISMISS |

## I.    INTRODUCTION

On June 12, 2023, Petitioner filed a combined Petition for Post-Conviction Relief and Affidavit in Support (collectively, "Petition") arising from his underlying criminal case, *State v. Demoura*, Ada County Case No. CR-FE-2015-6232. His claims consist of ineffective assistance of both trial and appellate counsel, misconduct by the prosecutor and law enforcement and error by the trial judge at sentencing. Based on the record[1], this Court is satisfied that Petitioner is not entitled to post-conviction relief and no purpose would be served by further proceedings. Consequently, the Court hereby provides the parties with notice of its intent to dismiss pursuant to I.C. § 19-4906(b).

## II.    STANDARD

A petition for post-conviction relief commences a civil, rather than criminal, proceeding, which is governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). The petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based, I.C. § 19-4907; *Schultz v.*

---

[1] Pursuant to IRE 201(c), the Court takes judicial notice of the followings documents from *State v. Demoura*, Ada County Case No. CR-FE-2015-6232: 1) Indictment (June 16, 2015); 2) Guilty Plea Advisory and Form (Oct. 28, 2015); 3) Judgment of Conviction, Order Retaining Jurisdiction and Commitment (Dec. 23, 2015); 4) Order Suspending Sentence After Retained Jurisdiction and Order of Probation (July 29, 2016); 5) Order on Probationer Arrest on Agent's Warrant (May 3, 2017); 6) Order of Revocation of Probation, Imposition of Sentence and Commitment (Aug. 29, 2017); 7) Notice of Appeal (Sept. 1, 2017); 8) Order Dismissing Appeal (Oct. 20, 2017) and *Demoura v. State*, Ada County Case No. CV01-17-7207: 1) Petition and Affidavit for Post-Conviction Relief (April 17, 2017); 2) Order Granting Motion for Appointment of Counsel (April 27, 2017); 3) Motion to Withdraw Petition (July 25, 2017); 4) Statement of Counsel for Petitioner (July 25, 2017); 5) Judgment (Aug. 9, 2017).

1

*State*, 153 Idaho 791, 795-796, 291 P.3d 474, 478-479 (Ct. App. 2012), review denied (Dec. 14, 2012). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008). The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19–4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the trial court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the relief requested. *Id.* "A material fact has 'some logical connection with the consequential facts [,]'…and therefore is determined by its relationship to the legal theories presented by the parties." *Id.*, quoting *Black's Law Dictionary*, 991 (7th ed.1999). If such a factual issue is presented, an evidentiary hearing must be conducted. *Id.*

Although the district court must construe disputed facts in the petitioner's favor, the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172.[2]

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven

---

[2] Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008).

2

by the record of the criminal proceedings, if the petitioner has not presented admissible evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

## III.   BACKGROUND

In underlying criminal case giving rise to Petitioner's claims, Petitioner was indicted on several offenses, ultimately pleading guilty to two counts of felony intimidation of a witness, misdemeanor violation of a no-contact order, and misdemeanor possession of a controlled substance. This Court issued a Judgment of Conviction, Order Retaining Jurisdiction and Commitment on December 23, 2015. After a period of retained jurisdiction, the Court suspended the sentence and placed Petitioner on probation. Claiming the sentence was excessive, Petitioner appealed. The Court of Appeals affirmed and issued a Remittitur on March 13, 2017.[3]

Petitioner was arrested on an Agent's Warrant for a new crime shortly thereafter. Finding Petitioner knowingly and willfully violated his probation, this Court revoked probation and reinstated the underlying sentence on August 29, 2017. Petitioner then filed a Notice of Appeal based on "use of false information from probation officer as used in sentencing hearing also numerous other claims" but the appeal was dismissed by the Idaho Supreme Court and a Remittitur was issued on November 16, 2017.

In the meantime, Petitioner filed his first Petition for Post-Conviction Relief, *Demoura v. State*, CV01-17-7207. ("First Petition"). In his First Petition, Petitioner asserted approximately fourteen different claims, the majority being ineffective assistance of trial counsel. These included complaints about counsel lying about, withholding and failing to investigate evidence in his case and pressuring him to plead guilty. He also included claims regarding allegedly flawed or false sentencing information. Counsel was appointed. After consulting with counsel, Petitioner

---

[3] *State v. Demoura*, 2017 WL 128581 (Idaho Ct. App., Jan. 13, 2017).

3

subsequently filed a motion to withdraw his petition, explaining the action will "most likely be futile and [Petitioner] does not wish to expend anymore [sic] time and energy pursuing the action." The Court dismissed the First Petition without prejudice.

## IV.   ANALYSIS

### A.   The Claims are Untimely.

As noted in the contemporaneously-filed Order Denying Appointment of Counsel, the Court finds dismissal of Petitioner's claims warranted based on their untimeliness. Under Idaho Code § 19-4902(a), applications for post-conviction relief must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." In this case, the last remittitur in the underlying criminal case was issued on November 16, 2017, after the Idaho Supreme Court dismissed his second appeal from the underlying criminal case. Therefore, the time period for filing a petition for post-conviction relief based on the underlying criminal case expired, at the latest, by November 16, 2018. The present Petition, filed June 12, 2023, is nearly five years past the deadline.

Evidently cognizant of the untimeliness of his Petition, Petitioner has alleged that his case "involves evidence of material facts that have not been previously presented that the defendant uncovered when he was given a copy of his case file 60 days ago by the Ada County Public Defender's Officer which whoud [sic] require the vacation of his sentence [sic] and the order of a new trial in the interest of justice." Affidavit in Support of Petition, p. 1. He appears to imply by this statement that equitable tolling of I.C. § 14-4902(a) is warranted.

"The standard for application of equitable tolling in post-conviction actions is a stringent one." *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (2011); *see also Mahler v. State*, 157 Idaho 212, 215, 335 P.3d 57, 60 (2014) (noting bar for equitable tolling in post-conviction cases is high). Equitable tolling is allowed if a petitioner is unable to timely file a petition for post-conviction relief due to extraordinary circumstances beyond his effective control or if some unlawful state action has hidden from the petitioner the facts underlying the claim. *Schultz*, 151 Idaho at 386, 256 P.3d at 794; *see also Mahler*, 157 Idaho at 215, 335 P.3d at 60 (noting courts only apply equitable tolling in rare and exceptional circumstances beyond petitioner's control). Equitable tolling is not allowed for "a petitioner's own inaction." *Schultz*, 151 Idaho at 386, 256 P.3d at 794.

