Phone Reccords to Subpena

08) Text & calls
590-3253
michelle Demoura

facebook account messages & texts from 2-10-15 - 4-30-15

208-590-3253
Mickey Shoemaker
Texts & calls facebook account messages & texts
from 4-1-15 - 4-39-15

Bryan Junge
Texts & Calls & Facebook messages & texts
From 2-10-15 - 4-30-15

Michael Demoura
208-880-9374
calls & texts messages from 4-30-15

Michael Attests that these phone calls will show
an ongoing affair between these parties and possibly
a conspiracy to imparison him for their financial
gain in his case.

H + W Recent Letter

Exibit (H)

ISCI Indigent Legal Paper

*Changed From me + michelle to Bryan + michelle*



**IDAHO DEPARTMENT OF**
# HEALTH & WELFARE

PO BOX 83720
BOISE, ID 83720-0026

*Michelle changed Household members Before 5/1/15 to show her + Bryan as living Together*

June 12, 2015

Dear Michael Demoura,

We received your request for a copy of your 05/2015 recertification paperwork; unfortunately we are unable to assist you with this request as you are no longer part of the benefit household. We apologize for any inconvenience.

If you are in need of services please feel free to come and apply.

If you have any questions please call our office at 208-334-6700.

Thank you

Ada County Arrest Records

Exibit (I)

ISCI Indigent Legal Paper

# Ada County Sheriff's Office

## Arrest History

**Name, last, first, m.**
JONGE BRYAN EUGENE

| Date of Birth | Age 47 | SSN | LE # |  |
|---|---|---|---|---|
| Sex M | Height 5'08" | Weight 160 | Hair BLN | Eyes BLU |
| Street Address |  |  |  |  |
| City, State, Zip |  |  |  |  |





********** ALIAS **********

********** INCIDENTS **********

JUNGE BRYAN EUGENE

| Case # | Def Cnt | Arrest | Description | DR # |
|---|---|---|---|---|
| CRMD2008000597 | 01 003 | 04/24/2008 | 37-2734A {M} DRUG PARAPHERNALIA POSSESSION OF<br>Surety Bond | BOI 08-811926 |
| CRMD2008000597 | 01 002 | 04/24/2008 | 37-2732(c) {M} MARIJUANA POSSESSION<br>Surety Bond | BOI 08-811926 |
| CRMD2008000597 | 01 001 | 04/24/2008 | 49-301 {M} VALID OPERATOR OR CHAUFFER LIC. REQUIRED<br>Surety Bond | BOI 08-811926 |

Page 1 of 1
Printed - 07/17/2015 10:17AM
Printed by PDKF˙ ˙STR

# Ada County Sheriff's Office

## Arrest History

Name, last, first, m.
**WITHROW ROBERT HOLDEN**

| Date of Birth | Age | SSN | LE # | |
|---|---|---|---|---|
|  | 58 | | | |
| Sex | Height | Weight | Hair | Eyes |
| M | 5'09" | 145 | BLN | GRN |

Street Address

City, State, Zip

********** INCIDENTS **********

| Case # | Def | Cnt | Arrest | Description |
|---|---|---|---|---|
| M8907865 | 01 | 001 | 11/06/1989 | DUI DRIVING |
| M8907865 | 01 | 002 | 11/06/1989 | MARIJUANA POSSESSION |
| M9208563 | 01 | 001 | 11/12/1992 | DUI DRIVING |
| CRMD2009010952 | 01 | 001 | 06/11/2009 | 18-8004 (M) DUI DRIVING |
| | | | | Surety Bond |

DR #
00-923713
00-923714
00-041576
ADA 09-041482

SHFArrestHistory.rpt Last Modified 09/25/2014

*Bryan borrowed Robert's truck to drive to Michelle's house on 4/30/15*

911 Lobs

Exhibit (J)

Incident History for: #SO15035930  Xref: #KF15000416

Case Number# SO15004437  Unit# S51    Ada# 5018    Dispo: 206I0

| Entered | 04/30/15 | 20:23:40 | BY D8 | 5485 |
|---|---|---|---|---|
| Dispatched | 04/30/15 | 20:24:10 | BY D14 | 4773 |
| Enroute | 04/30/15 | 20:24:10 | | |
| Onscene | 04/30/15 | 20:35:47 | | |
| Closed | 05/01/15 | 02:36:13 | | |

Initial Type: DOMVERB      Final Type: DOMPHYS (DOMESTIC VIOLENCE-PHYSICAL)
Initial Priority: 2        Final Priority: 3
Disposition: 957T0    Source: T    Primary Unit: S50
Police BLK: A161  Fire BLK: 6003  EMS BLK: 442
Group: SO1    Beat: S3    Map Page: Y20
Loc:                                                         (V)
Name: MICHELLE DEMORA                    Phone: ███████
Addr:

| /202340 | (5485 ) | ENTRY | LS 2 AGO TOWARDS EAGLE FROM LOC ON 4 WHEELER O CC BY CP HUSB/MICHAEL NORMAN DEMORA. MICHAEL WENT 'BESERK' AND HIT CP AND PUSHED CP IN THE BATHROOM FOR FORGETTING CIGARETTES. UNK WEAPONS , BUT WAS HOLDING SOMETHING IN HIS |
|---|---|---|---|
| /202345 | | SUPP | TXT: POCKET. WOULDNT TELL CP WHAT IT WAS , SRC: T |
| /202401 | | CHANGE | TYP: DOMVERB --> DOMPHYS |
| /202410 | (4773 ) | DISPER  S51 | SFT/B TEAM/S50  DIV/S1 #5018  LOWRY,KEVIN (PTO/AFC) |
| /202410 | | ASSTER  S57 | SFT/B TEAM/S50  DIV/S7 #4982  RICHARDSON,JOSEPH |
| /202430 | | MISC | , ATLD |
| /202451 | | MISC | , ATLD |
| /202455 | (5485 ) | SUPP | TXT: CP SAID PD WAS OUT THERE LAST WEEK BECAUS E HUSB TRIED TO DROWN HER IN THE TUB. NOT FIND ING A CALL AT LOCATION REF THIS , SRC: T ██████ |
| /202640 | (4773 ) | ASSTER  S50 | SFT/B TEAM/S50  DIV/S ████ #4494   CLIFFORD,MATT (SGT) |
| /202658 | (5485 ) | SUPP | TXT: CP SAID HER PHONE WAS ABOUT TO DIE. UNK 1 60S/DK. CP AND MICHAEL RETURNING 1074 AS GIVEN , SRC: T |
| /203415 | | SUPP | TXT: MICHELLE RE-LL. STATED SHE CALLED A FRIEN D TO COME OVER AND NOW HUSB AND FRIEND ARE FIG HTING AND HUSB HAS A HAMMER , SRC: T |
| /203419 | | CHANGE | PRI: 2 --> 3 |
| /203547 | (5368 ) | ONSCNE  S57 | |
| /203643 | (5043 ) | *ASSTER S53 | SFT/B TEAM/S50  DIV/S3 ███████ #5043   SEIBERT,JEREMY |
| /203644 | (4350 ) | ONSCNE  S50 | |
| /203733 | (5043 ) | *CLEAR  S53 | |
| /203756 | (5485 ) | CONTCT | Contact in  10 Minutes , C4 |
| /204344 | (5018 ) | *ONSCNE S51 | |

```
/204721   (5485  )   REMINQ   S57     DQ,S57,,,,,,,JUNGE,BRUANE████████,M,,,,
/205040   (5368  )   CONTCT           Contact in  10 Minutes
                                      ,C4
/210021              EMSREQ   S51     ,CODE 1 WILL GO TO ADMIN FOR UPDATE
/210043   (4266  )   MISC     S51     ,FA STRANGULATION C/B
/210115              EMSREQ   S51     ,NON CODE FEM C/B ATTEMPTED STRANGULATION
/210246   (4863  )   CROSS            #KF15000416
/210251   (5368  )   CONTCT           Contact in  10 Minutes
                                      ,C4
/211349              CONTCT           Contact in  10 Minutes
                                      ,C4
/212659              CONTCT           Contact in  10 Minutes
                                      ,C4
/213056              ASNCAS   S51     $SO15004437
/214218              CONTCT           Contact in  10 Minutes
                                      ,C4
/215411              CONTCT           Contact in  10 Minutes
                                      ,C4
/220137              TRANS    S57     [JAIL]  , W/1
/220813              OK       S50     ,C4NF
/220813              OK       S51     ,C4NF
/222113              TRANSC   S57
/222117              OK       S57
/224223   (4494  )   *GDISPO  S50     DSP: 957Z0
/224241              *GDISPO          DSP: 957Z0 --> 205Z0
/224247              *CLEAR   S50
/224347   (5018  )   *CHGLOC  S51     [19]
/224921              *REMINQ  S51     MCFDQ,ID,,,,,,,DEMOURA,MICHELLE████████U,F,,,
/224954              *REMINQ  S51     MCFDQ,ID,,,,,,DEMOURA,MICHAELN,12011962,U,M,,,
/225207   (4982  )   *GDISPO  S57     DSP: 205Z0 --> 206I0
/225212              *GDISPO  S57     DSP: 206I0 --> 206A0
/225220              *GDISPO  S57     DSP: 206A0 --> 610G0
/225222              *GDISPO  S57     DSP: 610G0 --> 610G0
/225554              *CLEAR   S57
/230426   (5018  )   *ONSCNE  S51
/231730   (4266  )   CONTCT   S51     Contact Timer Canceled
*** New Date: 05/01/15 ***
/001142   (5018  )   *REMINQ  S51     MCFDQ,ID,,,,,,YB302383E,,,,,,
/001351              *REMINQ  S51     MCFDQ,ID,,,,,,JUNGE,BRYANE████████U,M,,
/023544              *GDISPO  S51     DSP: 610G0 --> 206I0
/023549              *GDISPO  S51     DSP: 206I0 --> 205H0
/023603              *GDISPO  S51     DSP: 205H0 --> 610H0
/023611              *GDISPO  S51     DSP: 610H0 --> 957T0
/023613              *CLEAR   S51
/023613              CLOSE    $50
```

===============================================================================

KUNA RURAL FIRE DIST

EXHIBIT (K)

(SCI Indigent Legal Paper

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
, TIME RECEIVED              REMOTE CSID        DURATION    PAGES     STATUS
May 22, 2015 12:09:23 PM MDT                    166         5         Received
```

**Kuna Rural Fire District**
Patient Care Record

Name: DEMOURA, MICHELLE          Incident #: KF15600382          Date: 04/30/2016          Patient 1 of 1

| Patient Information | Clinical Impression |
|---|---|
| | Traumatic Injury |
| DEMOURA MICHELLE | |
| Female | Neck strangulation |
| | 30                Seconds |
| 150lbs - 68kg | |
| | No Complaints or Injury/Illness Noted - No Complaints or Injury/Illness Noted |
| White | |
| | UNITED STATES |
| | Not Hispanic or Latino |
| | Domestic Violence - Physical (Assault) - Home - 04/30/2015 |
| | Trauma |
| | None |
| Not Hispanic or Latino | None |

| Medication/Allergies/History | |
|---|---|
| Medications | Ambian,Clonazepam,Oxycodone |
| Allergies | Codeine,Penicillin |
| History | Anxiety,Chronic Pain |

**Vital Signs**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21:13 | A | R | Sit | 150/105 A | 104 R | 15 R | 100 Rm | | | | 0 | 15=4+5+6 | 12 |

04/30/2016 23:06
PCRID: 01f50f7e-9f91-4ffe-94bb-e48ex01631B9C
Electronically Signed by: FORREY, DEREK

**000114**

```
*** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY ***

TIME RECEIVED              REMOTE CSID        DURATION   PAGES   STATUS
May 22, 2015 12:09:23 PM MDT                    166        5     Received
```

### Kuna Rural Fire District
Patient Care Record

Name: DEMOURA, MICHELLE    Incident #: KF15600382    Date: 04/30/2015    Patient 1 of 1

| | | Initial Assessment | |
|---|---|---|---|
| Mental Status | Pt AOx4 able to answer all questions appropriately. | Mental Status | Event Oriented, Person Oriented, Place Oriented, Time Oriented |
| | | | Combative, Confused, Hallucinations, Other, Unresponsive |
| Skin | Pt skin w/p/d. | Skin | Cold, Cyanotic, Diaphoresis, Hot, Jaundiced, Lividity, Mottled, Other, Pale |
| HEENT | Pts neck is atraumatic, non-tender upon palpation. | Head/Face | Drainage, Facial Droop, Mass, Other, Swelling |
| | | Eyes | Left Pupil: 5-mm, Right Pupil: 5-mm |
| | | | Left: Blind, Left: Constricted, Left: Dilated, Left: Non-Reactive, Left: Other, Right: Blind, Right: Constricted, Right: Dilated, Right: Non-Reactive, Right Other |
| | | Neck | JVD, Other, Stridor, SubQ Air, Tracheal Deviation |
| Chest | No trauma to the chest apparent. No difficulty breathing. | Chest | Accessory Muscle, Retractions |
| | | Heart Sounds | Decreased Sounds, Murmur |
| | | Lung Sounds | LL: Clear, LU: Clear, RL: Clear, RU: Clear |
| | | | LL: Absent, LL: Decreased, LL: Other, LL: Rales, LL: Rhonchi, LL: Wheezing, LU: Absent, LU: Decreased, LU: Other, LU: Rales, LU: Rhonchi, LU: Wheezing, RL: Absent, RL: Decreased, RL: Other, RL: Rales, RL: Rhonchi, RL: Wheezing, RU: Absent, RU: Decreased, RU: Other, RU: Rales, RU: Wheezing, RU:Rhonchi |
| Abdomen | No trauma to abdomen noted. No distension. | General | No Abnormalities |
| | | Left Upper | No Abnormalities |
| | | Right Upper | No Abnormalities |
| | | Left Lower | No Abnormalities |
| | | Right Lower | No Abnormalities |
| Back | No deformities noted. Non-tender to palpation. | Cervical | No Abnormalities |
| | | Thoracic | Deformity, Other, Pain on ROM, Scoliosis, Tender Paraspinous, Tender Spinous |
| | | Lumbar/Sacral | Deformity, Other, Pain on ROM, Scoliosis, Tender Paraspinous, Tender Spinous |
| Pelvis/GU/GI | No abnormalities to pelvis noted. | Pelvis/GU/GI | Crowning, Genital Injury, Hematuria, Incontinence, Pelvis GU/Other, Pelvis Other, Rectal Bleeding, Tenderness, Unstable |
| Extremities | PMS present in all extremities, no signs of trauma noted. | Left Arm | Abnormal Pulse, Abnormal Sensation, Edema, Other, Paralysis, Weakness |
| | | Right Arm | Abnormal Pulse, Abnormal Sensation, Edema, Other, Paralysis, Weakness |
| | | Left Leg | Abnormal Pulse, Abnormal Sensation, Edema, Other, Paralysis, Weakness |
| | | Right Leg | Abnormal Pulse, Abnormal Sensation, Edema, Other, Paralysis, Weakness |
| | | Pulse | Radial: 2+ Normal |
| | | Capillary Refill | Right Upper: < 2 Sec |
| Neurological | No neurological deficits noted. | Neurological | Abnormal Gait, Facial Droop, Other, Seizures, Slurred Speech, Tremors, Weakness Left-Sided, Weakness Right-Sided |

Assessment Time:    4/30/2015 9:12:00 PM

04/30/2015 23:06
PCRID: 01f50f7e-9f91-4ffe-94bb-e48a01631996
Electronically Signed by: FORREY, DEREK

000115

