UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL DEMOURA,<br><br>      Petitioner,<br><br>v.<br><br>IDAHO DEPARTMENT OF CORRECTION,<br><br>      Respondent. | Case No. 2:24-cv-00480-DCN<br><br>**INITIAL REVIEW ORDER** |

Petitioner Michael Demoura has filed a Petition for Writ of Habeas Corpus challenging Petitioner's unidentified state court conviction. *See* Dkt. Although Petitioner asserts his habeas claims under 28 U.S.C. § 2241, that is not the appropriate statute. Because Petitioner is on parole with respect to a judgment of a state court, his Petition must instead be considered under 28 U.S.C. § 2254.

The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

## REVIEW OF PETITION

**1.     Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] *Id.*

**2.     Discussion**

Petitioner has not identified the conviction he is challenging in his Petition, but he states he is on parole. A petitioner on parole satisfies the "in custody" requirement for purposes of federal habeas corpus.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings vague claims of "ineffective assistance of counsel, judge error, innocence of crime, false imprisonment, [and] illegal detention." Dkt. 1 at 6.

The Petition is insufficient for Petitioner to proceed at this time. Habeas Rule 2(c)

---

[1] However, a court undertaking a Rule 4 review is not *required* to comb through a Petitioner's exhibits or other documents—such as memoranda, affidavits, or the petitioner's state court briefing—to determine whether a petitioner may proceed past initial screening. Nor is a respondent required to consider or address such documents when responding to the petition. This is because, under Habeas Rule 2(c), the petition must "specify all the grounds for relief available to petitioner" and "state the facts supporting each ground." That is, a habeas petitioner must include—in the petition *itself*—"all of the information necessary to adjudicate that Petition." *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished). Therefore, the Court has considered only the Petition itself (Dkt. 1) in its Rule 4 review.

requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." The Petition includes no facts to support any of Petitioner's claims, nor does it identify specific constitutional provisions under which Petitioner asserts those claims.

Moreover, Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." This Court has adopted a local form for § 2254 petitioners. Therefore, within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Rule 2(d).

Finally, it appears that the Idaho Department of Correction might not be the appropriate respondent in this case. Under Habeas Rule 2(a), the proper respondent in a habeas corpus action is the "officer who has custody" of the petitioner. In the ordinary case, this officer is "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

However, where a petitioner "is on probation or parole due to the state judgment he is attacking," the proper respondents in a federal habeas corpus matter are "the particular probation or parole officer responsible for supervising the [petitioner], and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Adv. Cmte. Notes to Habeas Rule 2. Because the Idaho Commission of Pardons and Parole—rather than the Idaho Department of Correction—is the entity responsible for Petitioner's parole, it appears that the proper respondents in this habeas case would be Petitioner's parole officer and the executive director of the Idaho Commission of Pardons

INITIAL REVIEW ORDER - 3

and Parole. *Id.*

## MOTION FOR APPOINTMENT OF COUNSEL

Because an amended petition is required for Petitioner to proceed, the Court will deny Petitioner's Motion for Appointment of Counsel. Petitioner may renew the request for counsel in an amended petition.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 2) is DENIED without prejudice.

2. Within 28 days after entry of this Order, Petitioner must either pay the $5.00 filing fee for this action or apply for in forma pauperis status.

3. Also within 28 days after entry of this Order, Petitioner must file an amended petition as described above. The amended petition must include all of Petitioner's claims, including all supporting facts, and must not rely upon or incorporate other documents. *See* D. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended.")

4. The Clerk of Court is instructed to provide Petitioner with a form § 2254 petition. Petitioner is encouraged and expected to use that form to draft any amended petition.

5. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice.

DATED: November 13, 2024

David C. Nye
Chief U.S. District Court Judge