The petitioner bears the burden of showing the circumstances warrant the tolling of the one-year statute of limitation, *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). Petitioner has made no effort to carry this burden in his Petition. He has not identified what material facts he just learned of, how those facts relate to his claims, or why he was only able to get his file from the Ada County Public Defender sixty days prior to filing the Petition. Moreover, the Court notes that the claims alleged in the Petition overlap significantly with those brought in the First Petition, thus indicating that they are not based new information, but material that Petitioner has long known. Consequently, even if Petitioner expressly raised equitable tolling in his Petition to excuse its untimeliness, he has not presented any information supporting this argument.[4]

### B.      The Claims are Bare and Conclusory, Unsupported by Evidence.

As noted, a petition for post-conviction relief must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Roman*, 125 Idaho at 647, 873 P.2d at 901. This means that affidavits, records or other evidence supporting the allegations in a petition must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903.

Here, Petitioner has made no effort to support his claims with any facts and evidence. Rather, he makes conclusory allegations without any substance, such as alleging his counsel failed to "subpoena pertinent information" (Pet., ¶ 7(E)); counsel failed to "discover issues he/she was told about in numerous letters (*Id.*, ¶ 7(F); counsel "withheld favorable information" (*Id.*, ¶ 7(I)); counsel failed to object "to certain information in the Defendant's PSI" (*Id.*, ¶ 7(J)), and; counsel "failed to dispute mental health findings and reports" (*Id.*, ¶ 7(K)). These are simply examples highlighting the deficiencies; each claim asserted by Petitioner is similarly vague. Further, not one claim is supported admissible evidence. Thus, summary dismissal of the claims is warranted.

### V.      CONCLUSION

Based on the foregoing analysis, this Court is satisfied that Petitioner is not entitled to

---

[4] Petitioner also contends that "[s]ubject to the provisions of section 19-4902(a) through (f) Idaho Code that the petitioner is innocent of the offence." Petition, ¶ 7(c). To the extent he is asserting innocence as a basis to toll the statute of limitations, the Idaho Supreme Court recently clarified that a claim of innocence under *Schlup v. Delo*, 513 U.S. 298 (1995) does not apply in noncapital state post-conviction cases. *Hooley v. State*, 2023 WL 2604004, at *8 (Idaho Mar. 23, 2023).

post-conviction relief and no purpose would be served by any further proceedings. He is hereby allowed twenty (20) days from the date of the filing of this Order to reply to the grounds for dismissal cited herein. If he does not submit a reply, or if his reply fails to raise a genuine issue of material fact, the Court will order dismissal on the grounds cited herein.

IT IS SO ORDERED.

DATED this ___ day of June, 2023.

Steven Hippler
District Judge

6

## CERTIFICATE OF SERVICE

I hereby certify that on _July 5, 2023_ , I mailed (served) a true and correct copy of
the NOTICE OF INTENT TO DISMISS to:

| | |
|---|---|
| **ADA COUNTY PROSECUTOR'S OFFICE**<br>VIA EMAIL:  acpocourtdocs@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>(X) Electronic Mail<br>( ) Facsimile |
| Michael Demoura<br>IDOC No. 65065<br>Idaho State Correctional Institute<br>P.O. Box 14<br>Boise, ID 83707 | (X) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>( ) Electronic Mail<br>( ) Facsimile |
| **ADA COUNTY PUBLIC DEFENDER'S OFFICE**<br>VIA EMAIL: public.defender@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>(X) Electronic Mail<br>( ) Facsimile |

TRENT TRIPPLE
Clerk of the District Court

By: _____
Deputy Clerk

7

Michael Demoura # 65065
Full Name/Prisoner Name

Po Box 14   16B - 19A
Boise Id
85707
Complete Mailing Address

Plaintiff/Defendant
(circle one)

NO. _____
A.M. **9:35** FILED
P.M. _____

JUL 06 2023

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

IN The District Court OF the FOURTH Judicial District

OF the State Of Idaho In And For The County OF ADA

Michael Demoura
Plaintiff/Petitioner,
Full name(s)

vs.

State Of Idaho

Defendant/Respondent(s),
Full name(s)

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV - 01 -23-09325

Motion For Disqualification

COMES NOW, Michael Demoura (Plaintiff)/Defendant (circle one) in the above entitled

Case And Moves This Honorable Court
Under Rule 40A Subsection (D) OF The
Rules For Civil Procedure And Moves For
The Disqualification OF District Judge
STEVEN. J. HIPPLER The Plaintiff Now

Asks This Court To -1

Issue A Order Of -pg. 1

Revised 3/24/16

CAUSE UNDER Rule 40 (A) SUBSECTION (D) OF The IDAHO Rules OF CiViL PROCEDURE FOR The Reasons STATED AND ON the SPECIFIC GROUNDS STATED IN his AFFIDAVIT FOLLOWING This MOTION.

-pg. 2

Revised 3/24/16

_____

_____

_____

_____

_____

_____

_____

Respectfully submitted this __30__ day of ___June___ 20_23_

Michael DeMoura
_____
Plaintiff/Defendant (circle one)

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the __30th__ day of ___June___ ,20_23_, I

mailed a true and correct copy of the _Motion For Disqualification_ via

prison mail system for processing to the U.S. mail system to:

① Clerk of Courts Ada County
Courthouse 200 W. Front St Boise 83702
② Judge Steven J. Hippler at his Chambers
200 W. Front St Boise Idaho 83702

_____
Plaintiff/Defendant (circle one)

_____ -pg. 3

NO. 935

A.M. 9:35 FILED P.M. _____

JUL 06 2023

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

Michael Demoura # 65065
Full Name/Prisoner Name
IDOC No. 65065
PO Box 14 16B-19A
Boise Id 83707
Complete Mailing Address

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
OF THE STATE OF IDAHO IN AND FOR THE COUNTY OF ADA

Michael Demoura       )
                      )   Case No. CU-01-23-09325
    Plaintiff/Petitioner,  )
                      )   AFFIDAVIT OF
  vs.                 )
                      )   SUPPORT OF MOTION FOR
STATE OF IDAHO        )   RULE 40(A) DISQUALIFICATION
    Defendant/Respondent.  )