```
** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **
```

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| May 22, 2015 12:09:23 PM MDT | | 166 | 5 | Received |

## Kuna Rural Fire District
Patient Care Record

Name: DEMOURA, MICHELLE      Incident #: KF15600382      Date: 04/30/2015      Patient 1 of 1

**Ongoing Assessment**

| | | | |
|---|---|---|---|
| Mental Status | | Mental Status | No Abnormalities |
| Skin | | Skin | No Abnormalities |
| HEENT | | Head/Face | No Abnormalities |
| | | Eyes | No Abnormalities |
| | | Neck | No Abnormalities |
| Chest | | Chest | Not Assessed |
| | | Heart Sounds | Not Assessed |
| | | Lung Sounds | No Abnormalities |
| Abdomen | | General | Not Assessed |
| | | Left Upper | Not Assessed |
| | | Right Upper | No Abnormalities |
| | | Left Lower | No Abnormalities |
| | | Right Lower | No Abnormalities |
| Back | | Cervical | No Abnormalities |
| | | Thoracic | No Abnormalities |
| | | Lumbar/Sacral | No Abnormalities |
| Pelvis/GU/GI | | Pelvis/GU/GI | No Abnormalities |
| Extremities | | Left Arm | No Abnormalities |
| | | Right Arm | No Abnormalities |
| | | Left Leg | No Abnormalities |
| | | Right Leg | No Abnormalities |
| | | Pulse | Not Assessed |
| | | Capillary Refill | Not Assessed |
| Neurological | | Neurological | No Abnormalities |

Assessment Time:

**Narrative**

KM61 Arrives on scene to assist PD with assault patient. Received briefing from PD on the situation. Encountered pt standing in the kitchen with an officer. Obtained a brief history of events leading to incident. Obtained vitals. Performed a focused assessment of neck and chest. Pt denies transport, signs refusal. KM61 cleared and returned to service.

After meeting we asked the pt to take a seat for assessment. Pt stated she was outside working with her horse prior to incident. Pt stated when she came inside the residence, her husband told her to go to the store and get cigarettes. Pt stated that she replied, "okay after I take a bath I'm not going to the store filthy." Pt states while in the bath her husband was yelling to her, that her horse had jumped the gate and was running loose. She told him to get the horse before it ran down the road. Pt states the next thing she knew, her husband came in the bathroom, grabbed her by the throat and held her underwater briefly. Pt states that out of panic she flailed her arms pushing his arms off of her. Pt stated she has chronic neck pain and denies any abnormal pain in her neck. Pt states she experiences soreness when swallowing and soreness in her chest but denies any shortness of breath. We asked pt if she would like to be transported to the hospital.

04/30/2015 23:06
PCRID: 01f50f7e-9f91-4ffe-94bb-a48a01631990
Electronically Signed by: FORREY, DEREK

**000116**

SUBPOENAS

Exhibit (L)

ADA COUNTY PUBLIC DEFENDER
Attorney for Defendant

Teri Jones
Deputy Public Defender
200 West Front Street, Suite 1107
Boise, Idaho 83702
Telephone: (208) 287-7400
Facsimile: (208) 287-7409

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

STATE OF IDAHO,

     Plaintiff,

vs.

MICHAEL NORMAN DEMOURA,

     Defendant.

**Case No. CR-FE-2015-0006232**

**SUBPOENA**

To:   Ron Norton

YOU ARE COMMANDED TO APPEAR before the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, at the Courthouse located at 200 West Front Street in Boise, Ada County, Idaho, on **November 10, 2015, at 9:00 a.m.,** until conclusion as a witness in a criminal action prosecuted by the State of Idaho.

FURTHER, PRIOR TO REPORTING, you are advised to call the Ada County Public Defender's Office at (208) 287-7400 within one week of the above-named hearing to receive current reporting instructions regarding the above case.

WITNESS my hand this _24th_ day of _____, 20_15_.

STATE OF IDAHO )
              )ss.
COUNTY OF ADA )

Christopher D. Rich
Clerk of the Court

By _____
Deputy Clerk

I HEREBY CERTIFY that I served the subpoena within on the _28th_ day of _August_ , 20_15_, upon _____, being the witness above-named, at the County of Ada, by showing the original to said witness personally and informing said witness of the contents thereof.

By _____

SUBPOENA

JP 2 7 2015

**ADA COUNTY PUBLIC DEFENDER**
Attorneys for Defendants
200 West Front St.
Boise, Idaho 83702
Telephone: (208) 287-7400   Facsimilie: (208) 287-7409

Subpoena: 10023073

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| STATE OF IDAHO | ) Case No. CR-FE-2015-0006232 |
| Plaintiff, | ) |
| | ) |
| vs | ) **Subpoena** |
| | ) |
| DEMOURA MICHAEL NORMAN | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

To:    DAVE SPORTIELLO

Home Phone
Work Phone

YOU ARE COMMANDED TO APPEAR before the District Cour
the State of Idaho, in and for the County of Ada, at the Courthouse located
Ada County, Idaho, on the 10 day of November, 2015 at the hour of 09:00
criminal action prosecuted by the State of Idaho versus
DEMOURA MICHAEL NORMAN, et. al.

FURTHER, PRIOR TO REPORTING, you are ADVISED to call, t
Office, at (208) 287-7400 by 8:30 a.m. on the hearing date listed above. At this time you will be given current
reporting instructions regarding the above case.

Duces Tecum:

Attorney:   TERI JONES

WITNESS my hand this _24_ day of _July_ 20_15_

Christopher D. Rich
Clerk of The Court          By _____

STATE OF IDAHO        )
                                     ) ss.
County of ADA          )

I HEREBY CERTIFY that I served the subpoena within on the ___27___ day of
_July_ 20_15_ upon _Dave Sportiello_, being the
witness above-named, at the county of _Ada_ by showing the original to said witness
personally and informing said witness of the contents thereof.

By _Courtney VanVonce_ #887

Dated _7/27/15_

Page 1 of 1

JUL 27 2015

ADA COUNTY PUBLIC DEFENDER
Attorneys for Defendants                                    Subpoena: 10023082
200 West Front St.
Boise, Idaho 83702
Telephone: (208) 287-7400   Facsimilie: (208) 287-7409

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

STATE OF IDAHO                          )
                        Plaintiff,      )        Case No. CR-FE-2015-0006232
                                        )
vs                                      )        **Subpoena**
                                        )
DEMOURA MICHAEL NORMAN                  )
                                        )
                                        )
                                        )
                                        )
                        Defendant(s)    )

To:   SHERI HUTCHINGS                          Home Pho
                                               Work Phon

        YOU ARE COMMANDED TO APPEAR before the District Cou
the State of Idaho, in and for the County of Ada, at the Courthouse located
Ada County, Idaho, on the 10 day of November, 2015 at the hour of 09:0
criminal action prosecuted by the State of Idaho versus
DEMOURA MICHAEL NORMAN, et. al.

        FURTHER, PRIOR TO REPORTING, you are ADVISED to call,
Office, at (208) 287-7400 by 8:30 a.m. on the hearing date listed above. At this time you will be given current
reporting instructions regarding the above case.

Duces Tecum:

Attorney:   TERI JONES

        WITNESS my hand this 24 day of July 20 15

Christopher D. Rich
Clerk of The Court          By _____

STATE OF IDAHO        )
                      ) ss.
County of ADA         )

        I HEREBY CERTIFY that I served the subpoena within on the 27 day of
_____July_____ 20 15 upon _Sheri Hutchings_____, being the
witness above-named, at the county of _Ada_____ by showing the original to said witness
personally and informing said witness of the contents thereof.

        By _Anthony VanNort_ #887_____

        Dated 7/27/15_____

Page 1 of 1

Tucker 2005 ARREST

Xhibit (m)