Michael Demoura, after first being duly sworn upon his/her oath, deposes
and says as follows: THAT THE JUDGE IN THE ABOVE MENTIONED
CASE IS BIASED OR PREJUDICED FOR OR AGAINST
THE PARTY IN THE SUBJECT MATTER OF THIS
ACTION. THE PLAINTIFF SAYS THAT ON DECEMBER
15TH 2016 THE ABOVE NAMED JUDGE PERSIDED OVER
HIS SENTENCING AND DURING THE SENTENCING

AFFIDAVIT OF Michael Demoura - pg. I
Revised 3/24/16

Considered The Felony Count of Possession of Cocaine in 1982, as a Prior Felony NOT Researching what the Disposition was in that Charge that was Dismissed, he also made References To the "Violent nature" of Charges that were Dismissed And Further made Reference about the Plaintiffs Criminal Behavior, Violent Behavior, And his long Standing Contemptuous Behavior. he also Referred to Information in his case that had Been Dismissed But Said he had Considered it as Part of the "Overall" Picture of the case. The Plaintiff also says that the Judge in This case is Accused of Mistakes + Errors And is Prejudiced + Biased Because of those Reasons

Further your affiant sayeth naught.

DATED This 27 day of ____June____, 2023

Signature _____

**CERTIFICATION UNDER PENALTY OF PERJURY**

I certify under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct.

Date: June 30th 2023

Michael DeMoura
Typed/Printed

Signature _____

AFFIDAVIT OF Michael DeMoura - pg. 2
Revised 3/24/16

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 30th day of June 2023, I

mailed a true and correct copy of the AFFIDAVIT In Suppoc of Rule 40 via motion For Disqualification

prison mail system for processing to the U.S. mail system to:

(1) Clerk of courts Ada County Courthouse
200 W. Front St Boise ID 83702

(2) Judge Steven J. Hippler Ada County Court
200 W. Front St Boise Id 83702

Signature

AFFIDAVIT OF Michael Denman - pg. 3
Revised 3/24/16

RE: CV-01-23-09325

RECEIVED

NO. _____
A.M. 9:35 FILED P.M. _____

JUL 0 6 2023

Ada County Clerk

JUL 0 6 2023

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

6/29/23

Dear Clerk,

Please File this Motion and Mark it up for a hearing on this matter.

Thank You Kindly :)

RE: CV-01-23-09305

TRENT TRIMLE

CLERK OF THE DISTRICT COURT

Ada County Courthouse

200 W. Front Street

Boise IDAHO 83702

Michael Bradbury

IDAHO DEPARTMENT OF C...

P.O. Box 14

INMATE CORRESPONDENCE 83702

NO. ~~895~~

A.M. _____ FILED P.M. _____

JUL 1 4 2023

TRENT TRIPPLE, Clerk
By TWANNA MEYER
DEPUTY

# IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

## STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

MICHAEL N. DEMOURA,

    Petitioner,

vs.

STATE OF IDAHO,

    Respondent.

Case No. CV01-23-09325

ORDER ON MOTION FOR
DISQUALIFICATION

Before the Court is Petitioner's motion under IRCP 40(b) to disqualify this Court for cause. A denial of a disqualification motion is reviewed for an abuse of discretion. *Lamm v. State*, 143 Idaho 763, 765, 152 P.3d 634, 636 (Ct. App. 2006) (citation omitted). On discretionary matters, the trial court must: (1) correctly perceive the issues as discretionary; (2) act within the outer boundaries of its discretion; (3) act consistently with the legal standards applicable to the specific choices available to it; and (4) reach its decision by the exercise of reason. *State v. Le Veque*, 164 Idaho 110, 113, 426 P.3d 461, 464 (2018).[1]

Petitioner's motion invokes IRCP 40(b)(1)(D), which provides: "[a] party to an action may disqualify a judge for cause [if] ... the judge is biased or prejudiced for or against any party or the subject matter of the action." There is a "strong presumption" that a judge is not biased or prejudiced. *Sivak v. Hardison*, 658 F.3d 898, 924 (9th Cir. 2011). "A judge may not be disqualified for prejudice unless it is shown that the prejudice is directed against the party and is of such nature and character as would render it improbable" that the party would receive a fair and impartial trial. *Pizzuto v. State*, 134 Idaho 793, 799, 10 P.3d 742, 748 (2000). In post-conviction proceedings, allegations of prejudice "must state facts that do more than simply explain the course of events involved in a criminal trial." *Id.* Taking guidance from the United

---

[1] As required by IRCP 7(b)(3)(D), Petitioner did not indicate on the face of the motion whether oral argument was desired. Because he has not requested oral argument, the Court may deny the motion without further notice upon determining it does not have merit. IRCP 7(b)(3)(E).

1

States Supreme Court, the Idaho Supreme Court has observed that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion ... and can only in the rarest circumstances evidence the degree of favoritism or antagonism required[.]" *Bach v. Bagley,* 148 Idaho 784, 229 P.3d 1146 (2010) (quoting *Liteky v. United States,* 510 U.S. 540 (1994)).

Here, Petitioner asserts in his affidavit accompanying his motion that this Court is biased or prejudiced against him primarily based on actions and comments allegedly made by the Court during the December 15, 2015 sentencing hearing in his underlying criminal case, *State v. Demoura,* Ada County Case No. CR-FE-2015-6232. Specifically, Petitioner claims this Court: 1) considered a prior felony in Petitioner's criminal history that had been dismissed and made references to the "violent nature" of that dismissed charge; 2) made references to Petitioner's "criminal behavior, violent behavior, and his long standing contemptuous behavior," and; 3) considered other, unidentified information that had been "dismissed." He also states that this Court is prejudiced and biased because it is accused of mistakes and errors in the post-conviction petition.

Initially, the Court notes that Petitioner has not identified what prior felony and other information the Court allegedly considered that had been "dismissed," nor has he identified any statements by the Court referring to his criminal, violent or contemptuous behavior. Absent proof from the record, Petitioner cannot carry his burden of demonstrating prejudice or bias such that it would make it improbable for him to receive a fair ruling in this case.

Even assuming the Court did refer to Petitioner's behavior as criminal, violent or contemptuous, these are not personal opinions but rather factual observations that are part and parcel of the sentencing process. Moreover, judicial remarks during the course of a proceeding that are critical of, disapproving of or even hostile to a party do not ordinarily support a bias challenge. *State v. Dunlap,* 155 Idaho 345, 391, 313 P.3d 1, 47 (2013) (citing *Liteky,* 510 U.S. at 555-56).