```
May 1, 2015 4:31:28 AM
  DATE OF ARREST:              07-05-2005
  ARREST AGENCY:              ID0010000  ADA COUNTY SHERIFF'S OFFICE
  PRINT ID#:                   ID1110063105
  CHARGE:                      1
      OFFENSE LITERAL:         DOMESTIC ASSAULT/BATTERY
      STATUTE:                 18-918
      SEVERITY:                MISDEMEANOR
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
  CHARGE:                      2
      OFFENSE LITERAL:         DRUG PARAPHERNALIA POSSESSION
      STATUTE:                 37-2734A
      SEVERITY:                MISDEMEANOR
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
  CHARGE:                      3
      OFFENSE LITERAL:         MISDEMEANOR POSS MARIJUANA
      STATUTE:                 37-2732C3
      SEVERITY:                MISDEMEANOR
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
====================== CYCLE 19 =====================
------ ARREST ------
  DATE OF ARREST:              07-05-2005
  ARREST AGENCY:              ID0010000  ADA COUNTY SHERIFF'S OFFICE
  PRINT ID#:                   ID1110064049
  CHARGE:                      1
      OFFENSE LITERAL:         DOMESTIC ASSAULT/BATTERY
      STATUTE:                 18-918
      SEVERITY:                MISDEMEANOR
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
  CHARGE:                      2
      OFFENSE LITERAL:         MISDEMEANOR POSS MARIJUANA
      STATUTE:                 37-2732C3
      SEVERITY:                MISDEMEANOR
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
  CHARGE:                      3
      OFFENSE LITERAL:         WARRANT - BOARD
      STATUTE:                 19-512
      SEVERITY:                FELONY
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
  CHARGE:                      4
      OFFENSE LITERAL:         VIOLATION OF A NO CONTACT ORDE
      STATUTE:                 18-920
      SEVERITY:                MISDEMEANOR
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
  CHARGE:                      5
      OFFENSE LITERAL:         AGENTS WARRANT--PARO
      STATUTE:                 19-512
      SEVERITY:                FELONY
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
  CHARGE:                      6
      OFFENSE LITERAL:         DRUG PARAPHERNALIA POSSESSION
      STATUTE:                 37-2734A
      SEVERITY:                MISDEMEANOR
      COUNTS:                  1
    ARRESTING CASE NUMBER: 097856
------ COURT DISPOSITION------
  CHARGE:                      1
      OFFENSE LITERAL:         PAROLE VIOL/UL BURGLARY
      STATUTE:                 20-228
      SEVERITY:                FELONY
      COUNTS:                  1
```

*Handwritten annotations:* Tucker · Detective Tucker investigated this case 10 yrs ago + said same things about interview

DISCOVERY

000090

Conceled
Weapons Laws

Exhibit (N)

Adventures in Living        💻 Online Services (/online_services/index.html)   ℹ️ Contact (/home/contact.html)   ↳ A–Z Directory (/agency/index.html)

Official Website of the
## State of Idaho
## (/home/index.html)

Search Idaho

Business (/business/)      Jobs (/job_labor/)      Taxes & Money (/taxes_money/)      Education (/education/)

Family & Records (/family_records/)

Public Safety & Law (/laws_rules/)      Driving (/driving/)      Recreation (/recreation/)      About Idaho (/aboutidaho/)

Home (/home/)      Public Safety & Law (/laws_rules/)      Gun & Weapon Laws

# Gun & Weapon Laws

☑ External Link

## PURCHASING FIREARMS

There is no state permit required for the purchase of any rifle, shotgun, or handgun.

It is unlawful to directly or indirectly sell to any minor under the age of eighteen years any weapon without the written consent of the parent or guardian of the minor.

No state permit is required to possess a rifle, shotgun or handgun.

Statute 18-33. Firearms, Explosives and Other Deadly Weapons (http://legislature.idaho.gov/idstat/Title18/T18CH33.htm) for more information and restrictions.

## CONCEALED WEAPONS

Idaho law requires a license to carry a concealed weapon. Concealed weapon licenses can be obtained from your County Sheriff for $20, and is valid for five years. Renewal is $15.

You may carry a firearm in your vehicle inside the city limits or confines of a city, as long as it is in plain view, loaded or unloaded. But if you are going to conceal it, the firearm must be disassembled or unloaded.

It is unlawful for any person to carry a concealed weapon on or about his person when intoxicated or under the influence of an intoxicating drink or drug.

Statute 18-3302. Issuance of Licenses to Carry Concealed Weapons (http://legislature.idaho.gov/idstat/Title18/T18CH33SECT18-3302.htm) for more information and restrictions.

## UNDER 18

It is unlawful for any person under the age of eighteen (18) years to possess or have in possession any weapon, as defined in section 18-3302A, Idaho Code (http://legislature.idaho.gov/idstat/Title18/T18CH33SECT18-3302A.htm), unless he or she:

a. Has the written permission of his or her parent or guardian to possess the weapon; or
b. Is accompanied by his or her parent or guardian while he or she has the weapon in his possession.

## RELATED INFORMATION

Chapter 33 Firearms, Explosives and Other Deadly Weapons (http://legislature.idaho.gov/idstat/Title18/T18CH33.htm)
Concealed Weapons Permit FAQs - Attorney General's Office
(http://www.ag.idaho.gov/concealedWeapons/concealedWeapons_index.html#Do%20I%20have%20to%20take%20any%20classes%20to%20obtain%20a%20concealed%20weapons%20p
Fish & Game Hunter / Bowhunter / Trapper Education Programs (http://fishandgame.idaho.gov/public/education/?getPage=30)

## GET IT DONE

Find your County Office (/aboutidaho/county/index.html)

Contact your County Sheriff for a concealed weapons license.

## FAQS

Does Idaho recognize concealed weapons licenses from other states?
Yes. However, while in Idaho, you must carry the license on your person at all times when you are carrying a concealed weapon. (Idaho Code Section 18-3302(12)(g) (http://www.legislature.idaho.gov/idstat/Title18/T18CH33SECT18-3302.htm))

Do I have to take a test in order to obtain a concealed weapons permit?
No, you do not have to take a test. Usually an education course is required, however there are exceptions. See the Attorney General's Concealed Weapons License FAQ (http://www.ag.idaho.gov/concealedWeapons/concealedWeapons_index.html).

Jones misc Letter

EXHIBIT (O)

DEMOURA, MICHAEL – In Custody – Indictment

Client was given discovery and we discussed prelim psi offer processes very carefully.  He keeps in very good contact with the office and when I am unable to take his daily calls, he leaves very detailed messages.

PC – Alleged victim (wife) claims client attempted to strangle her in the bathtub by holding her under the water by her neck.  Client claims that wife met up with her old boyfriend and made this all up to get rid of him.  The wife is seeing the new boyfriend.

We were prepared to go to hearing but client was indicted.

Hippler
06-29
9:00

Jones Invescigator Letter

Exhibit (P)

ISCI Indigent Legal Paper

**Teri Jones**

**From:**        Teri Jones
**Sent:**        Wednesday, July 08, 2015 10:56 AM
**To:**          Kirsten Solmon
**Subject:**     Michael DeMoura

Client is charged w/ attempted strangulation and agg. Assault on victim's new BF. Client is currently undergoing an 18-211. So I have no idea when, or even if, this is going to trial.  However, some of his requests may be time sensitive, if we can even accommodate them at all
He is wanting FB messages between Michelle Demoura, aka Mickey Shoemaker, and Bryan Junge.  He is also after phone records from them.  The timeframe is from 2/15/15 to 4/30/15.
He also has a number of witnesses he wants us to contact.  I will bring over the file along w/ his written requests.

Teri Jones
Ada County Public Defender
200 W. Front St. Ste. 1107
Boise, Idaho 83702
208-287-7400

1

JONES DINGER LETTERS

EXhiBiT (Q)

**Teri Jones**

_____

**From:**       Daniel Dinger
**Sent:**       Tuesday, October 20, 2015 03:47 PM
**To:**         Teri Jones
**Subject:**    RE: Demoura

Can he admit some misdemeanor act of violence?  What numbers should I think about?  Open argument?  That shouldn't be too hard to swallow since I'd be taking the possibility of life in prison and cutting it down to five years.

Daniel R. Dinger
Deputy Prosecuting Attorney
Ada County Prosecutor's Office
Phone: 287-7700

**From:** Teri Jones
**Sent:** Tuesday, October 20, 2015 3:37 PM
**To:** Daniel Dinger
**Subject:** RE: Demoura

I don't think that Hippler does Alfords. What numbers are uou thinking?


Sent from my Verizon Wireless 4G LTE smartphone


-------- Original message --------
From: Daniel Dinger
Date: 10/20/2015 3:07 PM (GMT-07:00)
To: Teri Jones
Cc: Daniel Dinger
Subject: RE: Demoura

I know that he has heartache with the violent offenses.  How about he pleads to one of the Intimidation charges, a VNCO, and a misdemeanor DV by Alford plea.  No persistent violator and concurrent to his other cases.

**From:** Teri Jones
**Sent:** Thursday, October 15, 2015 2:56 PM
**To:** Daniel Dinger
**Subject:** RE: Demoura

What is your offer?


Sent from my Verizon Wireless 4G LTE smartphone


-------- Original message --------
From: Daniel Dinger

1

Date: 10/15/2015 2:00 PM (GMT-07:00)
To: Teri Jones ███████████████
Subject: Demoura

Now that he is in a better state of mind, let's get this case resolved.

Daniel R. Dinger
Deputy Prosecuting Attorney
Ada County Prosecutor's Office
Phone: 287-7700

2

Exhibit (B)

Mental Health Evaluation

*DEMOURA 1*

# LIVING HOPE CLINIC

C. M. Rice, Ph.D., (H) A.B.M.P.P., (D) A.B.F.E., (D) A.B.P.M.    C. Waters, Ph.D.
S. Shappard, D.O.   Mrs. D. Rice, R.N.
Mrs. B. Hollander, M.A., L.C.S.W.        Mr. M. Reed, M.S, M.A., L.P.C.

3308 North Cole Road, Suite A • Boise, Idaho • 83704
Phone: (208) 378-1122 • Fax: (208) 378-1142 • Email: chriswatersphd@gmail.com

August 6, 2015

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| IN THE MATTER OF THE MENTAL CONDITION OF: | CASE NO. CR-FE-2015-0006232 |
| MICHAEL NORMAN DEMOURA | **Order for Mental Evaluation under Idaho Code 18-211** |

**Determination: NOT COMPETENT TO STAND TRIAL**

Summary Face Sheet

Defendant: Michael Demoura
Social Security Number: 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
Date of Primary Interview: 07/30/2015
Marital Status: Married
Military Service: Denied

Upcoming Court Date: 09/11/2015
Occupation: Disability
DOB: 12/01/1962
Aliases: NA                Sex: Male

## IDENTIFYING INFORMATION AND REASON FOR REFERRAL:

Michael Demoura is a 52 year old male who was referred by the Fourth Judicial District Court for an evaluation of his competence to stand trial (Code 18-211). I consulted with Mr. Demoura's public defender, Ms. Jones, about her request for a competency evaluation. Ms. Jones informed me that Mr. Demoura has been charged with two felonies related to an alleged altercation between Mr. Demoura, Mr. Demoura's wife, and a third person. Ms. Jones stated that she asked for a competence evaluation because Mr. Demoura's

mental process appeared to fluctuate between clear thinking and severe confusion depending on the day she visited him. She recalled having one meeting where he seemed to understand the court process and then had another meeting where he was irrationally asking to get out of jail soon.

I met with Mr. Demoura in the Ada County Jail in order to conduct his 18-211 evaluation on July 30, 2015. Before conducting the competence evaluation interview, the purpose of the evaluation was explained to Mr. Demoura. He was informed that any information he provided could be included in the report to the court, the judge, his attorney, and the prosecutor, Mr. Demoura initially responded to the purpose of the examination by saying, "So you are from the church, huh?" I again informed him of the purpose of the evaluation and he appeared to have a minimal understanding that I was sent by the court. Mr. Demoura verbally consented to complete the evaluation. He also was agreeable to me consulting with his public defender and collateral contacts if necessary.

**SOURCES OF INFORMATION:** The following sources of information were gathered to complete this evaluation:

- Clinical interview with Mr. Demoura (07/30/2015 - 45 minutes)
- Administration of relevant items on the Competency Assessment Instrument - Revised (CAI-R) (07/30/2015)
- Administration of Mini-Mental Status Examination (07/30/15)
- Spoke to Mr. Demoura's public Defender, Ms. Jones, via phone about her observations and interaction with Mr. Demoura (07/30/15 - 15 minutes)
- Reviewed medical records from the Ada County Jail
- Review of court order authorizing forensic evaluation
- Corresponded with Mary Field at the Department of Health and Welfare about any previous mental health history related to her department

**CURRENT CLINICAL FUNCTIONING AND BEHAVIORAL OBSERVATIONS:**

In our interview, Mr. Demoura was alert, but generally disoriented. He thought the date was January 4, 2014 and he believed he was in a hospital. Later in the interview he made some statements about being in jail. He was able to identify that we were in Boise, Idaho. He was able to provide his name and birth date. He could only repeat back one out of three objects named to him and then he could only recall one of the three objects later from memory. He was not able to follow a simple three-step command, but could follow a 1-2 step command. When I asked him to spell the word "WORLD" backwards, he spelled the word "LORD" and he generally appeared religiously preoccupied during parts of our session. He showed evidence of perceptual disturbance when he performed poorly on drawing a copy of a diagram. On the Mini-Mental Status Exam he scored a 7 out of 30 providing evidence of severe deficits in his cognitive and perceptual processes.

Mr. Demoura displayed generally poor hygiene and grooming. His mood appeared generally stable, but he seemed slightly depressed and agitated. His affect was restricted and he displayed tense/rigid facial expressions. He initially reported having a headache and kept his eyes closed tightly for most of the interview. Later in the interview when I asked him about his mood he said he was generally feeling good, but continued to incongruently display

tense affect and downcast bodily posture. His motor activity appeared restless, agitated, and with a slight tremor. His speech was slightly slow at times. Based on his vocabulary he appeared to have borderline intellectual functioning most likely from his history of traumatic brain injury.

Mr. Demoura's thought patterns appeared: disorganized, highly distractible, confused, inattentive, paranoid, delusional, distorted reality testing, loose associations, and some circumstantial thinking. He made bizarre statements about his court case and his wife. He also made delusional statements about the church group following him around to constantly watch him in order to punish him for any small misstep. A few times he answered my questions with nonsensical statements about his church, which was completely off topic. He appeared to have poor long term memory because he could not provide me general dates or details about previous problems. He was able to provide very general information about his medical history. His insight and judgment appeared notably compromised.

Mr. Demoura appeared generally cooperative in answering interview questions although his confusion made it difficult to answer many of the questions. He appeared to put forth adequate effort.

## RELEVANT CLINICAL HISTORY:

Mr. Demoura reported a history of the following mental health diagnoses: Post-Traumatic Stress Disorder, Bipolar Disorder, Schizophrenia, and Anxiety Disorder. He recalled sustaining a Traumatic Brain Injury (TBI) to his frontal lobe in a car accident, but couldn't remember the date this occurred. He said that after the accident he had cognitive deficits, chronic neck/back pain, headaches, and seizures. He felt he continues to experience ongoing cognitive deficits, chronic pain, and headaches. He stated he has not had a seizure in a few years. Mr. Demoura reported a history of taking several psychiatric medications for his psychiatric symptoms, but could only remember taking Prozac and Xanax recently. He continues to take pain medications. He noted having a general distrust of doctors, but gets his medications/checkups from Sage Medical on a regular basis. He said he has a history of high blood pressure and esophageal cancer as well.

Mr. Demoura stated that he lived with his wife in a farm house prior to his incarceration, but did not know his address. He reported being on disability and that his wife manages his money. He reported relying on his wife to remind him to eat enough food each day. He said he did some jobs around the home including feeding the animals. He indicated he tends to have "good days and bad days" where he functions adequately, but then suddenly doesn't function well and can't perform his daily tasks.

Mr. Demoura reported that he attended a private school in Massachusetts as a child. He noted having special education classes throughout his schooling due to learning disabilities. He stated his highest level of education was the 8th grade. Mr. Demoura appeared slightly confused about his learning difficulties. He initially stated his thought patterns and learning were normal prior to the car accident, but then later mentioned having great difficulties with core subjects in school.

Mr. Demoura stated he had an alcohol dependence problem until about 7 years ago. He reported drinking daily and having difficulty stopping. He indicated that he drank in order to fall asleep because he had significant sleep problems. He stated he often had terrible nightmares and was afraid to go to sleep so he used alcohol to help him fall asleep.

Mr. Demoura's medical file at the Ada County Jail also noted a history of depression, anxiety, psychotic disorder with hallucinations, fibromyalgia, and degenerative disc disease. Upon admission into the jail, Mr. Demoura reported using high doses of prescribed opiates to deal with chronic pain for his degenerative disc. Jail records indicate Mr. Demoura has a distant history of 5 suicide attempts over 10 years ago and was hospitalized 3 months ago after a "mental break down." Records indicated he sent a letter to his sister from jail which contained suicidal statements (around 07/14/15) and then when he was assessed for suicide he made passive suicidal comments if he gets convicted. He also made suicidal comments in the jail in May and June of this year. In early July the medical staff of the jail also observed him having difficulties with delusional thinking, nightmares, and poor reality testing. Mr. Demoura has been compliant with treatment in the jail. He has been taking Zyprexa to deal with anxiety and psychotic symptoms.

## ASSESSMENT INSTRUMENTS:

Mr. Demoura's competence to stand trial assessment was evaluated using a structured instrument (CAI-R) and a clinical interview. I did not give Mr. Demoura other psychological assessment instruments because he did not appear to be functioning well enough cognitively to complete them at this time.

Mr. Demoura was given several questions on the CAI-R, which is a structured interview to evaluate his capacity to understand his specific charges and simple aspects of court proceedings. Mr. Demoura displayed disorganized thinking and loose associations during this assessment. When asked about the various roles in court he made nonsensical remarks such as the public defender "cooks the food" and the judge "runs the school." He didn't understand the difference between felony or a misdemeanor. When asked what pleas he can enter in court he said, "testimony, matrimony, and I forget what else." When asked about possible pleas he can give in his own case he began to rant about conspiracies and someone trying to shoot him. When asked how he could assist his attorney in his case he stated, "I guess I could give him some food." He was unable to provide clear details about his own court case and instead appeared to become delusional when speaking about the events related to his charges.

## COMPETENCE TO PROCEED:

It is my opinion that Michael Demoura is not competent to stand trial at this time. In observing Mr. Demoura and reviewing his clinical history, he appears to be suffering from the following mental health conditions currently: Psychotic Disorder NOS, Anxiety Disorder NOS (with Mixed Depression and Anxiety). It also appears his cognitive functioning is impacted by his history of Traumatic Brain Injury and Chronic Pain from Degenerative Discs.

A portion of Mr. Demoura's symptoms can be explained by his Traumatic Brain Injury to the frontal lobe and his chronic pain. A Traumatic Brain Injury typically impacts a person's ability to concentrate and perform reasoning skills, which probably partially impacted his capacity to answer my assessment questions. However, I believe that his psychotic symptoms and anxiety symptoms are a primary contributor to his disorganized thinking and psychotic paranoid delusions at this time. These conditions appear to be causing Mr. Demoura's functioning to fluctuate significantly over the past few months. As a result of psychotic

symptoms, he was unable to answer basic questions about the court process and became overly distracted by delusional thinking when trying to explain the details of his own court case. He appears unable to understand the court process or assist an attorney in his own defense. He also appears to lack the capacity to make informed decisions about treatment because he displayed some paranoia about the medical profession and at times appears to become confused in recalling his medical needs and medical diagnoses.

Recommendations:
- I would recommend Mr. Demoura be placed in the hospital for observation, thorough evaluation, and treatment. It appears that his psychotic symptoms and mood symptoms fluctuate over time and he will need psychiatric care to stabilize his thought process to ensure he is psychologically capable to participate in the court proceedings.
- After he has stabilized, it is important to note that Mr. Demoura will probably still display some concentration difficulties and higher level reasoning issues related to his Traumatic Brain Injury and history of learning disabilities. He will probably need additional time with his lawyer prior to court to understand his options. He may need clarification in the court room to ensure he understands what is happening. He may tend to become distracted and miss certain details of the court proceeding as a result of the chronic damage to the frontal lobe of his brain.

Thank you for the opportunity to evaluate Mr. Demoura. If you have any questions about this evaluation please call my direct phone line at (208) 972-9988.

Sincerely,

*Christopher Waters, Ph.D.*   8/6/15

Christopher Waters, Ph.D., Licensed Psychologist       08/06/2015

Commitment Order

Exhibit (S)

P. 36

RECEIVED
AUG 11 2015

ADA COUNTY PUBLIC DEFENDER

NO. _____
A.M. _____ FILED _____ P.M. _____

AUG 11 2015

CHRISTOPHER D. RICH, Clerk
By EMILY CHILD
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF

THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

THE STATE OF IDAHO,                         )
                                            )
              Plaintiff,                    )        Case No.  CR-FE-2015-6232
                                            )
vs.                                         )        ORDER FOR COMMITMENT
                                            )        PURSUANT TO IDAHO CODE
MICHAEL NORMAN DEMOURA,                     )        SECTION 18-212
                                            )
              Defendant,                    )
                                            )
_____)

   This court orders the Defendant, Michael Norman Demoura, be committed to the
Department of Health and Welfare pursuant to I.C. § 18-212 because the defendant lacks
fitness to proceed in this case based on Dr. Water's I.C. § 18-211 evaluation which neither
party challenges.  This court finds the Defendant is not fit to proceed.  These proceedings
are hereby stayed except as provided in I.C. § 18-212(5) and (6).

   THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

   1.  That the defendant, Michael Norman Demoura, is placed in the custody of the
       Director of the Idaho Department of Health and Welfare for care and treatment at
       State Hospital South pursuant to I.C. § 18-212, for a period not exceeding ninety
       (90) days from this order (the 90th day is November 8, 2015);

   2.  That the Department of Health and Welfare shall evaluate the Defendant's mental
       condition at the time of admission to the facility and the Department shall make a
       progress report to the Court on the Defendant's mental condition.  The report shall
       include an opinion whether the Defendant is fit to proceed and, if not, whether there
       is a substantial probability that the defendant will be fit to proceed within the

**ORDER OF COMMITMENT PURSUANT TO IDAHO CODE SECTION 18-212 (CR-2014-14003), Page 1**

foreseeable future.  The Department of Health and Welfare shall give a final report to the Court prior to the expiration of the commitment pursuant to the requirements of I.C. § 18-212;

3. That the Defendant does not understand the risks and benefits of treatment and he does not have the ability to make informed decisions about treatment;

4. That the Defendant shall cooperate with treatment as prescribed by the treating professionals of the Idaho Department of Health and Welfare;

5. If at any time the Director of the Facility to which the Defendant is committed determines that the Defendant's competency has been restored and the Defendant fit to proceed, such determination shall be immediately delivered to the court;

6. The Ada County Sheriff shall transport the Defendant to and from State Hospital South;

7. The Department of Health and Welfare shall not release the Defendant without Court order and shall immediately notify the Court, Prosecutor, Defense Counsel and the Ada County Sheriff in the event the Defendant escapes their custody during his commitment to the Department.  Further proceedings are suspended pending the evaluation report.  The Court scheduled a **review hearing for November 2, 2015 at 3:00 p.m. and requires an interim report to be filed on or before October 26, 2015.** The hearing may be held earlier if a report is forthcoming earlier.

**IT IS SO ORDERED.**

DATED this 11th day of August, 2015.

STEVEN HIPPLER
_____
Steven Hippler, District Judge

ORDER OF COMMITMENT PURSUANT TO IDAHO CODE SECTION 18-212 (CR-2014-14003), Page 2

Exhibit (T)

Mental Hold

```
------------------------------------------------------------------------
MEDICAL RECORD                                          Progress Notes
------------------------------------------------------------------------
NOTE DATED: 10/07/2015 16:28
LOCAL TITLE: LEGAL - REPORT TO THE COURT
ADMITTED: 08/31/2015 08:59 ADM SHS
```

October 9, 2015

Honorable Steven Hippler
District Judge
Ada County Courthouse
200 West Front Street
Boise, Idaho  83702

RE: MICHAEL NORMAN DEMOURA
SHS No:  28620
Court Case No:  CR-FE-2015-0006232

Dear Judge Hippler:

This letter is Idaho State Hospital South's initial report to the court on
Michael Norman Demoura as required by Idaho Code 18-212. Mr. Demoura was
admitted to the Hospital on August 31, 2015. It is understood that Mr. Demoura
is a defendant in your court for charges of "Attempted Strangulation",
"Aggravated Assault with a Deadly Weapon", "Enhancement - Use of a Deadly Weapon
in the commission of a Felony", "Possession of a Controlled Substance", "Use or
Possession of Drug Paraphernalia", "No Contact Order Violation", and "Witness -
Intimidates, Threatens, Harasses or Prevents from Testifying in Criminal or
Juvenile Case". Subsequent to his incarceration an Idaho Code 18-211 evaluation
was ordered and he was found unfit to proceed.

It was explained to Mr. Demoura that the court had ordered the evaluation and
that any information he presented during the assessment could be reported back
to the court. The nature, purpose, and consequences of the evaluation were also
described. It was also explained that this examiner could be required to testify
in court about his evaluation. Mr. Demoura said he understood the explanation.

Mr. Demoura's fitness to proceed was evaluated through structured clinical and
forensic interviews, psychiatric, psychosocial and nursing evaluations, testing,
staff observation, electronic medical chart review, and collateral sources of
information include the following:

      Idaho Code 18-211 Fitness to Proceed Report, August 6, 2015
      Order of Commitment Pursuant to Idaho Code Section 18-212, August 11, 2015
      Idaho Standard Mental Health Assessment, August 12, 2015
      Idaho Supreme Court Data Repository

Since admission, Mr. Demoura has had a positive response to treatment. He is not
exhibiting the symptoms that lead to his being hospitalized for competency
restoration. Mr. Demoura's mood is stable and his interactions with peers and
staff have been appropriate. He has been minimally cooperative with assessments.

The general observation and consensus is that Mr. Demoura is malingering
symptoms and was subsequently administered the Test of Memory Malingering (TOMM)
to assess effort and possible feigning of memory impairment. The TOMM is a 50-
                    ** THIS NOTE CONTINUED ON NEXT PAGE **
```
------------------------------------------------------------------------
DEMOURA,MICHAEL NORMAN  IDAHO DEPT OF HEALTH AND WELFAREPrinted:10/09/2015 17:54
28620 DOB:12/01/1962        IDAHO STATE HOSPTIAL SOUTH
------------------------------------------------------------------------
```

---

MEDICAL RECORD                                                    Progress Notes

---

10/07/2015 16:28     ** CONTINUED FROM PREVIOUS PAGE **

item recognition test that includes two learning trials and a retention trial.
Any score lower than 45 on Trial 2 or the Retention Trial should raise concern
that the individual is not putting forth maximum effort and is likely
malingering. Additionally, any person scoring lower than chance (25) on any
trial should be suspected of malingering. Mr. Demoura scored 25 on Trial 1, 27
on Trial 2, and 23 on the Retention Trial. Mr. Demoura's results are indicative
of an individual who is feigning memory impairment.

Mr. Demoura was administered the Structured Interview of Reported Symptoms,
Second Edition (SIRS-2) in order to assess possible symptom exaggeration or
feigning. The SIRS-2 is a 156-item structured interview that was designed to
assess feigned and related response styles. Scores on SIRS-2 ranges from genuine
reporting to definite feigning.

Mr. Demoura's score on Rare Symptoms Scale fell within the definite feigning
range indicating that he has a very atypical presentation and a tendency to
endorse very unusual symptoms that are not often observed in clinical
populations. The Subtle Symptoms and Severity of Symptoms scales were also
within the definite feigning range indicating that Mr. Demoura is endorsing a
higher-than-expected proportion of psychological problems and general symptoms,
and is also endorsing a high proportion of symptoms of extreme or unbearable
severity. While this level of reporting sometimes occurs with genuine patients
in extreme distress, it can reflect a clear exaggeration of the intensity of
symptoms.

Mr. Demoura scored within the probable malingering range on the Symptom
Combination scale, indicating that he is endorsing unlikely pairs of symptoms
that are not often observed in clinical populations. He scored within the
probable malingering range on the Improbable or Absurd Symptoms scale, which
indicates he is reporting preposterous symptoms that are almost never observed
in clinical populations. Mr. Demoura scored within the probable feigning range
on the Blatant Symptoms scale, indicating he is reporting an unusually high
proportion of symptoms associated with a major mental disorder. He also scored
within the probable malingering range on the Selectivity of Symptoms scale which
indicates that he endorsed a wide range of psychiatric symptoms and an unlikely
number of symptoms with extreme or unbearable severity.

Mr. Demoura was administered the Evaluation of Competency to Stand Trial -
Revised (ECST-R) to provide an understanding of his functioning with regard to:
(1) Capacity to establish and maintain a working relationship with an attorney
and to consult with counsel (CWC); (2) Factual understanding of courtroom
procedures and elements of a pending trial (FAC); and, (3) Rational
understanding of courtroom procedures (RAC). A summary of overall rational
functioning is also included and is computed by combining the CWC and RAC. Mr.
Demoura's competency scores are below:

Mr. Demoura presented as being only superficially cooperative in completing this
assessment, in that he participated in the assessment in its entirety, but
provided responses that were so intentionally incorrect that they rendered the
assessment invalid. For instance, Mr. Demoura reported that he would settle
                    ** THIS NOTE CONTINUED ON NEXT PAGE **

---

DEMOURA,MICHAEL NORMAN   IDAHO DEPT OF HEALTH AND WELFAREPrinted:10/09/2015 17:54
28620  DOB:12/01/1962        IDAHO STATE HOSPTIAL SOUTH

---