Further, any alleged error by the Court in considering "dismissed" information in sentencing would be proper grounds for appeal in the underlying criminal case, not for disqualification on post-conviction. Error is not synonymous with or indicative or prejudice. Moreover, Petitioner did appeal his sentence, which was affirmed. *See, State v. Demoura,* 2017 WL 128581 (Idaho Ct. App., Jan. 13, 2017).

Finally, Petitioner cannot assume that the Court will be biased or prejudiced against him in this action simply because he accuses the Court of errors in his post-conviction action. He must demonstrate that bias or prejudice against him actually exists and is of such a degree that it would render it improbable of receiving a fair determination in his post-conviction proceeding. Having failed to make such a showing, his motion for disqualification is DENIED.

IT IS SO ORDERED.

DATED this 13 day of July, 2023.

Steven Hippler
District Judge

3

**CERTIFICATE OF SERVICE**

I hereby certify that on *July 14, 2023*, I mailed (served) a true and correct copy of the ORDER DENYING MOTION FOR DISQUALIFICATION to:

| | |
|---|---|
| **ADA COUNTY PROSECUTOR'S OFFICE**<br>VIA EMAIL: acpocourtdocs@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>(X) Electronic Mail<br>( ) Facsimile |
| Michael Demoura<br>IDOC No. 65065<br>Idaho State Correctional Institute<br>P.O. Box 14<br>Boise, ID 83707 | (X) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>( ) Electronic Mail<br>( ) Facsimile |
| **ADA COUNTY PUBLIC DEFENDER'S OFFICE**<br>VIA EMAIL: public.defender@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>(X) Electronic Mail<br>( ) Facsimile |

TRENT TRIPPLE

Clerk of the District Court

By: _____

Deputy Clerk

4

Michael Demoura #65065
Full Name/Prisoner Name

Po Box 14 160 -19A
Boise Id 83707
Complete Mailing Address

Plaintiff/Defendant
(circle one)

NO._____
A.M._____ FILED _____ P.M.

JUL 17 2023

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

IN the District Court Of the Fourth Judicial District
Of The State Of Idaho In and For the County Of ADA

Michael Demoura
Plaintiff/(Petitioner),
Full name(s)

vs.

State Of Idaho

Defendant/Respondent(s),
Full name(s)

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV-01-23-09325

Response To Motion Of Intent
To Dismiss
Post Conviction

COMES NOW, Michael Demoura, Plaintiff/Defendant (circle one) in the above entitled

And Says That his Claims Are Not Bare and Are Supported
By Evidence Being Presented in This Response As Exhibits (A)—(V)
he Claims his Attorney Was Ineffective When he/she Failed To
Notify him Of Information Recieved By he/she in Discovery
Which effectivly Whoud have Allowed him To Present Pertinent
Information in his Trial Which Whoud have Shown That The -

— 1 —

-pg. 1

Revised 3/24/16

Ada-County Detective Sherri Tucker lied To him About his wife having Injuries To her Neck Consistant with Being Strangled And That Information Contained in The Kuna Rural Fire district Report Exhibit (K) Shares That There were NO MARKS, Bruises or Cuts as The Detective Claimed To The Defendant. The Defendant says The Detective was Biased of him Due To A Past Arrest in 2005 of The exact Same Nature See exhibit (M) That was eventually Dismissed The Defendant says she was Prejidiced To him due To This Fact. The Defendant Says That He has Never Admitted To The Crimes he was Charged with On 4/30/15 And defends His Innocence of Such By saying His wife And her New Boyfreind Both conspired To Charge him & Imprisson him By False Pretense And By Committing Perjury/ Purgery At His Grand Jury Proceedings. The Defendant says That in Fact The Judge Considered A Charge of Possession of Cocaine Against Him as A Felony in his Sentencing hearing And That This Charge had Been dismissed And Amended To A Misdemeanor Charge By the Gardner Massachusetts district Court To Possession of A Class (D) Drug

———————————————— -pg. 2



The Petitioner says That his Attorney was Ineffective when he/she failed to Address his Requests To Her in letters he sent Requesting Defensive Issues Be Addressed To help prove his Innocence see Exhibit (D) letters, he/she was Also Ineffective when They Failed To Investigate Records, Phone Records, Text Messages, Facebook messages, + Face Book messanger App Messages Which were Pertinant To The Defendants Defence See Notes Exhibit (E) Persons of Interest Exhibit (F) And Phone Records Subpoena Requests Exhibit (G) Defendant Also Says That his Attorney was Inaffective That She/he Failed To Subpoena Records From Idaho Department of Health + welfare As To The Defendants Household food Stamps paperwork Which was Changed By his wife Before 5/1/2015 To Include Byran Junge As A Husehold member And Michael Demara As Not living At The Home As Of 5/1/2015 which would have Shown A Pre-Planed defanceuce Of The Defendant who was Arrested on 4/30/2015 The day Before The Change in Household Members was To Go into Effect See Exhibit (H) The Defendant Now says That All of This Information was Portnent To his Defence he Also Says That Other Records he just Recently was Able To Access After Contacting The Cheif Public Defender were Never Given To Him in The Past Upon his Request For A Copy Of his File he says the following Reports Ada-County Arrest Records Exhibit (I) 911 Call Logs Exhibit (J) Subpoenas Exhibit (L) Concelead Weapon Laws Exhibit (N)  And



JONES INVESTIGATION Letter EXHIBIT (P)
JONES MISC Letter EXHIBIT (O) AND JONES
DINGOR Letters EXHIBIT (Q) Were Never Included IN
his Requests For Files OR IN his DISCOVERY Requests
The DEFENDANT SAYS THAT HAD his ATTORNEY Showed him
These Files OR Gave him Access To Them IN DISCOVERY he Would
NOT HAVE NOT Gone TO TRIAL ON THIS MATTER The defendant
ALSO SAYS THAT His ATTORNEY Failed To Protect Him
From Further damage When She Found Out He WAS
INCompetent To STAND TRIAL That She Should have
Filed A DeFence IN his Behalf Under The
CASTLE doctrine Idaho Code 18-122 (Resistance BY Threatened
PARTY) That When The Victim BRYAN BURGE Came To his house
With A Loaded FIREARM And Threated "To Blow his Knees OFF"
he Should have Been Protected IN his ACTIONS Under
The CASTLE doctrine And That He didn't have These ACTIONS
To Help IN his DeFence OF This Case.
The DEFENDANT Now Says THAT Since 4/30/2015 he has
Been MENTALLY ILL With MENTAL DISEASE AND CONSTANTLY
ON PSYChoTropic MediCATIONS which have Rendered him
INCOMPETENT UNTILL 5/2023 When he Changed his
MediCATIONS FOR THIS REASON he HAS NOT HAD A
CLEAR ENOUGH Mind TO FAIRLY PURSUE CHALLENGES To his
CONVICTION he SAYS That Even his GUILTY Plea WAS
NOT COMPREHENDABLE To him due To The Amount OF
PSYChotropic mediCATION he WAS ON AT The time he SAYS That
He Would have Answered (Yes) To ANYThing IN his CondiSition