```
--------------------------------------------------------------------------------
MEDICAL RECORD                                                    Progress Notes
--------------------------------------------------------------------------------
10/07/2015 16:28       ** CONTINUED FROM PREVIOUS PAGE **
```

disagreements with is lawyer "by yelling at her." When asked who is in charge of
the court, he responded with "the baker," when asked who represents him in court
he stated, "my sister," and when asked what a jury does he stated, "they make
fun of things." Due to Mr. Demoura's clear lack of effort in attempting to
produce reasonable responses, the results of the competency scales cannot be
interpreted. He did, however, respond appropriately to questions that make up
the Atypical Presentation Scales.

The ECST-R also contains scales that screen for atypical presentation of
psychiatric complaints. These scales measure possible defensiveness (ATP-R),
atypical psychotic experiences (ATP-P), atypical nonpsychotic experiences (ATP-
N), the degree to which atypical symptoms interfere with the legal process (ATP-
I), and an overall atypical presentation of psychiatric symptoms (ATP-B). Mr.
Demoura's atypical presentation scores are below:

Atypical Presentation Scales

| Scale | T-Score | Rating |
|-------|---------|--------|
| ATP-R | 49 | Non-Defensive |
| ATP-P | 57 | Probable over-reporting |
| ATP-N | 93 | Probable over-reporting |
| ATP-I | 92 | Probable over-reporting |
| ATP-B | 74 | Probable over-reporting |

Mr. Demoura's results indicate that he is likely over-reporting psychiatric
symptoms. He endorsed several odd symptoms including, having to fight the urge
to hurt himself in court, having his palms itch every time he talks to his
attorney, feeling so depressed that he has choked himself in court, feeling that
people in court use telepathic powers to make him say things against his will,
etc. He also reported that nearly each symptom he endorsed makes it difficult
for him to go to court and try to help himself.

In this examiner's opinion, Mr. Demoura is malingering symptoms and ignorance of
the legal system and his legal problems to avoid returning to jail and
addressing his legal charges. If he so chooses, he has sufficient present
ability to consult with his attorney. He has a basic understanding of how the
legal system works. Mr. Demoura understands basic legal concepts. He has a
reasonable degree of rational understanding in order to assist in his defense.
Mr. Demoura is able to disclose pertinent facts to his attorney or engage in a
reasoned choice of legal strategies. He is able to testify relevantly and he is
able to display appropriate courtroom behavior. Again, if he so chooses.

The Hospital has diagnosed Mr. Demoura with the following conditions:

        Psychosis, NOS
        Late effect of traumatic injury to brain
        Alcohol dependence
        Post-traumatic stress disorder
        Cannabis abuse
        Malingering