The defendant Puts Forth Exhibits R,S,T, U, + V
To Contend That He Was Incompetent At The Time He
Made Phone Calls From Ada-County Medical Hold Unit
Which ultimately Became The Intimidation Of A Witness
Charges he Was Charged With in This case. The defendant
Says He Is And has Been Housed in The
B.H.U. Unit (Behavioral Health Unit) At I.S.C.I And
Is Being Treated For him Mental Illness And has Been
Being Treated As Such With Psidotropic Medication While he
has Been There in Custody leaving him Unable To address
The Underlying Issues Of This case. he Also Says That
his Issues in This Last Petition Are Based On New Information
in The Exhibits Presented he has Just Been Able To obtain
From The Public defenders Office he Also Says That in
his Notice Of Appeals Exhibit (A)—(B)+(C) The Applicant
Attorney Was New addressed Or his Address To
Contact him About The Issues Of his Appeal And
he Was Never Able To Present Them On Appeal.
All Of These Issues Above Present A material Fact That has
Some Logical Connection with The Consequential Facts" Factual
Issues Are Presented in which A Evidentiary Hearing
Should Be Conducted To Protect The Innocence Of
The defendant Who has Long Claimed To Be
Innocent Of These Charges The Petitioner has Been
Unable To File A Timely Petition Due To his Mental Illness
Condishions And or Treatment With Psidotropic Medications Which
essential left Him Not in effective control Of his Legal Issues.

_____

_____

_____

_____

_____

_____

Respectfully submitted this 13 day of June                    20 23.

Michael Demasia
Plaintiff/Defendant (circle one)

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the _____ day of June            ,20 23, I

mailed a true and correct copy of the Reshonse To motion of Intut to dismiss via

prison mail system for processing to the U.S. mail system to:

Ada - counrel - Clerk

Ada counril Courthuse

200 W. Frunststreet

Doise Id 93702

Plaintiff/Defendant (circle one)

-pg. 6

Revised 3/24/16

ORdER APPoiNTiNG P.D. FoR APPeAL

EXiBiT (A)



ADA COUNTY PUBLIC DEFENDER
Attorney for Defendant-Appellant

Teri Jones
Deputy Public Defender
200 West Front Street, Suite 1107
Boise, Idaho 83702
Telephone:  (208) 287-7400
Facsimile:  (208) 287-7409

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

STATE OF IDAHO,

     Plaintiff-Respondent,

vs.

MICHAEL NORMAN DEMOURA,

     Defendant-Appellant.

Case No.  CR-FE-2015-0006232

ORDER APPOINTING STATE
APPELLATE PUBLIC DEFENDER
ON DIRECT APPEAL

     The Defendant has elected to pursue a direct appeal in the above-entitled matter. The Defendant being indigent and having heretofore been represented by the Ada County Public Defender's Office in the District Court, the Court finds that, under these circumstances, appointment of appellate counsel is justified. The Idaho State Appellate Public Defender shall be appointed to represent the above-named Defendant in all matters pertaining to the direct appeal.

     IT IS SO ORDERED.

     DATED this _____ day of July 2016.

                               STEVEN J. HIPPLER
                               District Judge

ORDER APPOINTING STATE APPELLATE PUBLIC DEFENDER ON DIRECT APPEAL     1

## CERTIFICATE OF MAILING

I, CHRISTOPHER D. RICH, the undersigned authority, do hereby certify that I have mailed one copy of the Order Appointing State Appellate Public Defender on Direct Appeal as notice pursuant to the Idaho Rules to each of the parties of record in this case in envelopes addressed as follows:

Idaho Attorney General
Criminal Division
Joe R. Williams Bldg., 4th Flr.
Statehouse Mail

Idaho State Appellate Public Defender
PO Box 2816
Boise, ID 83701

Daniel Dinger
Ada County Prosecutor's Office
Interdepartmental Mail

Ada County Public Defender's Office
Attn: Katie Van Vorhis
Interdepartmental Mail

CHRISTOPHER D. RICH
Clerk of the District Court
Ada County, Idaho

Date:_____     By_____
                                        Deputy Clerk

ORDER APPOINTING STATE APPELLATE PUBLIC DEFENDER ON DIRECT APPEAL          2

NOTICE OF APPEAL

EXIBIT (B)



ADA COUNTY PUBLIC DEFENDER
Attorney for Defendant-Appellant

Teri Jones
Deputy Public Defender
200 West Front Street, Suite 1107
Boise, Idaho 83702
Telephone: (208) 287-7400
Facsimile: (208) 287-7409

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| STATE OF IDAHO, | Case No. CR-FE-2015-0006232 |
| Plaintiff-Respondent, | NOTICE OF APPEAL |
| vs. | |
| MICHAEL NORMAN DEMOURA, | |
| Defendant-Appellant. | |

TO:  THE ABOVE-NAMED RESPONDENT, STATE OF IDAHO, AND THE CLERK
OF THE ABOVE-ENTITLED COURT

NOTICE IS HEREBY GIVEN THAT:

1) The above-named Appellant appeals against the above-named Respondent to the
Idaho Supreme Court from the final decision and order entered against him in
the above-entitled action on July 29, 2016, the Honorable Steven J. Hippler,
District Judge, presiding.

2) That the party has a right to appeal to the Idaho Supreme Court, and the
judgments or orders described in paragraph 1 above are appealable orders under
and pursuant to I.A.R. 11(c)(1-10).