```
            ** THIS NOTE CONTINUED ON NEXT PAGE **
--------------------------------------------------------------------------------
DEMOURA,MICHAEL NORMAN   IDAHO DEPT OF HEALTH AND WELFAREPrinted:10/09/2015 17:54
28620 DOB:12/01/1962      IDAHO STATE HOSPTIAL SOUTH
--------------------------------------------------------------------------------
```

---------------------------------------------------------------------------
MEDICAL RECORD                                          Progress Notes
---------------------------------------------------------------------------
10/07/2015 16:28      ** CONTINUED FROM PREVIOUS PAGE **

Mr. Demoura has achieved maximum benefit from treatment at the hospital and no longer requires in-patient care.

In this examiner's professional opinion, with a reasonable degree of psychological certainty, Mr. Demoura is now fit to proceed. Mr. Demoura's current commitment expires on November 9, 2015; however, the Hospital has a pressing need for bed space and requests that Mr. Demoura is transferred back to jail as soon as possible but no later than one week after receipt of this report.

The Hospital recommends that his court date be scheduled as soon as possible after transfer to avoid deterioration of his mental status. It is highly critical that Mr. Demoura's prescribed psychiatric medication be continued while in jail to maintain his fitness to proceed. If he does not receive his medication, he is very likely to decompensate and require re-hospitalization.

As a courtesy to the court, the Hospital has attached an order for vacating the current 18-212 commitment and ordering transport by the Ada County Sheriff's office. If the court has any questions about this report, please contact me at the Hospital at (208) 785-8497.

C:    Ada County Prosecuting Attorney
      Ada County Public Defender
      Region IV Mental Health Center

Sincerely,

                    Signed by: /es/ RICHARD BAKER, PHD
                               CHIEF OF PSYCHOLOGY
                               10/09/2015 09:20

---------------------------------------------------------------------------
DEMOURA,MICHAEL NORMAN   IDAHO DEPT OF HEALTH AND WELFARE Printed:10/09/2015 17:54
28620 DOB:12/01/1962        IDAHO STATE HOSPTIAL SOUTH
---------------------------------------------------------------------------

Exhibit (U)

Ad-Litem Letter

### OFF  OF THE ADA COUNTY PUBLIC DE  NDER
#### CHIEF PUBLIC DEFENDER
Alan E. Trimming

#### CHIEF DEPUTY
August H. Cahill

**FELONY DIVISION**
200 W. Front St., Suite 1107
Boise, Idaho 83702
Phone: (208) 287-7400
Fax: (208) 287-7409

**SENIOR TRIAL ATTORNEYS**
Steven Botimer
Anthony Geddes
Jonathan Loschi
Eric Rolfsen
Michael Lojek
Craig Steveley

**TRIAL ATTORNEYS**
David Simonaitis
Teri Jones
Ann Cosho
Ransom Bailey
Brian Marx
Danica Comstock
Charlene Davis
Reed Smith
D. David Lorello, Jr.
Heidi Koonce
David Stewart
Anita Moore
Lance Fulsting
Nicole Owens

**MAGISTRATE DIVISION**
200 W. Front St., Suite 1107
Boise, Idaho 83702
Phone: (208) 287-7450
Fax: (208) 287-7419

**TRIAL ATTORNEYS**
Kevin Rogers
Elizabeth Estess
Nicholas Wollen
Megan Herrett
Dylan Orton
Cassandra Gray
Simon Billinge
Heidi Johnson
Adam Kimball
Nathan Austin
John Shackelford
Abraham Wingrove
Thomas Callery
Mark Coonts
Susan Clark
Daniel Taylor
Elana Salzman

**CIVIL DIVISION**
200 W. Front St., Suite 1107
Boise, Idaho 83702
Phone: (208) 287-7450
Fax: (208) 287-7419

**CIVIL ATTORNEYS**
Joshua Wickard
Tahja Jensen

**JUVENILE DIVISION**
6300 W. Denton
Boise, Idaho 83704
Phone: (208) 577-4930
Fax: (208) 577-4939

**TRIAL ATTORNEYS**
N. Gene Alexander
Alan Malone
Robin Coley
Cameron Cook

**INVESTIGATORS**
200 W. Front St., Suite 1107
Boise, Idaho 83702
Phone: (208) 287-7400
Fax: (208) 287-7154

Kirsten Solmon
John Anzuoni
Gina Mikelson
Paula McKissick
Tonya Kryger
Stefan Price
Dru Donat
Darby Lewis

August 7, 2015

Michael Demoura
c/o Ada County Jail

Re: CR-FE-2015-6232

Dear Mr. Demoura:

Enclosed is the Indictment which details the current charges against you.  I have also included a copy of the Order for Mental Evaluation as well as the proposed amendment to the no contact order.

Although I do not yet know for certain what the results of the evaluation will be I did have an opportunity to discuss the matter with the evaluator.  Based upon that conversation, I believe that we will have the report shortly.

I would also recommend you ask the family law judge to appoint a guardian ad litem, pursuant to Idaho Civil Rule 17(c), as you are an incompetent person.  Hopefully this guardian will be able to assist you in the divorce proceedings and can help preserve your rights.

Sincerely,

Teri Jones
Deputy Public Defender

EXHiBiT (V)

GUILEY PLEA

NO: _____
FILED
A.M. _____ P.M. 4:20

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT IN AND
FOR THE COUNTY OF ADA IN AND FOR THE STATE OF IDAHO

OCT 28 2015
CHRISTOPHER D. RICH, Clerk
By EMILY CHILD
DEPUTY

**GUILTY PLEA ADVISORY AND FORM (JUDGE STEVEN HIPPLER)**

## *TO BE FILLED OUT BY THE DEFENDANT*

Defendant's Name: Michael Demours Signature _____

Date: 10 - 26 - 15    Case Number: CR·FE -15-6232

Age: 53    Date of Birth: 12 - 6 -62

Nature of Charge(s):    Minimum & Maximum Possible Penalty:

| Intimidation of a Witness | 5 years +/or $50,000 |
| Poss of MJ | 1 year +/or $1000 |
| VNCO | 1 year +/or $1000 |

### STATEMENT OF RIGHTS & EXPLANATION OF WAIVERS BY PLEA OF GUILTY
### (PLEASE INITIAL EACH RESPONSE)

1. You have the right to remain silent. You do not have to say anything about the crime(s) you are accused of committing. If you choose to have a trial, the State cannot require you to testify. If you do decide to testify, however, the State will be permitted to ask you questions on cross examination and anything you say can be used as evidence against you in court.

    I understand that by pleading guilty I am waiving my right to remain silent before and during trial. MD.

2. The waiver of your right to remain silent only applies to your plea of guilty to the crime(s) in this case. Even after pleading guilty, you will still have the right to refuse to answer any question or to provide any information that might tend to show you committed some other crime(s). You can also refuse to answer or provide any information that might tend to increase the punishment for the crime(s) to which you are pleading guilty.

    I understand that by pleading guilty to the crime(s) in this case, I still have the right to remain silent with respect to any other crime(s) and with respect to answering questions or providing information that may increase my sentence. MD.

3.  You have the right to be represented by an attorney. If you want an attorney and cannot pay for one, you can ask the judge for an attorney who will be paid by the county. __MD__

4.  You are presumed to be innocent. You would be found guilty if: 1) you plead guilty in front of the judge, or 2) you are found guilty at a jury trial.

    I understand that by pleading guilty I am waiving my right to be presumed innocent. __MD__

5.  You have the right to a speedy and public jury trial. A jury trial is a court hearing to determine whether you are guilty or not guilty of the charge(s) brought against you. In a jury trial, you have the right to present evidence in your defense and to testify in your own defense. The state must convince each and every one of the jurors of your guilt beyond a reasonable doubt.

    I understand that by pleading guilty I am waiving my right to a speedy and public jury trial. __MD__

6.  You have the right to confront the witnesses called against you. This occurs during a jury trial where the state must prove its case by calling witnesses to testify under oath in front of you, the jury, and your attorney. Your attorney could then cross-examine (question) each witness. You could also call your own witnesses of your choosing to testify concerning your guilt or innocence. If you do not have the funds to bring those witnesses to court, the state will pay the cost of bringing your witnesses to court.

    I understand that by pleading guilty, I am waiving my right to confront the witnesses against me, to present witnesses on my own behalf and to present evidence in my defense. __MD__

7.  The State has the burden of proving you guilty beyond a reasonable doubt.

    I understand that by pleading guilty, I am waiving my right to require the State to prove my guilt beyond a reasonable doubt. __MD__

## QUESTIONS REGARDING PLEA

**(Please answer every question. If you do not understand a question consult your attorney before answering.)**

PLEASE CHECK *ONE*

1.  Do you read and write the English language?                              YES☑  NO☐
    If not, have you been provided with an interpreter to
    help you fill out this form?                                              YES☐  NO☐

2.  What is your true and legal name? _Michael  Norman  Demoura_

3.  What was the highest grade you completed? _9th_

**Hippler Guilty Plea Form**

If you did not complete high school, have you received either a GED or HSE?

YES ☑   NO ☐

4. Are you currently under the care of a mental health professional?   YES ☑   NO ☐

If you answered "yes," what is the mental health professional's name? _____

_Acs medical_

5. Have you ever been diagnosed with a mental health disorder?   YES ☑   NO ☐

If you answered "yes," what was the diagnosis and when was it made?

_Bi-Polar, Schizophrenia, Major depressive, PTSD_

6. Are you currently prescribed any medication?   YES ☑   NO ☐

If you answered "yes," what medications are your taking at this time?
_Seroquil, zyprexa, remeron, doxipin, colazapam, psycho benzaprine, pain med_

If you answered "yes," have you taken your prescription medication during the past 24 hours?   YES ☑   NO ☐

7. In the last 24 hours, have you taken any medications or drugs, **INCLUDING over the counter drugs**, or drunk any alcoholic beverages?   YES ☑   NO ☐

If "yes," what have you taken? _See above_

Do you believe this affects your ability to understand these questions, and make a reasoned and informed decisions in this case?   YES ☐   NO ☑

8. Is there any other reason that you would be unable to make a reasoned and informed decision in this case?   YES ☐   NO ☑

If "yes," what is the reason? _____

9. Is your guilty plea the result of a plea agreement?   YES ☑   NO ☐

If you answered "yes," what are the terms of that plea agreement? (If available, a written plea agreement should be attached hereto as "Addendum 'A'")

~~[struck through handwriting]~~
~~[struck through handwriting]~~
_Wit intim x2 - consec to each other, conc. MJ to PV, Rider, Estrada waiver for evals_   _PG to UNCO +_

**Hippler Guilty Plea Form**                Page 3 of 8
                                   Revised 12/04/2013

000073

10. There are two types of plea agreements. Please initial the **ONE** paragraph below which describes the type of plea you are entering. **DO *NOT* INITIAL *BOTH* PARAGRAPHS**:

   a. I understand that the Court is ***NOT*** bound by the plea agreement or any sentencing recommendations, and may impose any sentence authorized by law, including the maximum sentence stated above. Because the court is not bound by the agreement, if the district court chooses not to follow the agreement, I will not have the right to withdraw my guilty plea. _____.

   b. I understand that my plea agreement is a binding plea agreement. This means that if the district court does not impose the specific sentence as recommended by both parties, I will be allowed to withdraw my plea of guilty pursuant to Rule 11(d)(4) of the Idaho Criminal Rules and proceed to a jury trial. _____.

11. As a term of your plea agreement, are you pleading guilty to more than one crime?
         YES ☑   NO ☐

   If you answered "yes," do you understand that your sentence for each crime could be ordered to be served either concurrently (at the same time) or consecutively (one after the other)?
         YES ☑   NO ☐

12. Do you feel you have had sufficient time to discuss your case with your attorney?
         YES ☑   NO ☐

13. Have you told your attorney everything you know about the crime? YES ☑   NO ☐

14. Is there anything you have requested your attorney to do that your attorney has ***not*** done?
         YES ☐   NO ☑

   If you answered "yes," please explain. _____

   _____

   _____

   _____

15. Your attorney can get various items from the prosecutor relating to your case. This may include police reports, witness statements, tape recordings, photographs, reports of scientific testing, etc. This is called discovery. **Have you reviewed the evidence provided to your attorney during discovery?**
         YES ☑   NO ☐

16. Are there any witnesses who could show you are innocent?   YES ☐   NO ☑

   If you answered "yes," have you told your attorney who those witnesses are?
         YES ☐   NO ☐

17. Is this a conditional guilty plea in which you are reserving your right to appeal any *pre-trial* issues?                                                   **YES**☐ **NO**☑

If you answered "yes," what issue are you reserving the right to appeal?

_____

_____

18. Do you understand that if you enter an <u>unconditional</u> guilty plea in this case you will not be able to challenge any rulings that came *before* the guilty plea including:

    1) any searches or seizures that occurred in your case,
    2) any issues concerning the method or manner of your arrest, <u>and</u>
    3) any issues about any statements you may have made to law enforcement?
                                            **YES**☑ **NO**☐

19. Have you waived your right to appeal your judgment of conviction and sentence as part of your plea agreement?                                             **YES**☐ **NO**☑

20. Have any other promises been made to you which have influenced your decision to plead guilty?                                                             **YES**☐ **NO**☑

If you answered "yes," what are those promises?

_____

_____

_____

21. Do you understand that by pleading guilty you waive or give up any defenses, both factual and legal, that you believe you may have in this case?     **YES**☑ **NO**☐

22. Are there any motions or other requests for relief that you believe should still be filed in this case?                                                      **YES**☐ **NO**☑

If you answered "yes," what motions or requests? _____

_____

_____

23. Do you understand that when you plead guilty, you are admitting the truth of each and every allegation contained in the charge(s) to which you plead guilty?
                                          **YES**☑ **NO**☐

24. Are you currently on probation or parole?                               **YES**☑ **NO**☐

If you answered "yes", do you understand that a plea of guilty in this case could be the basis of a violation of that probation or parole and additional punishment?
                                          **YES**☑ **NO**☐

**Do you also understand that this sentence can be served consecutively to any other sentence you are currently serving?**                         **YES**☑ **NO**☐

**25.** As a result of your plea in this case, have you been advised that you may be required pay restitution to any victim in this case pursuant to I.C. §19-5304?   YES☑   NO☐

If "yes", to whom? _____ *Lab fees* _____

_____

**26.** As a result of your plea in this case, have you been advised that you may be required to pay restitution to any <u>other</u> party as a condition of your plea agreement?   YES☐   NO☑

If "yes", to whom? _____

_____

**27.** As a result of your plea in this case, will you be required to pay the costs of prosecution and investigation? **(I.C. § 37-2732(k))**   YES☐   NO☑

**28.** As a result of your plea in this case, do you understand you will be required to submit a DNA sample to the state and pay for any testing of that sample? **(I.C. §-19-5506)**   YES☑   NO☐

**29.** As a result of your plea in this case, do you understand that the court can impose a <u>fine</u> for a crime of violence of up to $5,000, <u>payable to the victim of the crime</u>? **(I.C. § 19-5307)**   YES☐   NO☑

**30.** As a result of your plea in this case, is there a **mandatory** driver's license suspension?   YES☐   NO☑

If "yes", for how long *must* your license be suspended? _____.

**31.** As a result of your plea in this case, is there a mandatory domestic violence, substance abuse, or psychosexual evaluation? **(I.C. §§ 18-918(7)(a),-8005(9),-8317)**   YES☐   NO☑

**32.** Have you discussed with your attorney the fact the Court will order a pre-sentence investigation, psychosexual evaluation, anger evaluation and/or domestic violence evaluation <u>and</u> that anything you say during any of those examinations may be used against you in sentencing?   YES☑   NO☐

**33.** Has your attorney explained the fact that you have a constitutional right to remain silent during any of those examinations but that you may give up that right and voluntarily participate in those examinations?   YES☑   NO☐

**34.** Do you understand that by pleading guilty to a felony, you run the risk that if you have new felony charges in the future, you could be charged as a <u>Persistent Violator</u>? **(I.C. § 19-2514)**   YES☑   NO☐

Hippler Guilty Plea Form

Do you understand that if you are convicted as a <u>Persistent Violator</u>, the court in that new case could sentence you to an enhanced sentence which could include <u>life imprisonment</u>?   YES☑ NO☐

35. As a result of your plea in this case, will you be required to register as a sex offender? **(I.C. § 18-8304)**   YES☐ NO☑

If you answered "yes" to this question, do you understand that if you are found guilty or plead guilty to another charge that requires you to register as a sex offender in the future, you could be charged in the new crime under I.C. § 19-2520G requiring a mandatory sentence of fifteen (15) years to run consecutive to any other sentence imposed by the court?   YES☐ NO☐

36. Do you understand that if you plead guilty to a felony, you will lose your right to vote in Idaho during the period of your sentence? **(ID. CONST. art. 6, § 3)**   YES☑ NO☐

37. Do you understand that if you plead guilty to a felony, you will lose your right to hold public office in Idaho during the period of your sentence?   **(ID. CONST. art. 6, § 3)**   YES☑ NO☐

38. Do you understand that if you plead guilty to a felony, you will lose your right to perform jury service in Idaho during the period of your sentence? **(ID. CONST. art. 6, § 3)**   YES☑ NO☐

39. Do you understand that if you plead guilty to a felony you will lose your right to purchase, possess, or carry firearms? **(I.C. § 18-310)**   YES☑ NO☐

40. Do you understand that *no one*, **_including your attorney_**, can force you to plead guilty in this case?   YES☑ NO☐

41. Are you pleading guilty freely and voluntarily?   YES☑ NO☐

42. Are you pleading guilty because you committed the acts alleged in the information or indictment?   YES☑ NO☐

43. If you were provided with an interpreter to help you fill out this form, have you had any trouble understanding your interpreter?   YES☐ NO☐ NA☑

44. Has *any* person (including a law enforcement officer or police office or your attorney) threatened you or done anything to make you enter this plea against your will?   YES☐ NO☑

If your answer is **"yes,"** what threats have been made and by whom?

_____

45. <u>Other than in the plea agreement</u>, has any person promised you that you will receive any special sentence, reward, favorable treatment, or leniency with regard to the plea you are about to enter?   YES☐ NO☑

If your answer is "yes," what promises have been made and by whom?
_____

46. Do you understand that the only person who can promise what sentence you will actually receive is the Judge?                                                     YES☑  NO☐

    Has the Judge made any promises to you?                                 YES☐  NO☑

47. Are you satisfied with your attorney?                                       YES☑  NO☐

48. Have you answered all questions on this Questionnaire truthfully and of your own free will?                                                                               YES☑  NO☐

49. Have you had any trouble answering any of the questions in this form which you could _not_ work out by discussing the issue with your attorney?   YES☐  NO☑

50. **IF YOU ARE _NOT_ A CITIZEN OF THE UNITED STATES**, do you understand that by pleading guilty, or making factual admissions, this will trigger deportation or removal proceedings, meaning that you face being removed from the United States and returned to your country of origin, and the loss of your ability to obtain legal status in the United States, or denial of an application for United States citizenship?
                                                                                                    YES☑  NO☐  NA☐

    **Have you and your attorney discussed these issues?**
                                                                                                    YES☐  NO☐  NA☑

51. **Do you swear under penalty of perjury that your answers to these questions are true and correct?**                                             **YES**  NO

I have answered the questions on pages 1-8 of this Guilty Plea Advisory form truthfully. I understand all of the questions and answers herein, have discussed each question and answer with my attorney, and have completed this form freely and voluntarily. Furthermore, no one has threatened me to do so.

Dated this **26** day of **Oct** , 20 **15**

_Mark M. [signature]_
**DEFENDANT**

I hereby acknowledge that I have discussed, in detail, the foregoing questions and answers with my client.

_[signature]_
**DEFENDANT'S ATTORNEY**

Hippler Guilty Plea Form

NO._____
                    FILED
A.M._____ P.M._____

**JUL 17 2023**

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

Michael Demoura #65065
Full Name/Prisoner Name

Po Box 14   16B -18A
Boise Id           83707
Complete Mailing Address

Plaintiff/Defendant
(circle one)

IN THe DISTRICT COURT OF THe FOURTH Judicial District OF THe

STATE OF Idaho IN AND For The COUNTY OF ADA

Michael N. Demoura
    Plaintiff/Petitioner,          )          CASE NO. CVOI-23_ 08325
    Full name(s)                        )
                     )          NOTICE OF APPEAL OF ORDER
vs.                                     )          DENYING APPOINTMENT OF COUNSEL
STATE OF Idaho                          )
                     )
    Defendant/Respondent(s),      )
    Full name(s)                       )

    COMES NOW Michael Demoura, Plaintiff/Defendant (circle one) in the above
entitled

And Moves To Appeal The ORDER Denying Appointment
OF Counsel Issued July 3rd 2023 BY Steven Hipper
District Judge Petitioner Says That his Claims and his
Allegations Supporting his Petition in his Response To Motion
OF Intent To dismiss Addresses The Issues OF Facts
Supporting his Claim And Validates The Reasonableness of Adequate Means

-1

-pg. R

OF A VALID CLAIM. He ALSO CLAIMS THAT EQUITABLE TOLLING Should Be INVOKED Due To Two TIERS OF FACTS ONE Being He is INNOCENT OF The CRIMES iN QUESTION And Two he WAS MENTALLY ILL with MENTAL DISEASE AND UNDER THE TREATMENT OF PSYCHOTROPIC MEDICATIONS SINCE 4/30/2015 And iS CURRENTLY HOUSED iN THE B.H.U. UNIT AT I.S.C.I Which is The MENTAL HEALTH BEHAVIORAL HEALTH UNIT Where he is CONTINUEING TREATMENT For his MENTAL HEALTH CONDITION he SAYS he WAS UNABLE TO TIMELY FILE A AMENDED COMPLAINT To his FIRST PETITION BECAUSE OF MENTAL ILLNESS And TREATMENT WITH PSYCHOTROPIC MEDICATIONS WHICH ESSENTIALLY LEFT him iN A STATE UNABLE To UNDERSTAND LEGAL ISSUES AND TIME LIMITS ALONG WITHOUT The ABILITY To DEFEND himSELF OR his RIGHTS The PETITIONER CONTENDS TO THIS COURT THAT TO BE MADE TO CONTINUE WITHOUT COUNSEL WOULD BE A UNDUE BURDEN TO him ALONG WITH A TRAVISTY OF JUSTICE AS he IS NOT SCHOOLED BEYOND THE 10TH GRADE AND LACKS THE LEGAL KNOWLEDGE TO ADDRESS ISSUES THE STATE MAY OR WILL PRESENT iN MOTIONS, ORDERS, BRIEFS OR MEMORANDUMS he THEREFORE PRAYS FOR RELIEF FROM THIS ORDER.

-pg. 2

_____
_____
_____
_____
_____
_____
_____

Respectfully submitted this _13_ day of _July_ 20_23_.

_____
Plaintiff/Defendant (circle one)

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the _13_ day of _July_ ,20_23_, I

mailed a true and correct copy of the _Notice of Appeal of Order_ via

prison mail system for processing to the U.S. mail system to:

Clerk of Courts
Ada - County Courthouse
200 W. Front Street
Boise ID 83702

_____
Plaintiff/Defendant (circle one)

_____ -pg. 3 ___

NO. _____
FILED
A.M. _____ P.M. _____

**JUL 17 2023**

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