3) A preliminary statement of the issues on appeal, which the Appellant then
intends to assert in the appeal, provided any such list of issues on appeal shall not
prevent the Appellant from asserting other issues on appeal is:

a) Did the district court abuse its discretion by imposing an excessive
sentence?

NOTICE OF APPEAL                                                                                      1

4) There is a portion of the record that is sealed. The portion of the record that is sealed is the grand jury transcript and the presentence investigation report (PSI).

5) Reporter's Transcript. The Appellant requests the preparation of the entire reporter's standard transcript as defined by I.A.R. 25(d). The Appellant also requests the preparation of the additional portions of the reporter's transcript:

   a) Entry of plea held October 28, 2015 (Court Reporter: Christie Valcich, Estimated pages: 100);

   b) Sentencing hearing held December 15, 2015 (Court Reporter: Christie Valcich, Estimated pages: 100);

   c) Rider review hearing held June 29, 2016 (Court Reporter: Christie Valcich, Estimated pages: 100).

6) Clerk's Record. The Appellant requests the standard clerk's record pursuant to I.A.R. 28(b)(2). In addition to those documents automatically included under I.A.R. 28(b)(2), the Appellant also requests that any exhibits, including but not limited to letters or victim impact statements, addenda to the PSI, or other items offered at the sentencing hearing be included in the Clerk's Record.

7) I certify:

   a) That a copy of this Notice of Appeal has been served on the Court Reporter(s) mentioned in paragraph 5 above;

   b) That the Appellant is exempt from paying the estimated fee for the preparation of the record because the Appellant is indigent (I.C. §§ 31-3220, 31-3220A, I.A.R. 24(e));

   c) That there is no appellate filing fee since this is an appeal in a criminal case (I.C. §§ 31-3220, 31-3220A, I.A.R. 23(a)(8));

   d) That Ada County will be responsible for paying for the reporter's transcript(s), as the client is indigent (I.C. §§ 31-3220, 31-3220A, I.A.R. 24(e)); and

   e) That service has been made upon all parties required to be served pursuant to I.A.R. 20.

DATED this 29 day of July 2016.

TERI JONES
Attorney for Defendant-Appellant

NOTICE OF APPEAL                                                                2

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this ___29___ day of July 2016, I mailed (served) a true and correct copy of the within instrument to:

Idaho Attorney General
Criminal Division
Joe R. Williams Bldg., 4th Flr.
Statehouse Mail

Idaho State Appellate Public Defender
PO Box 2816
Boise, ID 83701

Christie Valcich
Court Reporter
Interdepartmental Mail

Daniel Dinger
Ada County Prosecutor's Office
Interdepartmental Mail

_Katie Van Vorhis_
Katie Van Vorhis

NOTICE OF APPEAL                                                                                  3

Notice of Appeal Addressed To Petitioner

Exibit (C)



### OFFICE OF THE ADA COUNTY PUBLIC DEFENDER
#### CHIEF PUBLIC DEFENDER
Alan Trimming

**CHIEF DEPUTY**
Anthony Geddes

| FELONY DIVISION | MAGISTRATE DIVISION | CIVIL DIVISION | JUVENILE DIVISION | INVESTIGATORS |
|---|---|---|---|---|
| 200 W. Front St., Suite 1107 | 200 W. Front St., Suite 1107 | 200 W. Front St., Suite 1107 | 6300 W. Denton | 200 W. Front St., Suite 1107 |
| Boise, Idaho 83702 | Boise, Idaho 83702 | Boise, Idaho 83702 | Boise, Idaho 83704 | Boise, Idaho 83702 |
| Phone: (208) 287-7400 | Phone: (208) 287-7450 | Phone: (208) 287-7450 | Phone: (208) 577-4930 | Phone: (208) 287-7400 |
| Fax: (208) 287-7409 | Fax: (208) 287-7419 | Fax: (208) 287-7419 | Fax: (208) 577-4939 | Fax: (208) 287-7154 |

**SENIOR TRIAL ATTORNEYS**
Steven Botimer
Eric Rolfsen
Craig Steveley
Jonathan Loschi
Michael Lojek

**TRIAL ATTORNEYS**
David Simonaitis
Ann Cosho
Teri Jones
Ransom Bailey
Reed Smith
Charlene Davis
Brian Marx
Danica Comstock
Heidi Koonce
Nicole Owens
D. David Lorello, Jr.
David Stewart
Lance Fuisting
Daniel Taylor
Ian Thomson

**TRIAL ATTORNEYS**
Cassandra Gray
Kevin Rogers
Elizabeth Estess
Nicholas Wollen
Megan Herrett
Dylan Orton
Adam Kimball
Anita Moore
Simon Billinge
Heidi Johnson
Nathan Austin
John Shackelford
Abraham Wingrove
Thomas Callery
Mark Coonts
Susan Clark
Elana Salzman

**CIVIL ATTORNEYS**
Joshua Wickard
Tahja Jensen

**TRIAL ATTORNEYS**
N. Gene Alexander
Alan Malone
Robin Coley
Cameron Cook

Kirsten Solmon
John Anzuoni
Gina Mikelson
Paula McKissick
Tonya Friedman
Stefan Price
Dru Donat
Darby Lewis

July 29, 2016

**CONFIDENTIAL LEGAL MAIL**

Michael Demoura
41821 S. Hwy 3
St. Maries, ID 83861

Re:   Appeal of Case No. CR-FE-2015-0006232

Mr. Demoura:

Please be advised that I have filed an appeal on your behalf, a copy of which is enclosed. Your appeal will be handled by:

> State Appellate Public Defender
> PO Box 2816
> Boise, Idaho 83701
> (208) 334-2712

All correspondence regarding your appeal should be directed to that office.

Sincerely,

*Dictated and sent without signature to avoid delay.*

Teri Jones
Deputy Public Defender

TKJ:kvv

Enclosures

JONES REQUESTS LETTERS

EXIBIT (D)

RE: Attorney Terry Jones

Ms. Jones I'm a friend of Michael Demoura's who asked me to help him get this message to you. Michael wants you to subpoena phone records and facebook account records, texts messages, and calls made by his wife, and also her new boyfriends records, text messages, calls, and facebook account messages. enclosed is a list of his information on this. Michael attests to the fact these calls will shed light on exactly what was going on in his case. he feels this is extremely important information to capture.