Michael N Demoura #65065
_Full Name of Party Filing Document_

Po Box 14 16B-19A
_Mailing Address (Street or Post Office Box)_

Boise Id 83707
_City, State and Zip Code_

N/A
_Telephone_

N/A
_Email Address (if any)_

IN THE DISTRICT COURT FOR THE __Fourth__ JUDICIAL DISTRICT
FOR THE STATE OF IDAHO, IN AND FOR THE COUNTY OF __ADA__

Michael N. Demoura ,
~~Plaintiff,~~ Petitioner

vs.

State of Idaho ,
_Defendant._

Case No. CV01-23-09325

MOTION: For Reconsideration For Appointment Of Counsel

The ☒ ~~Plaintiff~~ Petitioner ☐ Defendant requests the court (write what you want the judge to order and the reason for your request) THAT THIS COURT Reconsider The Petitioners Motion For Appointment of Counsel in Relation To his Response To The Motion of Intent To dismiss And Following Exhibits The Petitioner Says That He has Raised Rem Issues of Material Facts Supporting his Claims Which Included Supporting Newly discovered Information And Materials To which he in The Past was not Allowed Or was withheld From his Personal Views and Knowledge Weather Intentional or not was detrimental to his defence in his Case The Petitioner Contends That He Suffers From Mental Illness Schitzoaffetic disabled and without Trained Counsel is at A disadvantage of defending his Case + Claims.

Date: 7/13/23

Signature

CERTIFICATE OF SERVICE

I certify that on (date) 7/13/23 I served a copy to: (name all parties in the case other than

yourself).

CLARK OF COURTS ADA COUNTY
(Name)

☑ By United States mail
☐ By personal delivery
☐ By fax (number) _____

200 W. Front Street
(Street or Post Office Address)

Boise Idaho 83702
(City, State, and Zip Code)

ADA COUNTY PROSECUTORS OFFICE
(Name)

☑ By United States mail
☐ By personal delivery
☐ By fax (number) _____

200 W. Front Street Room 3191
(Street or Post Office Address)

Boise Idaho 83702
(City, State, and Zip Code)

Michael DeMoura
Typed/printed name

Signature

MOTION
CAO CvPi 4-1x  07/01/2016

PAGE 2

Page 143

NO._____
FILED
A.M._____ P.M._____

**JUL 17 2023**

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

Inmate name *Michael Demoura*
IDOC No. *65065*
Address *PO Box 14 168-18A*
*Boise Idaho 73707*
(Petitioner-Appellant)

IN THE DISTRICT COURT OF THE ___*Fourth*___ JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF *A DA*___

_____
*Michael Demoura*_____,  )
          (Petitioner-Appellant,    )
                                    )
     vs.                            )
                                    )
THE STATE OF IDAHO,                 )
                                    )
          Respondent.               )
_____)

Case No. **CV 01 23 09325**

**MOTION AND AFFIDAVIT IN
SUPPORT FOR
APPOINTMENT OF
COUNSEL**

COMES NOW, *Michael Demoura*_____, Petitioner-Appellant in the

above entitled matter and moves this Honorable Court to grant Petitioner-Appellant's Motion for

Appointment of Counsel for the reasons more fully set forth herein and in the Affidavit in

Support of Motion for Appointment of Counsel.

   1.    Petitioner-Appellant is currently incarcerated within the Idaho Department of

Corrections under the direct care, custody and control of Warden *Tyrell Davis*_____,

of the *Idaho State Correctional Institution*

   2.    The issues to be presented in this case may become too complex for the

Petitioner-Appellant to properly pursue. Petitioner-Appellant lacks the knowledge and skill

needed to represent him/herself.

MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL - 1

Revised: SF/TB April 2023

3.    Petitioner-Appellant required assistance completing these pleadings, as he/she was unable to do it him/herself.

4.    Other: Suffers From Schizo Affective Disorder .

DATED this 13 day of July , 20 23 .

_____

Petitioner-Appellant

## AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL

Michael Demoune , after first being duly sworn upon his/her oath, deposes and says as follows:

1.    I am the Affiant in the above-entitled case;

2.    I am currently residing at the Idaho State Correctional Institution under the care, custody and control of Warden Tyrell Davis ;

3.    I am indigent and do not have any funds to hire private counsel;

4.    I am without bank accounts, stocks, bonds, real estate or any other form of real property;

5.    I am unable to provide any other form of security;

6.    I am untrained in the law;

7.    If I am forced to proceed without counsel being appointed I will be unfairly handicapped in competing with trained and competent counsel of the State;

Further your affiant sayeth naught.

WHEREFORE, Petitioner-Appellant respectfully prays that this Honorable Court issue its Order granting Petitioner-Appellant's Motion for Appointment of Counsel to

MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL - 2
Revised: SF/TB April 2023

represent his/her interest, or in the alternative grant any such relief to which it may appear the Petitioner-Appellant is entitled to.

DATED This 13 day of July , 20 23 .

_____
Petitioner-Appellant

## CERTIFICATION UNDER PENALTY OF PERJURY

Pursuant to Idaho Code Section 9-1406 "I certify (or declare) under penalty of perjury pursuant to the law of the State of Idaho that the foregoing is true and correct."

Date: 7/13/23

Michael DeMarra
Typed/Printed

_____
Signature

MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL - 3

Revised: SF/TB April 2023

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the _13_ day of _July_ , 20_23_ , I mailed a copy of this MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL for the purposes of filing with the court and of mailing a true and correct copy via prison mail system for processing to the U.S. mail system to:

_A d A_____ County Prosecuting Attorney

_200 W. Front Street Room 3191_

_Boise Idaho 83707_

_____
Petitioner-Appellant

MOTION AND AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL - 4

Revised: SF/TB April 2023

RE: CV01-23-09325

(R)

NO. _____
A.M. _____   FILED   P.M. _____

JUL 17 2023

7/13   TRENT TRIPPLE, Clerk
       BY ERIC ROWELL
       DEPUTY

Dear Clerk,
        ① Please File this Response To
Motion Of Intent To Dismiss:

② Also  Notice Of Appeal Of Order Denying Appointment
   Of Counsel

③  Motion for Reconsideration Of Appointment Of Counsel
   And Motion For Appointment Of counsel and Supporting Affidavit

                    Michael Demoura
                    65065  16B-18A
                    I.S.C.I  Po Box 14
                    Boise Id  83707

NO._____
A.M._____ FILED
P.M. ᵈᵘᵘ

JUL 2 8 2023

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT TRENT TRIPPLE, Clerk
STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA  By ANNA MEYER
DEPUTY

MICHAEL N. DEMOURA,

      Petitioner,

vs.

STATE OF IDAHO,

      Respondent.

Case No. CV01-23-09325

ORDER DENYING MOTION TO
RECONSIDER

## I.   INTRODUCTION

On June 12, 2023, Petitioner filed a combined Petition for Post-Conviction Relief and Affidavit in Support (collectively, "Petition") arising from his underlying criminal case, *State v. Demoura*, Ada County Case No. CR-FE-2015-6232. Contemporaneously, he filed a Motion and Affidavit for Appointment of Counsel. Noting that the Petition was untimely by, at a minimum, nearly five years[1] and lacked any basis for equitable tolling, this Court found it frivolous and denied appointment of counsel. At the same time, the Court filed a "Notice of Intent to Dismiss" ("Notice") based, in part, on the untimeliness of the Petition.[2]

Before the Court is Petitioner's motion to reconsider denial of his request for counsel. Apparently advancing an equitable tolling defense, Petitioner asserts the claims in his Petition are based on newly discovered material facts and further contends that he suffers from mental illness and/or took psychotropic medication that rendered him incompetent to pursue his post-conviction claims until May of 2023.[3] The Court finds neither basis is sufficient to establish

---

[1] In finding Petitioner's claims were, at a minimum, nearly five years late, the Court was simply pointing out that the latest possible date Petitioner could have filed post-conviction claims arising from his underlying criminal action was November 16, 2018, or one year after the remittitur was issued for Petitioner's appeal of his probation revocation. However, all of Petitioner's claims appear to arise from matters occurring prior to the issuance of the initial Judgment of Conviction, Order Retaining Jurisdiction and Commitment on December 23, 2015. Petitioner did not file a timely appeal of this initial judgment. Thus, if the Court is correct that Petitioner's claims do indeed arise from the original judgment, they would have had to be filed by February 3, 2017.

[2] *See*, Order Denying Appointment of Counsel (July 5, 2023); Notice of Intent to Dismiss (July 5, 2023).

[3] In his motion to reconsider, Petitioner requested that the Court reconsider its denial of appointment of counsel "in relation to" his contemporaneously-filed "Response to Motion of Intent to Dismiss Post Conviction" ("Response"). Though Petitioner did not expressly incorporate his Response into his motion to reconsider, the Court will treat it as

1

equitable tolling of the statute of limitations; therefore, appointment of counsel is not warranted as the petition remains time-barred.

## II.     STANDARD

The decision to grant or deny a request for reconsideration rests in the sound discretion of the district court. *Summerfield v. St. Luke's McCall, Ltd.*, 169 Idaho 221, 494 P.3d 769, 781-82 (2021). When deciding the motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered. *Id.* The decision to grant or deny a request for court-appointed counsel in a post-conviction proceeding is discretionary. *Hust v. State*, 147 Idaho 682, 683, 214 P.3d 668, 669 (Ct. App. 2009). Consequently, the court must: 1) correctly perceive the issue as one of discretion; 2) act within the outer boundaries of its discretion; 3) act consistently with the legal standards applicable to the specific choices available to it, and; 4) reach its decision by the exercise of reason. *Lunneborg v. My Fun Life,* 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

The district court's construction and application of the time limitation for filing a petition for post-conviction relief is a matter of free review. *Rankin v. State*, 170 Idaho 463, 465, 512 P.3d 161, 163 (Ct. App. 2021), *review denied* (May 25, 2021). To the extent a determination of competency for equitable tolling purposes in the post-conviction context involves predicate findings of fact, those findings are not disturbed on appeal if supported by substantial and competent evidence. *Chico-Rodriguez v. State*, 141 Idaho 579, 582–83, 114 P.3d 137, 140–41 (Ct. App. 2005).

## III.     ANALYSIS

### A.     Petitioner Has Not Established Mental Illness and/or Psychotropic Medication Use Warrants Equitable Tolling.

Equitable tolling of the statute of limitations for post-conviction proceedings is appropriate where mental disease and/or psychotropic medication renders an applicant incompetent and prevents the applicant from earlier pursuing challenges to his conviction. *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003). To toll the statute of limitations due to mental illness or medication, an unrepresented petitioner must show that he suffered from a serious mental illness which rendered him incompetent to understand his legal right to bring an

---

incorporating the Response insofar as the Response addresses issues of how newly discovered material and mental illness and/or psychotropic medication affected Petitioner's ability to timely file the Petition.

2

action within a year or otherwise rendered him incapable of taking necessary steps to pursue that right. *Chico–Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct.App.2005). "It is not enough to show that compliance was simply made more difficult on account of a mental condition." *Id.* Equitable tolling only applies to the period the applicant's mental illness actually prevented him from filing a post-conviction action. *Id.* Any period of time following the conviction during which the petitioner fails to meet the equitable tolling criteria will count toward the limitation period. *Id.*

Petitioner has presented no evidence that he suffered from a mental illness and/or took a psychotropic medication which prevented him from filing his Petition and rendered him unable to appreciate his legal rights during the limitation period. In his Response, he asserts that between April of 2015—the time the underlying offense occurred—until May of 2023 when he "changed his medication," he has been "mentally ill with mental disease and constantly on psychotropic medications which have rendered him incompetent[.]" Resp., p 4. During this time period, he states he did not have "a clear enough mind to earlier pursue challenges to his conviction." *Id.* He further contends that, while in custody, he has been treated for mental illness with psychotropic medication, "leaving him unable to address the underlying issues of this case" and "not in effective control of his legal issues." *Id.*, p. 5.

To support his contentions, Petitioner presents several documents from his underlying criminal case purporting to establish his mental illness and psychotropic medication use, including: 1) the I.C. § 18-211 evaluation performed August 6, 2015 by Dr. Christopher Waters finding Petitioner incompetent to stand trial (Resp., Exh. R); 2) this Court's Order for Commitment Pursuant to Idaho Code Section 8-212" (Aug. 11, 2015) (*Id.*, Exh. S), and; 3) the I.C. § 18-212 progress report by Dr. Richard Baker dated October 9, 2015 finding Petitioner competent to proceed (*Id.*, Exh. T).[4]

---

[4] The Court notes that in Dr. Baker's progress report, he diagnosed Petitioner with "malingering" on account of "the general observation and consensus" of staff and Petitioner's performance on tests designed to assess symptom exaggeration. Dr. Baker opined that Petitioner "is malingering symptoms and ignorance of the legal system and his legal problems to avoid returning to jail and addressing his legal charges." Response, Exh. T, p. 4. Based on Dr. Baker's progress report and Petitioner's non-objection to his finding of competency, the Court terminated Petitioner's commitment shortly thereafter. To this end, the Court takes judicial notice under IRE 201(c) of the following documents from *State v. Demoura*, Ada Co. Case No. CR-FE-2015-0006232: 1) Order Terminating Commitment Pursuant to Idaho Code § 18-212 (Nov. 18, 2015), and; 2) Court Minutes (Oct. 26, 2015).

None of these documents, however, support a finding that any time before the limitations period expired on—at the latest—November 16, 2018, Petitioner was unable, on account of mental illness and/or psychotropic medications, to understand his legal rights and unable to act in a timely fashion to protect those rights by filing a petition for post-conviction relief. Rather, the documents demonstrate that while Petitioner did—in the early stages of the criminal case—suffer from mental illness that may have affected his legal competence, he was restored to competency in relatively short order through medical treatment.[5]

Not only has Petitioner failed to present evidence of his alleged inability to pursue his post-conviction rights during the relevant period, his assertions are directly contradicted by the record. As noted by the Court in its order denying appointment of counsel, Petitioner filed a prior petition for post-conviction relief on April 17, 2017 asserting many of the same claims he asserts in this current Petition. Counsel was appointed at Petitioner's request and, after consulting with counsel, Petitioner withdrew his petition in July of 2017 on grounds of futility. Consequently, his unsupported assertion that mental illness and/or psychotropic medication left him unable to pursue challenges to his conviction until May of 2023 rings hollow.

In sum, there is simply no evidence tying Petitioner's mental health issues or use of psychotropic medication to an inability to understand and protect his rights during the relevant time period. Consequently, equitable tolling is not warranted on this basis.

**B.     Petitioner Has Not Established Any Other Basis for Equitable Tolling.**

Equitable tolling may also be warranted if a petitioner is unable to timely file a petition for post-conviction relief due to extraordinary circumstances beyond his effective control or if some unlawful state action has hidden from the petitioner the facts underlying the claim. *Schultz v. State,* 151 Idaho 383, 386, 256 P.3d 791, 794 (2011). Notably, equitable tolling is not allowed for "a petitioner's own inaction." *Id.* Thus, a petitioner must demonstrate that he has acted with reasonable diligence throughout the period he seeks to toll.

Here, Petitioner asserts in his Response that he was only recently able to access information pertinent to his post-conviction claims after contacting the Public Defender's office

---

[5] The Court is cognizant of the fact that the competence of a criminal defendant to stand trial is not the appropriate standard to apply when determining whether the statute of limitation for a post-conviction action should be tolled due to mental illness. *See, Chico-Rodriguez,* 141 Idaho at 581, 114 P.3d at 139. The Court is simply observing that, to the extent Petitioner is relying on his prior finding of incompetence to establish equitable tolling, he was restored.

4

and requesting a copy of his file. He states this information was not provided to him when he previously requested his file. Resp., p. 3.[6] However, Petitioner must establish he has acted with reasonable diligence in seeking the records throughout the period he is attempting to toll. It is not enough to assert generally that the records were not previously provided when he requested his file. Further, Petitioner has not articulated what facts in these previously unproduced documents give rise to his claims, nor has he even asserted these facts were hidden from him as a result of an "unlawful state action." *Schultz, supra.*

In sum, the Court does not find Petitioner has satisfied the stringent standard required to establish equitable tolling of the limitations period. Consequently, the Court declines to reconsider its order declining to appoint counsel.

IT IS SO ORDERED.

DATED this __28__ day of August, 2023.

Steven Hippler
District Judge

---

[6] The documents that were allegedly not previously provided to Petitioner until recently are: 1) arrest records of third parties (Resp., Exh. I); 2) the 911 log from the evening of the incident giving rise to the underlying criminal case (*Id.*, Exh. J); 3) three witness subpoenas issued by his defense counsel in the underlying criminal case (*Id.*, Exh. L); 4) Idaho law regarding concealed weapons (*Id.*, Exh. N); and, 5) communications and notes by his defense counsel in the underlying case (*Id.*, Exh. O-Q).

## CERTIFICATE OF SERVICE

I hereby certify that on *July 28, 2023*, I mailed (served) a true and correct copy of the ORDER DENYING MOTION TO RECONSIDER to:

| | |
|---|---|
| **ADA COUNTY PROSECUTOR'S OFFICE**<br><br>VIA EMAIL: acpocourtdocs@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br><br>( ) Interdepartmental Mail<br><br>(X) Electronic Mail<br><br>( ) Facsimile |
| Michael Demoura<br><br>IDOC No. 65065<br><br>Idaho State Correctional Institute<br><br>P.O. Box 14<br><br>Boise, ID 83707 | (X) U.S. Mail, Postage Prepaid<br><br>( ) Interdepartmental Mail<br><br>( ) Electronic Mail<br><br>( ) Facsimile |

TRENT TRIPPLE

Clerk of the District Court

By: _____

Deputy Clerk

6

NO. _____

A.M. _____ FILED _____ P.M. _____

JUL 28 2023

TRENT TRIPPLE, Clerk
By ANNA MEYER
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

MICHAEL N. DEMOURA,

    Petitioner,

vs.

STATE OF IDAHO,

    Respondent.

Case No. CV01-23-09325

ORDER OF DISMISSAL

## I.    INTRODUCTION

On June 12, 2023, Petitioner filed a combined Petition for Post-Conviction Relief and Affidavit in Support (collectively, "Petition") arising from his underlying criminal case, *State v. Demoura*, Ada County Case No. CR-FE-2015-6232. The Court subsequently filed a "Notice of Intent to Dismiss" ("Notice") on grounds that the claims were barred by the statute of limitations set forth in I.C. § 19-4902(a) and the claims were bare and conclusory. Pursuant to I.C. § 19-4906(b), the Court allowed Petitioner twenty days within which to supply a brief or further supporting affidavit addressing why his Petition should not be dismissed. Defendant timely responded. *See*, Response to Motion of Intent to Dismiss Post Conviction (July 17, 2023) ("Response).

Having considered Petitioner's Response, the Court concludes that he has not raised a question of fact as to whether equitable tolling applies and, therefore, the Court finds dismissal warranted based on untimeliness. Additionally, despite his submission of some documentary evidence with his Response, the claims in his Petition remain bare and conclusory. On this separate ground dismissal is also warranted.

## II.    STANDARD

Incorporated herein this the standard set forth in the Notice. In addition, a district court's construction and application of the time limitation for filing a petition for post-conviction relief is a matter of free review. *Rankin v. State*, 170 Idaho 463, 465, 512 P.3d 161, 163 (Ct. App. 2021), *review denied* (May 25, 2021). To the extent a determination of competency for equitable tolling purposes in the post-conviction context involves predicate findings of fact, those findings

1

are not disturbed on appeal if supported by substantial and competent evidence. *Chico-Rodriguez v. State*, 141 Idaho 579, 582–83, 114 P.3d 137, 140–41 (Ct. App. 2005).

## III.   ANALYSIS

### A.   Petitioner's Claims Are Dismissed As Untimely.

Under Idaho Code § 19-4902(a), applications for post-conviction relief must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." As explained in the Notice, this Court issued a Judgment of Conviction, Order Retaining Jurisdiction and Commitment on December 23, 2015. After a period of retained jurisdiction, the Court suspended the sentence and placed Petitioner on probation. Claiming the sentence was excessive, Petitioner appealed. The Court of Appeals affirmed and issued a Remittitur on March 13, 2017.[1]

Petitioner was arrested on an Agent's Warrant for a new crime shortly thereafter. Finding Petitioner knowingly and willfully violated his probation, this Court revoked probation and reinstated the underlying sentence on August 29, 2017. Petitioner then filed a Notice of Appeal based on "use of false information from probation officer as used in sentencing hearing also numerous other claims" but the appeal was dismissed by the Idaho Supreme Court and a Remittitur was issued on November 16, 2017. Based on this timeline, the Court found in the Notice that Petitioner's claims were, at a minimum, untimely by nearly five years.[2]

In his Response, Petitioner attempts to justify the untimeliness of his claims by relying on equitable tolling. Specifically, he contends that mental illness and/or psychotropic medication rendered him unable to earlier pursue his claims and, additionally, he was only recently able to access information pertinent to his post-conviction claims. The Court finds Petitioner has failed

---

[1] *State v. Demoura*, 2017 WL 128581 (Idaho Ct. App., Jan. 13, 2017).

[2] In finding Petitioner's claims were, at a minimum, time barred by nearly five years, the Court was pointing out that the latest possible date Petitioner could have filed post-conviction claims arising from his underlying criminal action generally was November 16, 2018, or one year after the remittitur was issued for Petitioner's appeal of his probation revocation. However, all of Petitioner's claims appear to arise from matters occurring prior to the issuance of the initial Judgment of Conviction, Order Retaining Jurisdiction and Commitment on December 23, 2015. Petitioner did not file a timely appeal of this initial judgment. If Petitioner's claims do indeed arise from this original judgment, they would have had to be filed by February 3, 2017 and, therefore, are untimely by over six years.

2

to meet his burden of demonstrating the "stringent standard" warranting equitable tolling. *Schultz v. State*, 151 Idaho 383, 386, 256 P.3d 791, 794 (2011).

    1.    <u>Petitioner has not established mental illness and/or psychotropic medication prevented him from filing his claims.</u>