Mr. Demoura is in & out of reaility here however while in reality he has asked me to send this along which he has signed below

*[signature]*



9/9/15

Dear Ms Jones

This letter is to inform you
that other people in my case are
willing to come forward about
the truth that was going on
between my wife + Bryan
Lucas Finch who is Michelles Son
can be contacted at 880-9374
he has alot of good information
that may help in my defense
and also some of his freinds
David Sporcello and Richy Sporcello
may be helpfull

  Again I will stress that Michelles
phone text messages are highly important
to this case I also believe they had
a plan to harm me I think they
tryed to poison me at one point and
also had a plan to shoot me
Please try to get copys of these
phone records
                    Thank you for your help

                    Michael Osment

A) RE: Michael Dettourg

Dear Ms,

Jones:

This case against me is all FABRICATION by Michelle & Bryan who were having a sexual affair behind my back as long back as middle February 2/15 - 4/30 They made up this story to put me back in prison so They Could get a "No contact order" and Move into our Home together and try to keep property mainly Horses + a, Arena to themselfs. I know there Phones told valuable information in calls and on there Facebook accounts messages & text messages Made from 2/15/15 - 4/30/15 showing there affair and also conversations about me also the Photos in this case Number 53 + 54 Refer to a "Key" Michelle had of Bryans which I Honestly Belive to be a key to My Home in which Bryan was suppose to Possess to Come over to shoot me with his Pistol — I Do Belive they Both Conspired to murder me in My own Home while I was Suppossibly abusing Michelle to However when I Confronted Michelle at 8 Pm when she Came home on 4/30/15 outside in our Garage they Then Had to Rush there Plan into action and it Didnt quite Play out as Expected!! They Did conspire to Imprison me with lies Here afterwards This whole Story of Hers was made up — knowing My Past Prison Record Whould Basiclly make me look Guilty — Even the Detective "Tucker" is Biased against me and Repeated things she said to me 10 yrs ago in Her Interview of me + in Her Report!

This is a very Serious case against me which Chould Possibly Cost me the Rest of my life in Prison — I am not..



CRAZY AS OTHERS ARE TRYING TO MAKE ME OUT TO BE
THERES ALOT IN THIS CASE THAT WAS NOT INVESTIGATED
BY THE DETECTIVE. THE MOTIVE MY WIFE HAD HERE WAS
TO KEEP ALL OUR PROPERTY FOR HER + BRYAN TO USE
AND ENJOY - NOONE INVESTIGATED THERE AFFAIR WHICH WILL SHOW
IN PHONE CALLS + TEXT MESSAGES THAT THEY INTENDED TO
FRAM ME AND GET RID OF ME - OTHER PARTYS ALSO KNEW
PARTLY OF THERE PLAN TO IMPRISON ME OR SHOOT ME ENCLOSED ARE
SOME PERSONS OF INTEREST WHO SHOULD BE INTERVIEWED BY OUR
INVESTIGATER. MICHELLE + BRYAN BOTH LIED TO POLICE THAT NIGHT
ABOUT JUST BEING "FREINDS" AND HE MOVED INTO MY HOME THE
SAME NIGHT. I KNEW THEY CONSPIRED WITH OTHER FREINDS
ABOVE THIS SITUATION TO GET RID OF ME AND MADE THIS
WHOLE STORY UP. MICHELLES INCONSISTANCYS IN HER STATEMENTS
AND THE 911 CALLS SHOULD SHOW THIS! DETECTIVE TUCKER SAW ALOT OF
THESE LOOPHOLES IN HER STORY AND WENT BACK TO THE HOUSE THE
NEXT DAY ON 5-1-15 TO HELP CONTRUCT A NEW REPORT TO
COVER THESE LOOPHOLES. NOONE IN THIS CASE BELIEVES MY SIDE OF
THE STORY NOR CARED TO LOOK INTO IT WHEN I SPOKE ABOUT IT
I NEVER LAID SO MUCH AS A FINGER ON MICHELLE THAT DAY OR
THAT NIGHT AND IM EVEN WILLING TO TAKE A POLYGRAPH TO
SHOW SO - THERE IS A CONSPIRIRCY HERE AND THATS
HOW THIS CASE SHOULD BE LOOKED AT I NEED AN
ATTORNEY WHOS GOING TO FIGHT AND INVESTIGATE MY
SIDE OF THIS IM NOT GUILTY OF ANYTHING THEY SAID
OCCURED AND IT WAS ALL MADE UP TO SET ME UP!!!

Michael N Demant



9/1/15

DEAR MS. JONES
   Now THAT MY MIND IS GETTING CLEARER I
HOPE THAT WHAT I HAVE TO SAY WILL BE
BELIVED BY YOU IN YOUR CAPASITY AS MY LAWYER
   I WAS SET-UP BY MY WIFE AND HER NEW
LOVER BRYAN JUNGE I NEVER SO MUCH AS LAID
A FINGER ON HER THE DAY OR NIGHT IN QUESTION
WHY THE PROSERCUSTION IS BEING SO HARD ON
ME WITH ALL THESE CHARGES I CAN ONLY
ATTRIBUTE TO MY PAST RECORD ANY HOW
   I CONTEND TO YOU THAT SUBPEONAING MY
WIFES PHONE RECORDS ESSPESIALY TEXT MESSAGES
IS GOING TO BE HIGHLY IMPORTANT I KNOW
FOR A FACT THAT WHEN SHE LEFT OUR HOUSE
ON 4/30/15 ABOUT 5PM SHE CALLED BRYAN TO
GO MEET WITH HIM ABOUT 2 HOURS AFTER SHE
LEFT THE HOUSE I CALLED HER AND LEFT A
MESSAGE SAYING "~~SHE WAS THE REASON~~ IT WAS HER FAULT
OUR FAMILY WAS FALLING APART" AS I HAD A IDEAR
SHE WAS WITH BRYAN AT THAT POINT I THEN
LEFT ANOTHER MESSAGE SAYING "IT TAKES YOU
TWO FUCKING HOURS TO GO TO THE STORE"
ON MY THIRD CALL SHE ANSWERD AND SAID
SHE WAS AT THE STORE SHE THEN CAME
HOME WHEN SHE PULLED UP AND WALKED
INTO OUR GARAGE SHE TOLD ME SHE DIDNT
GET THE MOVIE OR SMOKES SHE WENT TO GET I