    Equitable tolling of the statute of limitations for post-conviction proceedings is appropriate where mental disease and/or psychotropic medication renders an applicant incompetent and prevents the applicant from earlier pursuing challenges to his conviction. *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003). To toll the statute of limitations due to mental illness or medication, an unrepresented petitioner must show that he suffered from a serious mental illness which rendered him incompetent to understand his legal right to bring an action within a year or otherwise rendered him incapable of taking necessary steps to pursue that right. *Chico–Rodriguez v. State*, 141 Idaho 579, 582, 114 P.3d 137, 140 (Ct.App.2005). "It is not enough to show that compliance was simply made more difficult on account of a mental condition." *Id.* Equitable tolling only applies to the period the applicant's mental illness actually prevented him from filing a post-conviction action. *Id.* Any period of time following the conviction during which the petitioner fails to meet the equitable tolling criteria will count toward the limitation period. *Id.*

    Petitioner has presented no evidence that he suffered from a mental illness and/or took a psychotropic medication which prevented him from filing his Petition and rendered him unable to appreciate his legal rights during the limitation period. In his Response, he asserts that between April of 2015—the time the underlying offense occurred—until May of 2023 when he "changed his medication," he has been "mentally ill with mental disease and constantly on psychotropic medications which have rendered him incompetent[.]" Resp., p 4. During this time period, he states he did not have "a clear enough mind to earlier pursue challenges to his conviction." *Id.* He further contends that, while in custody, he has been treated for mental illness with psychotropic medication, "leaving him unable to address the underlying issues of this case" and "not in effective control of his legal issues." *Id.*, p. 5.

    To support his contentions, Petitioner presents several documents from his underlying criminal case purporting to establish his mental illness and psychotropic medication use, including: 1) the I.C. § 18-211 evaluation performed August 6, 2015 by Dr. Christopher Waters finding Petitioner incompetent to stand trial (Resp., Exh. R); 2) this Court's Order for

3

Commitment Pursuant to Idaho Code Section 8-212" (Aug. 11, 2015) (*Id.*, Exh. S), and; 3) the I.C. § 18-212 progress report by Dr. Richard Baker dated October 9, 2015 finding Petitioner competent to proceed (*Id.*, Exh. T).[3]

None of these documents, however, support a finding that any time after December 23, 2015, the date the judgment of conviction was issued in the underlying criminal case, Petitioner was unable, on account of mental illness and/or psychotropic medications, to understand his legal rights and unable to act in a timely fashion to protect those rights by filing a petition for post-conviction relief. Rather, the documents demonstrate that while Petitioner did—in the early stages of the criminal case—suffer from mental illness that may have affected his legal competence, he was restored to competency in relatively short order through medical treatment.[4]

Not only has Petitioner failed to present evidence of his alleged inability to pursue his post-conviction rights during the relevant period, his assertions are directly contradicted by the record. As noted by the Court in its order denying appointment of counsel, Petitioner filed a prior petition for post-conviction relief on April 17, 2017 asserting many of the same claims he asserts in this current Petition. Counsel was appointed at Petitioner's request and, after consulting with counsel, Petitioner withdrew his petition in July of 2017 on grounds of futility. Consequently, his unsupported assertion that mental illness and/or psychotropic medication left him unable to pursue challenges to his conviction until May of 2023 rings hollow.

In sum, there is simply no evidence tying Petitioner's mental health issues or use of psychotropic medication to an inability to understand and protect his rights during the relevant time period. Consequently, equitable tolling is not warranted on this basis.

---

[3] The Court notes that in Dr. Baker's progress report during Petitioner's commitment period, he diagnosed Petitioner with "malingering" on account of "the general observation and consensus" of staff and Petitioner's performance on tests designed to assess symptom exaggeration. Dr. Baker opined that Petitioner "is malingering symptoms and ignorance of the legal system and his legal problems to avoid returning to jail and addressing his legal charges." Response, Exh. T, p. 4. Based on Dr. Baker's progress report and Petitioner's non-objection to his finding of competency, the Court terminated Petitioner's commitment shortly thereafter. To this end, the Court takes judicial notice under IRE 201(c) of the following documents from *State v. Demoura*, Ada Co. Case No. CR-FE-2015-0006232: 1) Order Terminating Commitment Pursuant to Idaho Code § 18-212 (Nov. 18, 2015), and; 2) Court Minutes (Oct. 26, 2015).

[4] The Court is cognizant of the fact that the competence of a criminal defendant to stand trial is not the appropriate standard to apply when determining whether the statute of limitation for a post-conviction action should be tolled due to mental illness. *See, Chica-Rodriguez*, 141 Idaho at 581, 114 P.3d at 139. The Court is simply observing that, to the extent Petitioner is relying on his prior finding of incompetence to establish equitable tolling, he was restored.

4

2:    Petitioner has not established any other basis for equitable tolling.

Equitable tolling may also be warranted if a petitioner is unable to timely file a petition for post-conviction relief due to extraordinary circumstances beyond his effective control or if some unlawful state action has hidden from the petitioner the facts underlying the claim. *Schultz v. State,* 151 Idaho 383, 386, 256 P.3d 791, 794 (2011). Notably, equitable tolling is not allowed for "a petitioner's own inaction." *Id.* Thus, a petitioner must demonstrate that he has acted with reasonable diligence throughout the period he seeks to toll.

Here, Petitioner asserts in his Response that he was only recently able to access information pertinent to his post-conviction claims after contacting the Public Defender's office and requesting a copy of his file. He states this information was not provided to him when he previously requested his file. Resp., p. 3.[5] However, Petitioner must establish he has acted with reasonable diligence in seeking the records throughout the period he is attempting to toll. It is not enough to assert generally that the records were not previously provided when he requested his file. Further, Petitioner has not articulated what facts in these previously unproduced documents give rise to his claims, nor has he even asserted these facts were hidden from him as a result of an "unlawful state action." *Schultz, supra.*

In sum, the Court does not find Petitioner has satisfied the stringent standard required to establish equitable tolling of the limitations period. Consequently, his claims are dismissed as untimely.

**B.    Petitioner's Claims Are Bare and Conclusory, Unsupported by Evidence.**

A second ground for dismissal in the Notice was that Petitioner's claims were vague and conclusory in nature and unsupported by admissible evidence. As observed in the Notice, a petition for post-conviction relief must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); I.C. § 19-4903.

While Petitioner has provided some documentary evidence with his Response, it does not cure the deficiencies in his claims. For example, a number of the documents he has submitted

---

[5] The documents that were allegedly not previously provided to Petitioner until recently are: 1) arrest records of third parties (Resp., Exh. I); 2) the 911 log from the evening of the incident giving rise to the underlying criminal case (*Id.*, Exh. J); 3) three witness subpoenas issued by his defense counsel in the underlying criminal case (*Id.*, Exh. L); 4) Idaho law regarding concealed weapons (*Id.*, Exh. N), and; 5) communications and notes by his defense counsel in the underlying case (*Id.*, Exh. O-Q).

5

pertain to requests he made of his trial counsel to investigate certain matters and individuals Petitioner believed were relevant to his defense. *See*, Resp., Exhs. D-G. However, he has not identified what counsel's investigation of this information would have uncovered, how that information would be relevant to his defense, why counsel's decision not to pursue investigation into these matters did not qualify as strategic or tactical, and why, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

Likewise, he contends a detective investigating the charged conduct "lied to him about his wife having injuries to her neck consistent with being strangled" because she was biased against him due to a past incident. Resp., p. 2. In support of his claim, he presents a Kuna Rural Fire District Report indicating the absence of trauma to the victim's neck (Resp., Exh. K). However, he has not identified how, when or in what context the detective allegedly lied to him or how the alleged lie is relevant to the charges he pled guilty to in the underlying criminal case, which did not include attempted strangulation.[6]

In sum, while Petitioner has made an effort in his Response to present documents bearing somewhat on his claims, he has not made a prima facie case as to each essential element of any claim asserted. Consequently, on this second basis, dismissal is warranted.

IT IS SO ORDERED.

DATED this ___ day of August, 2023.

Steven Hippler
District Judge

---

[6] The attempted strangulation charge was one of several dismissed in exchange for Petitioner's guilty plea in the underlying case.

6

## CERTIFICATE OF SERVICE

I hereby certify that on *July 28, 2023* I mailed (served) a true and correct copy of the ORDER OF DISMISSAL to:

| ADA COUNTY PROSECUTOR'S OFFICE<br><br>VIA EMAIL: acpocourtdocs@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br><br>( ) Interdepartmental Mail<br><br>(X) Electronic Mail<br><br>( ) Facsimile |
| --- | --- |
| Michael Demoura<br><br>IDOC No. 65065<br><br>Idaho State Correctional Institute<br><br>P.O. Box 14<br><br>Boise, ID 83707 | (X) U.S. Mail, Postage Prepaid<br><br>( ) Interdepartmental Mail<br><br>( ) Electronic Mail<br><br>( ) Facsimile |

TRENT TRIPPLE
Clerk of the District Court

By: _____
Deputy Clerk

NO._____
A.M._____ FILED _____ P.M.

JUL 28 2023

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF TRENT TRIPPLE, Clerk
STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA          By ANNA MEYER
                                                         DEPUTY

| | |
|---|---|
| MICHAEL N. DEMOURA,<br><br>        Petitioner,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>        Respondent. | Case No. CV01-23-09325<br><br>JUDGMENT |

JUDGMENT IS ENTERED AS FOLLOWS:


Petitioner's petition for post-conviction relief is dismissed with prejudice.


IT SO ORDERED and dated this 28th day of August, 2023.



Steven Hippler
District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on *July 28. 2023*, I mailed (served) a true and correct copy
of the JUDGMENT to:

| | |
|---|---|
| **ADA COUNTY PROSECUTOR'S OFFICE**<br><br>VIA EMAIL:  acpocourtdocs@adacounty.id.gov | ( ) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>(X) Electronic Mail<br>( ) Facsimile |
| Michael Demoura<br><br>IDOC No. 65065<br><br>Idaho State Correctional Institute<br><br>P.O. Box 14<br><br>Boise, ID 83707 | (X) U.S. Mail, Postage Prepaid<br>( ) Interdepartmental Mail<br>( ) Electronic Mail<br>( ) Facsimile |

TRENT TRIPPLE

Clerk of the District Court

By: _____

Deputy Clerk

RECEIVED
AUG 0 2 2023
Ada County Clerk

Michael N. DeMoura #65065
Full Name/Prisoner Name

ISCI 16B-19A
PO Box 14
Boise Id 83707
Complete Mailing Address

(Plaintiff)/Defendant
(circle one)

NO. _____
A.M. 10:31  FILED
P.M. _____

AUG 0 2 2023

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

In The District Court Of The Fourth Judicial District of The

State Of Idaho is And For The County of Ada

Michael N. DeMoura
Plaintiff/Petitioner,
Full name(s)

vs.

STATE OF IDAHO

Defendant/Respondent(s),
Full name(s)

)
)   CASE NO. CV01-23-09325
)
)
)   Notice Of Appeal Of Order
)   Denying Motion For Disqualification
)   Requesting Oral Argument Under
)   IRCP 7(B)(3)(O)
)
)   Breif Or Memorandum Will Follow
)   With Appointment Of Counsel
)

COMES NOW, Michael DeMoura, Plaintiff/Defendant (circle one) in the above
entitled

And Moves This Honorable Court To Appeal in The Above Post-Conviction
Case The Aforementioned Motion Of Disqualification (For Cause)
The Petitioner Says That The Judge Steven Hippler
Administrative District Judge has Been and is Biased Or
Prejudiced Against The Petitioner And on The Subject Matter Of
The Action.

_____ - 1

_____ -pg. 1

Revised 3/24/16

The Petitioner SAYS his Ruleing on The matter
without Rendor it Improbable that the Party Will Receive A
Fair And Impartial Hearing on his matter. The Petitioner
Now SAYS That the Judge did NOT Comprehend or Understand
The Form And matter Put Fourth to him in the Petitioners
Affidavit of this motion. The Petitioner Claimed That #1 A Prior
Felony — See Exhibit (B) had Been Considered AT his Sentencing
See Exhibit (A) Page # 48 Line # 11 & 12 That That Charge had Been
Dismissed By the district court in massachusetts. ANd Also That
The Charge of B & E And Larceny was Also considered As A Prior Felony
Charge on Case # 3657 in massachusetts on 4-4-1980 when AT That Time
iN massachusetts B & E And Larceny were considered to be misdemeanor
Charges only Punishable By Incarceration in A county Jail AT That
Time in massachusetts Petitioner SAYS These Facts Do More than
Simpuy explain The Course of events Involved in Sentencing
AND That They Show A disregard of Fact Finding To Support
Convictions on Such And Should have Been Discarded By
The Judge When he Questioned the disposition of them See
Exhibit (A) Page # (48) (Lines 11 & 12) The Petitioner SAYS the Judge
iN Question is Partly Biased By This Because he doesn't want his
Mistakes Seen or Reversal. The Petitioner Also Claimed That
#2) The Judge Made comments to the Court About
Considering dismissed Charges As Part of the overall Picture"

-Pg. 2

Revised 3/24/16

IN HIS SENTENCING OF THE PETITIONER IN his case For eve INTIMIDATION OF A WITNESS CHARGE BUT Yet Said THAT the DISMISSED CASES CAN Be Considered For its UNDERLYING VIOLENT NATURE AS "PART OF SORT OF the OVERALL PICTURE" See Exhibit (A) PAGE # 47 LINES 21 + 22 STATING THAT "INCLUDING THOSE THAT ARE ALLEGED TO BE VIOLENT" See Exhibit (A) PAGE # 47 LINES 23 + 24 The Petitioner Identifys These Issues as Proof OF The Record ALONG WITH EXHIBIT (Q) Where The Judge AGAIN BRINGS up the ISSUES OF his PAST VIOLENT Behavior LONG CRIMINAL HISTORY which he Relied UPON At SENTENCING WAS in ERROR. The Petitioner Now SAYS THAT he Whould Have BROUGHT up These ISSUES ON APPEAL if HIS SENTENCE Which was Appealed BY Terri JONES his ADA County PUBLIC defender who Filed the NOTICE OF his APPELLATE APPEAL however THAT due to A Address MISTAKE MADE BY The PUBLIC Defenders OFFICE HIS APPELLATE ATTORNEY JENNY C. SWINFORD NEVER CONTACTED HIM, NEVER Spoke To Him AT ALL ABOUT HIS APPEAL OR THE ISSUES He wanted CONTESTED The Petitioner SAYS THAT She Filed HIS APPEAL ON her OWN WITHOUT HIS HELP OR Decisions WITH Whatever INformATION She had on HAND FROM the PUBLIC defenders OFFICE AND HIS FILE The Petitioner SAYS THAT She WAS

P.3

Inaffective in Her Dutys as a Attorney for doing so. And that is was with Grave damages to the Petitioner not to Beable to contest any of his issues on appeal Because of this He does not Reconize That He Had a appeal in his instant case See Exhibit (E) Shawing The address of the Defendant from the Public Defendors Office The Petitionen contends that He only Spoke with his appecantte attorney Jenny C. Swinford long after his appeal was allready affirmed By the court. Because of this His Post-Conviction is a avenue for alleged Error by the court and Judge Because of the Issues of the Petitioner are so complex in nature He is also Filing A Reqwest for appointment of counsel Because its Obious He can not complete with the Judges Breifs or The Prosecutions Responses is not Trained in law and only Has a 16th Grade Education along with Being in and out of mental states of mind Due to his Schitzo Affective Disorder The Petitioner moves this court and asks that his Notice of appeal Be Heard and He Be appointed counsel to Help Him address his Pending Issues.

P.4

_____

Respectfully submitted this 24 day of July _____ 20 23.

~~Plaintiff~~/Defendant (circle one)

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 24 day of July _____ , 20 23 , I

mailed a true and correct copy of the Notice of Appeal of Order And Request For ORAL Argument _____ via

prison mail system for processing to the U.S. mail system to:

_____ Clerk of Courts
_____ Ada-County CourtHouse
_____ 200 W. Front Street
_____ Boise Idaho 83707

~~Plaintiff~~/Defendant (circle one)

_____ -pg 5 _____

Tuesday December 15, 2015

Sentencing hearing Transcript Page + Cover Page

Exhibit (A)   2 Pages

IN THE SUPREME COURT OF THE STATE OF IDAHO

Supreme Court No. 44389

STATE OF IDAHO,

    Plaintiff-Respondent,

    v.

MICHAEL NORMAN DEMOURA,

    Defendant-Appellant.

*** C O R R E C T E D ***

HONORABLE STEVEN HIPPLER, JUDGE PRESIDING

T R A N S C R I P T   O N   A P P E A L

Fourth Judicial District
Ada County

APPEARANCES:

    LAWRENCE G. WASDEN
    Attorney General, Boise, Idaho
    for and on behalf of the
    Plaintiff-Respondent.

    SARA B. THOMAS
    STATE APPELLATE PUBLIC DEFENDER
    Boise, Idaho, for and on behalf of the
    Defendant-Appellant

Pages 1 - 67

Christie Valcich, CSR-RPR

---

IN THE SUPREME COURT OF THE STATE OF IDAHO

Supreme Court No. 44389

STATE OF IDAHO,

    Plaintiff-Respondent,

    v.

MICHAEL NORMAN DEMOURA,

    Defendant-Appellant.

*** C O R R E C T E D ***

LODGEMENT OF REPORTER'S TRANSCRIPT ON APPEAL

RECEIVED from Christie Valcich, Certified Court
Reporter, of the above-entitled action, and lodged with
me this 12th day of September, 2016.

CHRISTOPHER D. RICH

CLERK OF THE DISTRICT COURT

_____

DEPUTY CLERK

---

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO IN AND FOR THE COUNTY OF ADA

Case No. CR-FE-2015-0006232

STATE OF IDAHO,

    Plaintiff-Respondent,

    v.

MICHAEL NORMAN DEMOURA,

    Defendant-Appellant.

REPORTER'S TRANSCRIPT OF PROCEEDINGS

October 28, 2015
December 15, 2015
June 29, 2016
July 1, 2016

A P P E A R A N C E S

For the Plaintiff-Respondent:

DANIEL DINGER
TESSIE BUTTRAM
Ada County Prosecuting Attorney
200 W. Front Street, 3rd Floor
Boise Idaho 83702

For the Defendant-Appellant:

TERI JONES
Ada County Public Defender's Office
200 W. Front Street, Suite 1107
Boise, Idaho 83702

---

I N D E X

| | PAGE |
|---|---|
| Wednesday, October 28, 2015 . . . . . . . . (guilty plea hearing) | 5 |
| Tuesday, December 15, 2015 . . . . . . , . . (sentencing hearing) | 29 |
| Wednesday, June 29, 2016 . . . . . . . . . (rider review hearing) | 53 |
| Friday, July 1, 2016 . . . . . . . . . . (rider review hearing cont.) | 59 |

* * *

**45**

1  friend, ultimately having him call the victim and ask her
2  to change her testimony. I believe at the time I was
3  pretty sick, I was in a medical unit in Ada County under
4  suicide watch at the time that I made those calls. I
5  know it was wrong now, and I know I went about things the
6  wrong way.
7          And I also know that I have written a few
8  letters to my friends. Sometimes I have been kind of
9  offkey in saying things that I shouldn't be saying.
10  Mainly they were written out of anger and anguish, and
11  in no way have I ever threatened the two witnesses with
12  any type of physical harm and I would not do that.
13          I'm done with this relationship, I just
14  want to move on with my life and get things over with
15  and hopefully there can be a good outcome from this.
16          THE COURT:  Okay. Thank you.
17          Mr. Dinger I wanted to clarify, you had
18  said two prior felony convictions. I see two felony
19  convictions in Idaho, the 2000 and 2010 case. But it
20  seems to me there were a number of felonies in the 2000
21  PSI.
22          MR. DINGER:  Judge, that is actually -- I think
23  the PSI is correct:
24          THE COURT:  Dating back to Massachusetts and
25  some other places.

**46**

1          MR. D...ER:  Right. And I apologize.
2          THE COURT:  And I counted as many as six or
3  seven felonies.
4          MR. DINGER:  I think that's accurate. I guess I
5  just note two in Idaho, but yes, I think that's right.
6          THE COURT:  Okay. Mr. Demoura, on your plea of
7  guilty, I find you guilty. In an exercise of my
8  discretion in sentencing, I've considered the Toohill
9  factors, including the nature of the offense and the
10  character of the offender, the information in mitigation
11  and in aggravation.
12          In fashioning a sentence, I do so mindful
13  of the objectives of, first and foremost, protecting
14  society, but also achieving deterrence, the potential
15  for rehabilitation and the need for retribution or
16  punishment.
17          I have reviewed all the PSI materials
18  dating back some time and new PSI materials as well.
19  That is including the evaluation done by Dr. Arnold,
20  the GAIN evaluation, I've considered those. I've
21  considered the arguments of counsel today and their
22  recommendations and the statement of the defendant
23  today.
24          I've considered the defendant's mental
25  health issues that are apparent in this case, including

**47**

1  those that I'm required to include, the extent to which
2  the defendant is mentally ill, the degree of the illness
3  or defect and level of functional impairment, the
4  prognosis for improvement or rehabilitation, the
5  availability of treatment and the level of care
6  required, the risk of danger that the defendant may pose
7  to the public at large or the absence of such risk,
8  which again, risk to the community is the court's
9  paramount objective and concern.
10          I've also considered the capacity of the
11  defendant to appreciate the wrongfulness of his conduct
12  at the time the conduct occurred and his ability to
13  conform himself to the requirements of law. I've
14  considered what treatment may be available for the
15  defendant and in what setting said treatment can be best
16  provided.
17          I do recognize, as counsel for Mr. Demoura
18  has asked me to, that he is not being sentenced for the
19  underlying alleged violence, rather for the intimidation
20  and no contact and of course the misdemeanor possession
21  charge. However, certainly that information can be
22  considered as part of sort of the overall picture. And
23  I recognize, as with most domestic disputes, including
24  those that are alleged to be violent, there are often
25  two sides to the story, and I recognize that.

**48**

1          What concerns me in this case, frankly, is
2  the history that the defendant has of violence
3  through -- as evident through his own criminal record.
4  The history goes back into the '80s I believe, in the
5  northeast states, including Massachusetts. The
6  defendant has an extensive felony history, as I pointed
7  out, because it confused me when Mr. Dinger said two
8  prior felonies, because I had counted -- some of them
9  it's hard to tell what the disposition was, but I
10  counted a 2000 burglary, 2010 burglary, '87 assault and
11  battery by means of dangerous weapons, '82 possession of
12  cocaine, '81 armed robbery, a PV on that, and then 1980
13  breaking and entering, and a larceny.
14          There are innumerable misdemeanor
15  convictions as well, many of those involving no-contact
16  orders, involving domestic disturbances, domestic
17  battery. I am concerned when I see the evaluation by
18  Dr. Arnold that indicates the defendant is a high risk
19  to reoffend violently and that he requires intense
20  supervision of a kind that can be provided in a
21  structured environment.
22          I'm concerned when I see a GAIN that
23  recommends about as high of a level of treatment as I
24  have ever seen, which is a 3.5 intensive inpatient
25  program. I'm concerned when I learn of letters written

Criminal Record Discovery

Arrest Case # 666563

Arresting Agency: Massachusetts State Police

Date: 10-13-1982

### Exhibit B  1 Page

Arrest Case # 3657

Arresting Agency: MA014000 Sheriffs Office

Date: 4-4-1980

May 1, 2015 4:31:26 AM