Then Checked her Phone I Took her Phone From
Her And Saw She had Texted a Bryan I Then
Called Her A Cheat She Said "Im no Cheat"
I Then Said "Your A Fucking Cheat" And She
Said "Oh Yeah Well Then Who Am I With"
I Said "Bryan" She Then Went into the
House + Locked The Door With me Outside in
The Garage I Then Yelled At Her
Trough The Door To Call Bryan And Have
Him Come Over So I Can Beat his head in
With My Hammer (I was upset) I Then walked
Over To My Horses Pen And Started To
Clean his Pen When Bryan Came Flying
into My Driveway He Got Out Of His
Truck And I Started Over To Him
Yelling At Him To Get Off My Property
he Said Im Here Because Im Sick Of
You Abuseing Michelle When I Got Closer
To Him He Had A Pistol in his Hands
Pointing it At me I Then Jumped into
The Back Of My Truck And Picked Up A
Small Sledge Hammer And Told Him
"What Are You Doing With Gun" he Then Said
"Im in Fear For my Life" And Laughed At me
he Then Said "Im Gonna Blow Your Knees Off
While Pointing his Gun At me I Then
Turned Around And Went into My Garage

(P3)

AND STAYED THERE UNTILL I HEARD THE POLICE
PULL UP AND THEN I CAME OUT AND WALKED
OUT INTO THE STREET TO MEET THEM I
TOLD THEM WHO I WAS AND THAT MY
WIFE PROBABLY CALLED THEM I THEN TOLD THEM
ABOUT BRYAN THREATING ME WITH HIS GUN.

I DID NOT EVER ~~Strange~~ STRANGLE MY WIFE
AND THE BATHTUB THING NEVER HAPPENED AT ALL
WHAT HAPPENED I JUST EXPLAINED TO YOU
THATS ALL THAT HAPPENED WE HAD A VERBLE
ARGUMENT ABOUT HER BEING A "CHEAT"
   THATS IT THE REASON HER + HIM MADE
THIS STORY UP WAS TO GET A NO CONTACT
ORDER AGAINST ME AND TO KEEP ALL THE
PROPERTY WE HAD THERE MAINLY THE
TWO HORSES, ROUND PEN AND RIDEING AREANA
ALL MY TOOLS — 4 WHEELERS ECT THERE
WAS ALOT OF PROPERTY THAT WAS BRAND
NEW BOUGHT FROM HER SELLING MY
MEDICTIONS FOR THE PAST 2 YEARS WHICH IVE
ALREADY SENT YOU A LETTER ADDRESSING
   BRYAN IS NOW LIVEING WITH HER AND
HAS BEEN SINCE THE NIGHT OF MY
ARREST BEFORE HAND SHE TOLD MY
LANDLORD WE WERE GONNA GET DIVORCED
I HAD NO KNOWLEDGE OF THIS FACT UNTILL



That Night When I was Arrested She Also had Already Changed our food Stamp Benfits So That I was No Longer A Houshold member Before This Happened & There is A issue With MY Calling My Freind To Call Her To "Recant" Her Testimony Buc I was Mainly Telling Her To Fix This Because its "Wrong" What She Did Im Worried If We Go To Trial On This Case They will use Them Two Charges To Make me Look Guilty in The Jurys EYES So I Would Ask You Request to Have Seperate Trials On The "Intimidation" Charges Because That Would Bias's me ⊗ in The Jurys EYES Where I Did Ask My Freind To Ask Her To "Recant" I was Only Asking She Tell The Truth And Not Do This To me Cuz its Wrong Also Detective Tucker Report Says I Told Her That Michelle ⊗⊗ Left our House With Bryan That Night Thats Not What I Said To Her What I Said was She Probally went To meet Bryan That Shoud Be On Her Audio Of me Speaking With Her This is A Very Serious Case To me I Am 53 Years Old And My Health is Not in



Very Good Shape Having To Do 5 Years or 10 Years in Prison Will Kill me Why The District Attorney Doesnt See what michelle + Bryan Did Here I dont Know Even Her Statements Vary with Her Story From the 911 call to the Two Statements She made to Police And then Detective Tucker They Both Are Committing Perjury Here To Get what they Want And So Far They've Been Able To Keep Everything From Our House + Imprison me This is A Big Case And Im Sure If We can Show the Truth it will make Waves I was Set-up totally Here By My Wife and Her Lover what they Did is So So Wrong Im Facing Possible Life in Prison For their Lies + Deception! I About Lost My mind Over what has Happened Here Them Those Two Are the Ones Who Should Be Charged With Crimes There the Ones Who Created this whole Situation I do Pray For Your Help in this Case I Have A Terrible Past Record But I Truely Am not Guilty Of Any of These made up Lies. My Story is True!!

Investigative Materials

EXiBit (E)

INVISTIGATE

Michelle Demoura
Phone Records
- Face Book Account
Text + Messages
From 2/15 - 4/30  DATES
F 208
590 - 3253

Micky Shoemaker
208 590 - 3253
Phone Records +
Face Book Acct
Text + Messages
DATES
3/1 - 4/30

Check all Calls
Time Frames
+ Differences

Copys of
Police
Video Cam
+
Audio
4/30/15

Bryan Junge
Phone Records
+
Face Book Acct
2 - 15 → 4/30  DATES

Bryan Junge
Police Record
+ D.M.U. Report

Bryan Junge
Truck used
Registration to whom??
+
Gun Registration

Pauls Video From
Bathroom 4/29/15
4-6 PM

Phone Records
of all
911 Calls
+ Text
From where

Pauls Video
Parking Lot
7-8 PM
4/30/15

Michael Demoura
Phone Records
880 - 9874
4/30 15

Numbers Called
From
4/30/15
Related to Arrest

Feb 9th Police 2015
Report of Incident
6121 E. Kuma Monard

Persons of Interest

Exibit (E)

ISCI Indigent Legal Paper

Persons With Knowledge of Affair + its

LUCAS FINCH
255.O. SWAN FALLS RD
KUNA IDAHO
713-4341

His Freinds
+ Richey + Davey
Sporteello

SILVER MATTHEWS
427 E. AVALON ST
KUNA   IDAHO

SARA MATTHEWS
427 E. AVALON
KUNA   IDAHO

RON NORTON
123 S. ELDER ST
NAMPA   ID
695-7350

HAS TEXT SAVED FROM michelle
SAYS "I'm really very sorry Above
what I DID But I HAD to
Change my life"

Phone Records Subpoena Letter

Exhibit (6)