```
Place of Birth              Citizenship
Massachusetts               United States

Fingerprint Images

Photo Images
(No Photo Image Transmitted  )
(No Photo Image Transmitted  )


*************************  CRIMINAL HISTORY /*************************
===================== Cycle 001 =====================
Earliest Event Date     1980-04-04
-----------------------------------------------------
Arrest Date             1980-04-04
Arrest Case Number      3652
Arrest Case Number      3652
Arresting Agency        MA0140000 SHERIFF'S OFFICE
Charge                  1
        Charge Literal  B&E LARC
        Severity        Unknown
-----------------------------------------------------
Court Disposition       (Cycle 001)
Court Case Number
Court Agency
Charge                  1
        Charge Literal  B&E LARC
        Disposition     (CONVICTED 1Y CONFINEMENTSUPERIOR COURT
                        WORCESTER MA)
===================== Cycle 002 =====================
Earliest Event Date     1981-07-03
-----------------------------------------------------
Arrest Date             1981-07-03
Arrest Case Number      48216
Arrest Case Number      48216
Arresting Agency        MA009015C MA CORR INST
Charge                  1
        Charge Literal  ARMED ROBBERY
        Severity        Unknown
-----------------------------------------------------
Court Disposition       (Cycle 002)
Court Case Number
Court Agency
Charge                  1
        Charge Literal  ARMED ROBBERY
        Disposition     (CONVICTED 5Y CONFINEMENT)
===================== Cycle 003 =====================
Earliest Event Date     1982-10-13
-----------------------------------------------------
Arrest Date             1982-10-13
Arrest Case Number      666553
Arrest Case Number      666553
Arresting Agency        MA0131100 STATE POLICE
Charge                  1
        Charge Literal  POSSESSION OF COCAINE
        Severity        Unknown
Charge                  2
        Charge Literal  POSSESSION OF MARIHUANA
        Severity        Unknown
Charge                  3
        Charge Literal  POSSESSION OF HASHISH
        Severity        Unknown
Charge                  4
        Charge Literal  PAROLE VIOLATION WARRANT
        Severity        Unknown
===================== Cycle 004 =====================
Earliest Event Date     1987-02-25
```

DISCOVERY

000080

May 1, 2015 4:31:26 AM

```
CR.WVFBINF00
03:31 05/01/2015 03138
03:31 05/01/2015 01385 ID001013A
TXT
HDR/2L0103Q9,MRI7957903
ATN/DEP PROS ATTY B NAUGLE
********************* CRIMINAL HISTORY RECORD ********************
```

```
************************* Introduction *************************
```

This rap sheet was produced in response to the following request:

FBI Number          936493V4
Request Id
Purpose Code        C
Attention           DEP PROS ATTY B NAUGLE

The information in this rap sheet is subject to the following caveats:

This record is based only on the FBI number in your request-UCN:
936493V4 Because additions or deletions may be made at any time, a new
copy should be requested when needed for subsequent use.(US;
2015-05-01)

All arrest entries contained in this FBI record are based on
fingerprint comparisons and pertain to the same individual.(US;
2015-05-01)

The use of this record is regulated by law, It is provided for official
use only and may be used only for the purpose requested.(US;
2015-05-01)

```
********************* IDENTIFICATION **************************
```

Subject Name(s)

DEMOURA, MICHAEL N
DE, MICHAEL MAURA  (AKA)
DE, MICHAEL N MOURA  (AKA)
DEMAURA, MICHAEL N  (AKA)
DEMOURA, MICHAEL NORMAN  (AKA)

Subject Description

FBI Number           State Id Number
936493V4             ID00195515 (ID)

Sex                  Race
Other                White

Height               Weight              Date of Birth
5'05"                126                 1962-12-01

Hair Color           Eye Color           Fingerprint Pattern
Brown                Hazel               205608PO12155108CI08 (FPC)

Scars, Marks, and Tattoos
Code                 Description, Comments, and Images
SC FHD               , SCAR ON FOREHEAD
TAT UL ARM           , TATTOO ON UPPER LEFT ARM
TAT L ARM            , TATTOO ON LEFT ARM
TAT R ARM            , TATTOO ON RIGHT ARM
TAT UR ARM           , TATTOO ON UPPER RIGHT ARM
TAT L SHLD           , TATTOO ON LEFT SHOULDER
SC NOSE              , SCAR ON NOSE
TAT R SHLD           , TATTOO ON RIGHT SHOULDER
```

DISCOVERY

Page 1 of 3

Pettitioners Appeal Docket # 44389

Date: January 13th 2017

Exhibit (C)

ISCI Indigent Legal Paper

## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44389

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 316 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 13, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL NORMAN DEMOURA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of four years, for intimidating, impeding, influencing, or preventing the attendance of a witness, and an indeterminate five-year sentence for intimidating, impeding, influencing, or preventing the attendance of a witness, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; MELANSON, Judge;
and HUSKEY, Judge
_____

PER CURIAM

Michael Norman Demoura pleaded guilty to two counts of intimidating, impeding, influencing, or preventing the attendance of a witness, felony, Idaho Code § 18-2604(3). The district court sentenced Demoura to a unified five-year sentence, with four years determinate, and a unified five-year indeterminate sentence, with the sentences to run consecutive to each other and to another case. The district court retained jurisdiction and after a period of retained jurisdiction, suspended the sentence, and placed Demoura on probation. Demoura appeals, contending that his sentences are excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Demoura's judgment of conviction and sentences are affirmed.

2

MICHAEL NORMAN DEMOURA #65065
ISCI – UNIT 16B-19A
PO BOX 14
BOISE, ID 83707

Tuesday December 18, 2013

Sentance Hearing Transcript   Page# 48 Lines 22-25

Exhibit (D)

ISCI Indigent Legal Paper

**49**

1  subsequent to the guilty plea when the defendant has
2  been on his medication, has clearly been found to be
3  competent and is writing letters that can only be viewed
4  as of a threatening nature.
5          Frankly, considering all of this
6  information, as well as the mitigating information,
7  including the defendant's mental health issues,
8  including the fact that it had been some time since his
9  2010 conviction, he had gone without -- I think he had
10  gone without a PV for a while there, and those of course
11  are not the only mitigating factors I've considered,
12  I've consider all of them that are presented to me,
13  those are just a few.
14          It is clear to me the defendant is not an
15  appropriate risk for community supervision today. I
16  don't know if he will be an acceptable risk for
17  community supervision at some point. I suspect had the
18  state not asked for a Rider for evaluative purposes, I
19  probably would not be giving a Rider for evaluative
20  purposes, I probably would be imposing, frankly, given
21  this record.
22          I'm concerned, given the long sustained
23  history of criminal behavior, violent behavior,
24  contemptuous behavior that the defendant presents too
25  large of a risk.

**50**

1          ill allow a Rider for evaluative
2  purposes only, understanding that the defendant may
3  serve a perfect Rider, in the sense he may not have any
4  disciplinary writeups, and I still may not be convinced
5  that he's safe to return to the community. I'll have to
6  make that decision on that date at that time.
7          I'll allow the Rider. I'll respect the
8  plea agreement. I'm going to sentence the defendant to
9  the custody of the Idaho State Board of Corrections
10  under the Unified Sentencing Laws of the State of Idaho
11  for an aggregate term on Count IV of five years, with
12  four years fixed and one year indeterminate, and on
13  Count V for a indeterminate term of zero years with five
14  years -- pardon me, determinate term of zero years with
15  an indeterminate term of five years.
16          Those two sentencing will run consecutive
17  to one another for a total unified sentence of four
18  years fixed and six years indeterminate.
19          On Counts VI and on Count VII, I will
20  enter a judgment of conviction and as a sentence will
21  give the defendant credit for time served. The court
22  will retain jurisdiction over the defendant for a period
23  not to exceed 365 days for an evaluative Rider. The
24  court will order that the sentence in this case will be
25  consecutive to any sentence he has in front of

**51**

1  Judge Owen. The court will order that he pay court
2  costs, that he provide a DNA sample and right thumbprint
3  impression and comply with the DNA Database Act. I
4  won't order a fine. I will order restitution in the
5  amount of $100.
6          As for the no-contact order, I'm going to
7  sign the amended no-contact order. If something comes
8  up that he needs to respond to, he can ask through
9  counsel for a limited exception to the no-contact order,
10  but I don't have -- from what I've been given by counsel
11  is some vague notion there may be something left to do
12  in the divorce case. That's simply not sufficient
13  enough for me to grant an exception, and so I'm going to
14  sign the no-contact order with no exceptions, and that
15  will have a ten year expiration, so that will expire at
16  11:59 p.m. December 14, 2025.
17          Of course, I always remain hopeful that
18  Mr. Demoura on the Rider will, and with the appropriate
19  treatment, be given an opportunity to prove that he can
20  be safe. The record that I have before me does not
21  indicate that now. I'm concerned that that may not be
22  possible for him to demonstrate that but we will see.
23  He will be obviously under close scrutiny under that
24  time frame, so he has an opportunity. I certainly will
25  listen at that time.

**52**

1          MS. JONES:  Thank you.
2          THE COURT:  Mr. Demoura, you have the right to
3  appeal. If you cannot afford an attorney, you can
4  request to have one appointed at public expense. Any
5  appeal must be filed within 42 days the date of this
6  order or the entry of the written order of judgment of
7  conviction and sentence and order retaining jurisdiction.
8          I do hope you do well actually, and I hope
9  that you are able to demonstrate to the court that you
10  are a worthy candidate and that you can be safe to
11  reenter the community.
12          (Proceedings concluded.)

JULY 29TH 2016

Notice OF APPEAL LeTTeR

ExhiBiT (E)



**OFFICE OF THE ADA COUNTY PUBLIC DEFENDER**
CHIEF PUBLIC DEFENDER
Alan Trimming

CHIEF DEPUTY
Anthony Geddes

**FELONY DIVISION**
200 W. Front St., Suite 1107
Boise, Idaho 83702
Phone: (208) 287-7400
Fax: (208) 287-7409

**MAGISTRATE DIVISION**
200 W. Front St., Suite 1107
Boise, Idaho 83702
Phone: (208) 287-7450
Fax: (208) 287-7419

**CIVIL DIVISION**
200 W. Front St., Suite 1107
Boise, Idaho 83702
Phone: (208) 287-7450
Fax: (208) 287-7419

**JUVENILE DIVISION**
6300 W. Denton
Boise, Idaho 83704
Phone: (208) 577-4930
Fax: (208) 577-4939

**INVESTIGATORS**
200 W. Front St., Suite 1107
Boise, Idaho 83702
Phone: (208) 287-7400
Fax: (208) 287-7154

**SENIOR TRIAL ATTORNEYS**
Steven Botimer
Eric Rolfsen
Craig Steveley
Jonathan Loschi
Michael Lojek

**TRIAL ATTORNEYS**
David Simonaitis
Ann Cosho
Teri Jones
Ransom Bailey
Reed Smith
Charlene Davis
Brian Marx
Danica Comstock
Heidi Koonce
Nicole Owens
D. David Lorello, Jr.
David Stewart
Lance Fuisting
Daniel Taylor
Ian Thomson

**TRIAL ATTORNEYS**
Cassandra Gray
Kevin Rogers
Elizabeth Estess
Nicholas Wollen
Megan Herrett
Dylan Orton
Adam Kimball
Anita Moore
Simon Billinge
Heidi Johnson
Nathan Austin
John Shackelford
Abraham Wingrove
Thomas Callery
Mark Coonts
Susan Clark
Elena Salzman

**CIVIL ATTORNEYS**
Joshua Wickard
Tahja Jensen

**TRIAL ATTORNEYS**
N. Gene Alexander
Alan Malone
Robin Coley
Cameron Cook

Kirsten Solmon
John Anzuoni
Gina Mikelson
Paula McKissick
Tonya Friedman
Stefan Price
Dru Donat
Darby Lewis

July 29, 2016

CONFIDENTIAL LEGAL MAIL

Michael Demoura
41821 S. Hwy 3
St. Maries, ID 83861

Re:   Appeal of Case No. CR-FE-2015-0006232

Mr. Demoura:

Please be advised that I have filed an appeal on your behalf, a copy of which is enclosed. Your appeal will be handled by:

State Appellate Public Defender
PO Box 2816
Boise, Idaho 83701
(208) 334-2712

All correspondence regarding your appeal should be directed to that office.

Sincerely,

*Dictated and sent without signature to avoid delay.*

Teri Jones
Deputy Public Defender

TKJ:kvv

Enclosures

*Michael Demoura # 65065*
Full Name/Prisoner Name

*I Sci  16B-19A*
*Po Box 14*
*Boise  Idaho  83707*
Complete Mailing Address

Plaintiff/Defendant
(circle one)

NO. _____  FILED
A.M. 10:31  P.M. _____

AUG 02 2023

TRENT TRIPPLE, Clerk
By ERIC ROWELL
DEPUTY

*In The district Court of The Fourth Judicial district of THE*
*State of Idaho in And For The County of Ada*

| | |
|---|---|
| *Michael Demoura* | ) |
| Plaintiff/Petitioner, | ) CASE NO *CV01-23-09325* |
| Full name(s) | ) |
| | ) |
| vs. | ) *Motion For Extention of Time To Set* |
| | ) *Hearing For Oral Argument* |
| *State of Idaho* | ) *IRCP 7(B)(3)(H)* |
| | ) |
| | ) |
| Defendant/Respondent(s), | ) |
| Full name(s) | ) |
| | ) |

COMES NOW *Michael Demoura,* Plaintiff/Defendant (circle one) in the above entitled

*And Moves This Honorable Court To Grant A*
*Extention Of Time For Filing Of Breif Or A*
*Memorandum of Law For Good Cause:*
*The Petitioner Contends That He is Housed in the*
*B.H.U. Unit Behavioral Health Unit at Idaho State*

*Correctional Institution* - 1

-pg. *1*

Revised 3/24/16

Where he is Being Treated For Multiple mental Health Diagnosises That affect his Ability To Think Clearly And Concentrate on normal daily Issues As he Struggles with Anxiety, Depression, Adjustment disorder, Suicide Idealation For which he Takes medications daily which affect his Cognitive Abilitys of thinking And Reasoning At Times he has had help in The Forming of his Papers To the Court Attempting To Address Issures of long standing he has had Inuloued in his case, he Beliues that his hearing on this Issue should Be extended For the Filing of a Brief or memorandum of law By A Qualifyed Person who Can Protect his Rights And Address his Actions in A Competent manner with The Professionalisum That the Judge Shows in his Orders and memorandums of law in The Fairness of Justice it whould Be Binding upon The Court To order The Extention of Time until A Time when The Petitioners motion For Appointment of Counsel is Heard And Adjudged in This Course or on Appeal Wherefore The Plaintiff Prays This Court Orders A Extention of Time For Filling of Brief or memorandum To Allow the Petitioner To obtain Competent Effective Counsel To Represent him in his Actions Before the Court

---

-pg. 2

_____

_____

_____

_____

_____

_____

Respectfully submitted this 24 day of July 20 23.

_Michael Demaira_
Plaintiff/~~Defendant~~ (circle one)

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 24 day of July ,20 23 , I

mailed a true and correct copy of the Motion for extension of Time via

prison mail system for processing to the U.S. mail system to:

Clerk of Courts

Ada County Courthouse

200 W. Front Street

Boise Idaho 73702

_Michael Demaira_
Plaintiff/~~Defendant~~ (circle one)

_____ -pg. 3

Revised 3/24/16